UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ETAN LEIBOVITZ,

                    Plaintiff,

          v.

NEW YORK ASSISTANT ATTORNEY
GENERAL NICOLE PROCIDA; NEW YORK
STATE COURT OFFICERS MICHAEL
ZEBRO and KENNETH COY; NEW YORK
SRT COURT OFFICERS JOHN DOES 1-10;
QUEENS ASSISTANT DISTRICT
ATTORNEYS PHYLLIS WEISS; NEW YORK
STATE COURT JUDGE JOHN KATSANOS,

                    Defendants

24 Civ. 4779 (AMD) (LB)


**MEMORANDUM OF LAW IN SUPPORT OF**
**STATE DEFENDANTS' MOTION TO DISMISS**


LETITIA JAMES
Attorney General
State of New York
*Attorney for State Defendants*
28 Liberty Street
New York, New York 10005
(212) 416-8651


MICHAEL A. BERG
Assistant Attorney General

**Table of Contents**

PRELIMINARY STATEMENT ................................................................. 1

FACTUAL BACKGROUND .................................................................... 2

   A.  Plaintiff Erupts at Judge Katsanos in Open Court .................................. 2

   B.  The Alleged Discrepancy Regarding The Audio Recordings ................................ 3

   C.  Plaintiff Alleges He Experienced "Severe Pain" ................................... 4

   D.  Criminal Charges Are Filed Against Plaintiff, Then Dropped ................................ 4

   E.  Plaintiff's Court of Claims Action Is Dismissed On The Merits ........................... 5

   F.  The Alleged "Block" On Plaintiff's Phone Calls ................................... 5

   G.  The Complaint Re-Alleges Several Previously Dismissed Claims ......................... 6

PLEADING STANDARDS ..................................................................... 7

ARGUMENT ................................................................................ 8

I.    THE 11TH AMENDMENT BARS PLAINTIFF'S OFFICIAL-CAPACITY CLAIMS ....... 8

II.   RES JUDICATA AND COLLATERAL ESTOPPEL BAR PLAINTIFF'S CLAIMS ....... 10

      A.  Plaintiff's Claims Are Barred By Res Judicata ............................... 10

      B.  Collateral Estoppel Bars Plaintiff From Relitigating Dispositive Issues ........ 12

III.  JUDGE KATSANOS AND COURT OFFICERS COY AND ZEBRO ARE ENTITLED TO ABSOLUTE IMMUNITY ..................................................... 15

      A.  Judge Katsanos Has Absolute Judicial Immunity .......................... 15

      B.  Officers Coy and Zebro Have Absolute Quasi-Judicial Immunity ........... 16

IV.  THE COMPLAINT FAILS TO STATE A CLAIM ................................. 17

      A.  Plaintiff Fails To Allege A Free Speech Violation Against Procida ............. 17

      B.  Plaintiff Fails To State A Claim Under N.Y. Judiciary Law § 487 ............. 18

      C.  The Existence of Probable Cause Defeats Plaintiff's False Arrest Claims .... 20

      D.  The Complaint Fails To State A Malicious Prosecution Claim ................. 22

    E.    Excessive Force and Assault and Battery ........................................................ 23

    F.    Malicious Abuse of Process........................................................................... 25

    G.   Plaintiff's Due Process Claims Are Not Viable.............................................. 27

V.   QUALIFIED IMMUNITY BARS PLAINTIFF'S CLAIMS....................................27

CONCLUSION.............................................................................................................. 29

# TABLE OF AUTHORITIES

**Page(s)**

C<small>ASES</small>

*Abernethy v. EmblemHealth, Inc.*,
   790 F. App'x 250 (2d Cir. 2019) ...................................................................... 7-8

*Alfredo's Foreign Cars, Inc. v. Stellantis US LLC*,
   No. 22 Civ. 10478 (KMK), 2024 WL 964967 (S.D.N.Y. Mar. 5, 2024) ...............11

*Allen v. Antal*,
   665 F. App'x 9 (2d Cir. 2016) ............................................................................26

*APWU v. Potter*,
   343 F.3d 619 (2d Cir. 2003)..................................................................................7

*Arce v. Scully*,
   No. 90 No. 93 Civ. 4970 (AGS), 1998 WL 103181 (S.D.N.Y. Mar. 9, 1998) ......12

*Ashcroft v. al-Kidd*,
   563 U.S. 731 (2011)...........................................................................................27

*Ashley v. City of N.Y.*,
   992 F.3d 128 (2d Cir. 2021).................................................................................20

*Barkai v. Mendez*,
   629 F. Supp. 3d 166 (S.D.N.Y. 2022)...................................................................8

*Barkai v. Nuendorf*,
   No. 21 Civ. 4060 (KMK), 2023 WL 2691712 (S.D.N.Y. Mar. 29, 2023) .............26

*Baron v. Lissade*,
   No. 19 Civ. 6256 (RPK) (SMG), 2021 WL 4407836 (E.D.N.Y. Sept. 27,
   2021) ...................................................................................................................28

*Betts v. Shearman*,
   751 F.3d 78 (2d Cir. 2014)..................................................................................28

*Bey ex rel. Palmgren v. Conte*,
   No. 18 Civ. 9594 (CM), 2019 WL 1745672 (S.D.N.Y. Apr. 18, 2019).................16

*Biswas v. City of New York*,
   973 F. Supp. 2d 504 (S.D.N.Y. 2013)...................................................................6

*Biton v. City of N.Y.*,
   No. 21-23, 2022 WL 1448207 (2d Cir. May 9, 2022) ..................................... 22-23

i

*Boyd v. City of N.Y.*,
336 F.3d 72 (2d Cir. 2003) ................................................................................22

*Brandon v. City of N.Y.*,
705 F. Supp. 2d 261 (S.D.N.Y. 2010) ..................................................................26

*Bray v. New York Life Ins.*,
851 F.2d 60 (2d Cir. 1988) ................................................................................12

*Breuninger v. Williams*,
No. 20 Civ. 7033 (JPC), 2024 WL 3088770 (S.D.N.Y. June 20, 2024) ................18

*Bryant v. Silverman*,
284 F. Supp. 3d 458 (S.D.N.Y. 2018) ..................................................................19

*Cerrone v. Brown*,
246 F.3d 194 (2d Cir. 2001) ................................................................................28

*Chamberlain v. City of White Plains*,
986 F. Supp. 2d 363 (S.D.N.Y. 2013) ....................................................................8

*Cook v. Sheldon*,
41 F.3d 73 (2d Cir. 1994) ....................................................................................26

*Crews v. Cnty. of Nassau*,
996 F. Supp. 2d 186 (E.D.N.Y. 2014) ..................................................................24

*Cross v. King*,
No. 14 Civ. 7394 (SJF) (SIL), 2015 WL 6438819 (E.D.N.Y. Oct. 22, 2015) ........10

*Cugini v. City of N.Y.*,
941 F.3d 604 (2d Cir. 2019) ................................................................................25

*Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Sciences*,
804 F.3d 178 (2d Cir. 2015) ..................................................................................8

*Dettelis v. Sharbaugh*,
919 F.3d 161 (2d Cir. 2019) ................................................................................28

*Doe v. Alsaud*,
224 F. Supp. 3d 286 (S.D.N.Y. 2016) ..................................................................24

*Dube v. State Univ. of N.Y.*,
900 F.2d 587 (2d Cir. 1990) ..................................................................................8

*Ex Parte Young*,
209 U.S. 123 (1908) ........................................................................................9-10

ii

*Facebook, Inc. v. DLA Piper LLP (US)*,
134 A.D.3d 610, 23 N.Y.S.3d 173 (1st Dep't 2015) ......................................18

*Farid v. Ellen*,
593 F.3d 233 (2d Cir. 2010) (reaffirming "personal involvement" requirement
under Section 1983) ......................................23

*Fin. Inv. Co. (Bermuda) v. Friedman, Leeds, Shorenstein & Armenakis*,
159 A.D.2d 479, 552 N.Y.S.2d 351 (2d Dep't 1990) ......................................20

*Frederique v. Cnty. of Nassau*,
168 F. Supp. 3d 455 (E.D.N.Y. 2016) ......................................23, 25

*Giffler v. Abel*,
No. 94 Civ. 5348, 1995 WL 273652 (E.D. Pa. May 5, 1995) ......................................18

*Global Network Communications, Inc. v. City of New York*,
485 F3d 150 (2d Cir. 2006) ......................................8

*Gosier v. Collins*,
No. 23 Civ. 1485 (DNH) (TWD), 2024 WL 1016392 (N.D.N.Y. Mar. 8, 2024)
*recommendation adopted*, 2024 WL 1307035 (N.D.N.Y. Mar. 27, 2024)......................................24

*Graham v. Connor*,
490 U.S. 386 (1989)......................................25

*Guan v. City of N.Y.*,
37 F.4th 797 (2d Cir. 2022) ......................................20

*Hamm v. United States*,
483 F.3d 135 (2d Cir. 2007)......................................7

*Harris v. Beth Israel Med. Ctr.*,
367 F. App'x 184 (2d Cir. 2010) ......................................11

*Harris v. Mills*,
572 F.3d 66 (2d Cir. 2009)......................................7

*Harrison v. Cnty. of Nassau*,
804 F. App'x 24 (2d Cir. 2020) ......................................23

*Huminski v. Corsones*,
396 F.3d 53 (2d Cir. 2005)......................................15

*In re Mosdos Chofetz Chaim Inc.*,
No. 22 Civ. 3371 (CS), 2023 WL 2707331 (S.D.N.Y. Mar. 30, 2023)......................................27

*In re Oliver,*
    333 U.S. 257 (1948) ................................................................................27

*Jacobs v. Ali,*
    No. 18 Civ. 2909 (RRM) (RLM), 2021 WL 12147769 (E.D.N.Y. June 22,
    2021) ................................................................................................15

*Jacobs v. State,*
    No. 18 Civ. 2909 (RRM) (RLM), 2020 WL 13904591 (E.D.N.Y. May 22,
    2020) ................................................................................................9

*Jaegly v. Couch,*
    439 F.3d 149 (2d Cir. 2006) ........................................................... 20-21

*Kilburn v. Vill. Of Saranac Lake,*
    413 F. App'x 362 (2d Cir. 2011) .........................................................14

*Kosakow v. New Rochelle Radiology Assocs., P.C.,*
    274 F.3d 706 (2d Cir. 2001) ................................................................13

*LaFleur v. Whitman,*
    300 F.3d 256 (2d Cir. 2002) ................................................................13

*Lee-Walker v. N.Y.C. Dep't of Educ.,*
    712 F. App'x 43 (2d Cir. 2017) ...........................................................28

*Leibovitz v. Barry,*
    No. 15 Civ. 1722 (KAM), 2016 WL 5107064 (E.D.N.Y. Sept. 20, 2016)..................... passim

*Leibovitz v. City of N.Y.,*
    No. 14 Civ. 3297 (RA), 2017 WL 1314122 (Apr. 6, 2017) *report and
    recommendation adopted,* 2017 WL 3433608 (S.D.N.Y. Aug. 10, 2017) .............................6

*Leibovitz v. City of N.Y.,*
    No. 15 Civ. 546 (LGS) (HBP), 2019 WL 4307305 (Aug. 27, 2019) *report and
    recommendation adopted,* 2019 WL 4303343 (S.D.N.Y. Sept. 11, 2019) .............................6

*Leibovitz v. State,*
    200 N.Y.S.3d 921, 2023 WL 8807290 (N.Y. Ct. Cl. 2023) ........................................... passim

*Leibovitz v. Zimm,*
    No. TS-300016-15-QU ....................................................................2

*Levine v. Janosek,*
    No. 03 Civ. 1694 (BMC) (ETB), 2007 WL 9723282 (E.D.N.Y. Apr. 12, 2007).............. 16-17

*Li v. Rabner*,
No. 15 Civ. 2484 (KBF), 2015 WL 1822795 (S.D.N.Y. Apr. 22, 2015), aff'd,
643 F. App'x 57 (2d Cir. 2016) .......................................................................16

*Linda R.S. v. Richard D.*,
410 U.S. 614 (1973) .......................................................................................27

*Manganiello v. City of New York*,
612 F.3d 149 (2d Cir. 2010) ..........................................................................22

*Maron v. Cnty. of Albany*,
166 F. App'x 540 (2d Cir. 2006) ....................................................................22

*McCrary v. Cnty. of Nassau*,
493 F. Supp. 2d 581 (E.D.N.Y. 2007) ...........................................................27

*McCullough v. Wyandanch Union Free Sch. Dist.*,
187 F.3d 272 (2d Cir. 1999)....................................................................... 27-28

*Miller v. Rice*,
No. 14 Civ. 2928 (JS), 2014 WL 3734544 (E.D.N.Y. July 28, 2014)......................................9

*Newton v. Handleman*,
53 F. App'x 151 (2d Cir. 2002) ......................................................................16

*Okudinani v. Rose*,
779 F. App'x 768 (2d Cir. 2019) ....................................................................26

*Paul v. Capra*,
No. 20 Civ. 5154 (NSR), 2022 WL 992845 (S.D.N.Y. Mar. 31, 2022) ................................26

*Pearson v. Gesner*,
No. 21 Civ. 5670 (PMH), 2022 WL 1523166 (S.D.N.Y. May 13, 2022) ...............................8

*People v. Knowles*,
88 N.Y.2d 763(1996) ......................................................................................15

*People v. Leibovitz*,
111 N.Y.S.3d 789, 2018 WL 6271570 (App. Term, 1st Dep't, Nov. 30, 2018) ...................18

*People v. Leibovitz*,
No. CR 028558-22QN ......................................................................................4

*Pollack v. Nash*,
58 F. Supp. 2d 294 (S.D.N.Y. 1999)...............................................................16

*Posr v. Doherty*,
944 F.2d 91 (2d Cir. 1991)..........................................................................14, 23

*Provost v. City of Newburgh*,
   262 F.3d 146 (2d Cir. 2001)..............................................................20-21

*Rattner v. Netburn,*
   940 F2d 204 (2d Cir. 1991) ....................................................................18

*Ray v. Fariello*,
   No. 23-274, 2024 WL 390293 (2d Cir. Feb. 2, 2024) ............................18

*Renner v. New York State*,
   No. 21 Civ. 5850 (LTS), 2022 WL 19770 (S.D.N.Y. Jan. 3, 2022), appeal
   dismissed (Feb. 16, 2022) ......................................................................16

*Rockland Vending Corp. v. Creen*,
   No. 07 Civ. 6268 (KMK), 2009 WL 2407658 (S.D.N.Y. Aug. 4, 2009) ...............................26

*Saferstein v. Lawyers' Fund for Client Prot.*,
   223 F. App'x 39 (2d Cir. 2007) ..............................................................12

*Santorelli v. Town of Islip*,
   No. 18 Civ. 1078 (AMD) (RLM), 2019 WL 13417403 .........................8

*Savino v. City of N.Y.*,
   331 F.3d 63 (2d Cir. 2003)......................................................................14

*Schwartz v. Hitrons Sols., Inc.*,
   397 F. Supp. 3d 357 (S.D.N.Y. 2019)......................................................7

*Scretching v. Schlosser*,
   No. 12 Civ. 8129 (PAE) (JLC), 2014 WL 1797687 (S.D.N.Y. May 6, 2014)
   *report and recommendation adopted*, 2014 WL 2624754 (S.D.N.Y. June 4,
   2014) .......................................................................................................24

*Sherman v. City of N.Y.*,
   No. 18 Civ. 5359 (ARR) (SJB), 2019 WL 2164081 (E.D.N.Y. May 16, 2019).....................8

*Shibeshi v. City Univ. of N.Y.*,
   531 F. App'x 135 (2d Cir. 2013) ..............................................................9

*Slater v. Mackey*,
   No. 12 Civ. 4325 (NGG) (RML), 2015 WL 6971793 (E.D.N.Y. Nov. 10,
   2015) .......................................................................................................26

*Soukaneh v. Andrzejewski*,
   --- F. 4th ----, No. 21-2047, 2024 WL 3747703 (2d Cir. Aug. 12, 2024)................................28

*Stanley v. Richards*,
   No. 95 Civ. 1354 (FJS) (DS), 1998 WL 166893 (N.D.N.Y. Apr. 2, 1998)............................12

*Stensrud v. Rochester Genesee Reg'l Transp. Auth.*,
    No. 23-765, 2024 WL 2104604 (2d Cir. May 10, 2024) .......................................11

*T.W. v. N.Y.S. Bd. of Law Examiners*,
    No. 22-1661, 2024 WL 3463499 (2d Cir. July 19, 2024) ..........................................9

*Talley v. LoanCare Servicing, Div. of FNF*,
    No. 15 Civ. 5017 (JMA) (AKT), 2018 WL 4185705 (E.D.N.Y. Aug. 31,
    2018) ....................................................................................................................11

*Tarter v. State*,
    68 NY.2d 511 (1986) ...........................................................................................13

*Taylor v. City of N.Y.*,
    No. 19 Civ. 6754 (KPF), 2022 WL 744037 (S.D.N.Y. Mar. 11, 2022) ..................26

*Tayor v.* Sturgell,
    *553 U.*S. 880 (2008) ............................................................................................

*Thomas v. Martin-Gibbons*,
    No. 20-3124, 2021 WL 2065892 (2d Cir. May 24, 2021) .........................................9

*Thomas v. Westchester Cnty.*,
    No. 12 Civ. 6718, 2013 WL 3357171 (S.D.N.Y. July 3, 2013) ...............................7

*Toussaint v. Cnty. of Westchester*,
    615 F. Supp. 3d 215 (S.D.N.Y. 2022)....................................................................20

*Triolo v. Nassau Cnty.*,
    24 F.4th 98 (2d Cir. 2022) ...................................................................................28

*Vaughn v. Phoenix House New York Inc.*,
    957 F.3d 141 (2d Cir. 2020)....................................................................................7

*Vega v. Semple*,
    963 F.3d 259 (2d Cir. 2020)....................................................................................9

*Walden v. Cuomo*,
    No. 19 Civ. 6779 (CM), 2019 WL 4640011 (S.D.N.Y. Sept. 24, 2019) ..................9

*Watson Labs., Inc. v. Forest Labs, Inc.*,
    101 F.4th 223 (2d Cir. 2024) .................................................................................7

*Weston v. First Union Nat. Bank*,
    No. 99–7116, 201 F.3d 434, 1999 WL 1070056 (2d Cir. 1999) ............................12

*Weyant v. Okst*,
    101 F.3d 845 (2d Cir. 1996)..................................................................................20

*Williams v. Nat'l R.R. Passenger Corp.*,
  830 F. App'x 46 (2d Cir. 2020) ...............................................24

*Word v. City of Mount Vernon*,
  65 A.D.2d 622, 409 N.Y.S.2d 532 (2d Dep't 1978) ...............................16

*Ziglar v. Abbasi*,
  582 U.S. 120 (2017) ...............................................28

**U.S. Constitution**

U.S. Const., amend I ...............................................6, 10, 17-18

U.S. Const., amend IV ...............................................2

U.S. Const., amend XI ...............................................1, 8-10

**Federal Statutes and Rules**

42 U.S.C. § 1983 ...............................................passim

Fed. R. Civ. P. 9(b) ...............................................19

Fed. R. Civ. P. 12(b)(1) ...............................................7

Fed. R. Civ. P. 12(b)(6) ...............................................7-8

**State Constitutional Provisions, Statutes, and Regulations**

N.Y. Const.
Article 1, § 12 ...............................................5

N.Y. Criminal Procedure Law § 170.40 ...............................................5

N.Y. Judiciary Law § 487 ...............................................6, 18-20

N.Y. Penal Law
  § 195.05 ...............................................4, 21-22
  § 205.30 ...............................................4, 22
  § 215.50.01 ...............................................22
  § 240.20 [1] ...............................................21
  § 240.20 [2] ...............................................21
  § 240.20 [3] ...............................................21
  § 240.26 ...............................................22
  § 240.30 ...............................................18

22 N.Y.C.R.R. § 29.1(a) ...............................................2

Judge John C.V. Katsanos, former Court Officer Michael Zebro, Court Officer Kenneth Coy, and Assistant Attorney General Nicole Procida ("State Defendants") respectfully submit this Memorandum of Law in support of their motion to dismiss the Verified Complaint, filed on July 9, 2024 (ECF No. 1) (the "Complaint"), by Plaintiff *pro se* Etan Leibovitz ("Plaintiff").

## PRELIMINARY STATEMENT

On December 13, 2023, Judge Javier E. Vargas of the New York Court of Claims dismissed on the merits a damages action filed by Plaintiff alleging false arrest, malicious prosecution, assault and battery, abuse of process, and an unconstitutional seizure, styled *Leibovitz v. State of New York*, Claim No. 139463 (the "Claims Action"). The dismissed claims arose out of Plaintiff's arrest and prosecution for, *inter alia*, threatening and cursing at Judge Katsanos during a hearing in New York City Civil Court, Queens County, and were premised on the alleged conduct of Judge Katsanos and Court Officers Coy and Zebro. The criminal charges were eventually dismissed at the prosecutor's request in the interests of justice.

In this federal action, Plaintiff impermissibly seeks to relitigate the state-law claims that Judge Vargas dismissed, and he brings parallel claims under federal law based on the same events. Not content with recycling his dismissed claims, Plaintiff also concocts new and legally baseless claims against AAG Procida, who successfully defended the State in the Claims Action.

The Complaint should be dismissed in its entirety against State Defendants. First, the Eleventh Amendment bars Plaintiff's claims against State Defendants in their official capacity. *See* Point I, *infra*. Second, *res judicata* and collateral estoppel bar Plaintiff's claims against Judge Katsanos, Coy, and Zebro. *Id.*, Point II. Third, Judge Katsanos, Coy, and Zebro are entitled to absolute judicial or quasi-judicial immunity. *Id.*, Point III. Fourth, the Complaint fails to state a claim. *Id.*, Point IV. Fifth, State Defendants are entitled to qualified immunity. *Id.*,

Point V. Consequently, the Complaint should be dismissed for lack of subject matter jurisdiction, based on well-established preclusion doctrines and immunities, and for failure to state a claim.

## FACTUAL BACKGROUND

### A.      <u>Plaintiff Erupts at Judge Katsanos in Open Court</u>

In 2012, Plaintiff sued his former business partners in Supreme Court, Queens County, alleging breaches of contract and fiduciary duty. Compl. ¶¶ 32, 39. The case was transferred to Civil Court, designated *Leibovitz v. Zimm*, No. TS-300016-15-QU (the "Contract Action"), and later assigned to Judge Katsanos. *Id.* ¶¶ 32, 57, 110. Plaintiff repeatedly questioned whether Judge Katsanos was sufficiently prepared and informed to preside over proceedings in the Contract Action. *Id.* ¶¶ 110, 113, 125, 152. On October 21, 2022, Plaintiff interrogated Judge Katsanos and exclaimed at one point, "Alright, let the record reflect that the Judge has no clue what the fuck is going on." *Id*. ¶ 125. Judge Katsanos held Plaintiff in civil contempt for refusing his orders to stop using profanity, and for his "belligerent" conduct. *Id.* ¶¶ 126-27. But Judge Katsanos withdrew the contempt citation "[a] few hours later." *Id.* ¶ 127. After Judge Katsanos left the courtroom that day, Plaintiff demanded that Coy arrest the judge, ostensibly for violating Plaintiff's Fifth Amendment rights. *Id.* ¶ 126. Judge Katsanos was not arrested. *See id.*

Another court appearance was held in the Contract Action on November 15, 2022. Compl. ¶ 136. No court reporter was available, but the courtroom's audio recording device (the "For the Record" or "FTR" system) recorded the proceedings, allegedly in their entirety. *Id*. ¶¶ 145-46, 280-81.[1] *See* Declaration of Michael A. Berg ¶ 3 & Exs. 1-2, Aug. 30, 2024 (*cited as*

---

[1]      Plaintiff regularly recorded court proceedings in the Contract Action, in apparent violation of a state regulation, 22 N.Y.C.R.R. § 29.1(a). *See* Compl. at 1 (introductory paragraph); *id.* ¶¶ 2, 32, 36-37, 122, 129, 136, 191. Plaintiff knew, or should have known, of this prohibition, having been arrested after violating it in the same courthouse in 2014. *See Leibovitz v. Barry*, No. 15 Civ. 1722 (KAM), 2016 WL 5107064, at *1 (E.D.N.Y. Sept. 20, 2016) ("*Barry*"). Further, on November 15, 2022, Plaintiff's recording device allegedly captured conversations among court officers and police officers while Plaintiff was not present. Compl. ¶¶ 191-207.

1 or 2 Audio __:__). At that hearing, Plaintiff continued challenging Judge Katsanos's preparation and competence; spoke over him; accused him of violating Plaintiff's rights; criticized a prior court ruling in Plaintiff's favor as lacking factual detail; and demanded Judge Katsanos investigate a purported "fraud." *Id.* ¶¶ 152, 155, 158. Plaintiff used abusive and obscene language in open court, much of it directed at Judge Katsanos. *See* Compl. ¶ 158 (referring to "25 fucking judges"); 2 Audio 2:32-2:33 (same). In a two-minute span, Plaintiff yelled "Fuck you" at the judge; repeatedly told him to "tread very fucking lightly"; called him an "asshole" and a "piece of shit"; yelled, "[You] haven't even fucking read the docket, asshole!" and "Don't fucking shrug your head!"; and exclaimed, "Fucking fraud! Listen to this shit!" and "Ten fucking years!" 2 Audio 3:10 -5:22.

During this hearing, Plaintiff attempted to submit a CD that he claimed contained evidence supporting his claims. Compl. ¶¶ 32, 130-34, 155-56, 162. Judge Katsanos did not accept the CD, but offered Plaintiff the opportunity present his case. *Id.* ¶ 163. Judge Katsanos then stated: "Let the record reflect that an object [the CD] was thrown at the judge," and directed court officers to "please take care of that. That is not appropriate." *Id.* ¶ 168; 2 Audio 4:58-5:06. Moments later, Plaintiff was arrested by Coy, allegedly assisted by Zebro and other court officers. *Id.* ¶ 171. Plaintiff denies throwing the CD at Judge Katsanos, alleging he merely dropped it into the well of the courtroom. *Id*. ¶¶ 167, 169.

### B.   The Alleged Discrepancy Regarding The Audio Recordings

At one point during the hearing on November 15, 2022, Judge Katsanos stopped the audio recording while Plaintiff stepped into the hallway to retrieve his cellphone. *Id*. ¶¶ 148-49. Judge Katsanos resumed recording when Plaintiff returned. *Id.* ¶ 150. As a result, there are two separate audio recordings, which the Complaint cites and relies on. *Id*. ¶¶ 280-281; Berg Decl.,

Exs. 1-2. The Complaint cites a seemingly inconsistent statement by Judge Katsanos on the date of the incident. *Id.* ¶ 304. In that statement, quoted in an email from a supervisory court officer to the Queens County District Attorney's office, Judge Katsanos stated he "did not turn the FTR back on because I got distracted by plaintiff on his return as he became belligerent, threatened myself and officers, and threw an object at me …." *Id.* Plaintiff alleges that Judge Katsanos must have turned the FTR system back on, since two audio files exist. *Id.* ¶ 278. On this motion, State Defendants assume the truth of that allegation. The Complaint cites the discrepancy in support of a conclusory allegation that nothing said by Judge Katsanos is "credible." *Id.* ¶ 282.

### C. **Plaintiff Alleges He Experienced "Severe Pain"**

Plaintiff was driven to the New York City Police Department's 102nd Precinct, accompanied by Coy and Zebro. *Id.* ¶¶ 182, 184, 186. Plaintiff alleges that during the ride, he experienced "severe pain as a result of the excessive force used by Defendants John Does #1-10 and the handcuff being placed with his hand[s] behind his back." *Id.* ¶ 185. Plaintiff does not allege he told any court officer that he was in pain. *See id.* Nor does he allege what, if any, actions by court officers allegedly constituted "excessive force." *Cf. id.* ¶¶ 180, 185, 211.

### D. **Criminal Charges Are Filed Against Plaintiff, Then Dropped**

On November 16, 2022, Plaintiff was arraigned in Queens Criminal Court on five charges: obstructing governmental administration in the second degree, N.Y. Penal Law § 195.05; resisting arrest, *id*. § 205.30; criminal contempt in the second degree, *id*. § 215.50-1; attempted assault in the third degree, *id*. §§ 110, 120.00-1; and harassment in the second degree, *id*. § 240.26-1. Compl. ¶ 7. The case was styled *People v. Leibovitz*, No. CR 028558-22QN (the "Criminal Case"). *Id.* ¶ 22. Coy allegedly signed the criminal complaint, and Judge Katsanos allegedly signed a "supporting deposition" on December 2, 2022. *Id.* ¶¶ 6, 8. The Complaint

alleges that these documents were "perjured," *id.* ¶¶ 35, 339, but does not identify any purportedly false statements therein. The criminal case file is sealed, and Plaintiff has refused to sign a release allowing State Defendants to access it for use in this action. Berg Decl. ¶¶ 7-10.

On February 15, 2023, Plaintiff emailed the prosecutor, Assistant District Attorney Phyllis Weiss, threatening to sue her if she did not "investigate" his claims of wrongdoing. Compl. ¶ 225. Two days later, Weiss moved to dismiss the case "in furtherance of justice," and the court granted the motion under N.Y. Criminal Procedure Law § 170.40. *Id.* ¶ 227 & Ex. B.

### E.    Plaintiff's Court of Claims Action Is Dismissed On The Merits

On July 11, 2023, Plaintiff filed the Claims Action against the State of New York in the New York Court of Claims, premised on the events of November 15, 2022. Compl. ¶ 19. Procida defended the Claims Action. *Id.* ¶ 20. Based on the alleged conduct of Judge Katsanos, Coy, and Zebro, Plaintiff alleged false arrest, malicious prosecution, assault and battery, abuse of process, and an unlawful seizure in violation of the New York State Constitution, Article 1, Section 12. *See* Berg Decl. ¶ 4 & Ex. 3.

The State moved to dismiss the Claims Action and Procida submitted a supporting affirmation. *Id*. ¶ 5 & Ex. 4. On December 13, 2023, Judge Vargas granted the motion to dismiss, holding that Plaintiff's claims were time-barred, and, independently, failed to state any cause of action. Compl. ¶¶ 21, 34; Berg Decl. ¶ 6 & Ex. 5, at 8, *available on* Westlaw, *Leibovitz v. State*, 200 N.Y.S.3d 921, 2023 WL 8807290 (N.Y. Ct. Cl. 2023).

### F.    The Alleged "Block" On Plaintiff's Phone Calls

Plaintiff alleges that Procida and the Office of the Attorney General ("OAG") "blocked" incoming calls from his cell phone. Compl. ¶¶ 22, 34. Plaintiff acknowledged, however, that

"Star 67 bypasses" the alleged block. *Id.* ¶¶ 250, 254 & n.2. Thus, he does not allege the purported block ever prevented him from communicating with Procida or the OAG.

### G.    **The Complaint Re-Alleges Several Previously Dismissed Claims**[2]

The Complaint alleges that by "blocking" Plaintiff's phone calls, Procida violated his free speech rights under the First Amendment (Claim I) and the New York Constitution (Claim II). It further alleges Procida committed deceit, in violation of New York Judiciary Law § 487, by ***omitting*** from her affirmation to the Court of Claims Judge Katsanos's allegedly false statement that he did not turn the FTR system back on (Claim III).

The Complaint asserts parallel claims under 42 U.S.C. § 1983 and state law alleging false arrest[3] (Claims IV, IX), malicious prosecution (Claims V, VI), and excessive force and assault and battery (Claims XIII, VII). He brings these claims against Judge Katsanos, Coy, and Zebro, except the judge is not named in the excessive force claim. Plaintiff also alleges abuse of process against the same defendants, without specifying the applicable law (Claim X).

Plaintiff also alleges due process violations based on Judge Katsanos's contempt order and Coy's refusal to arrest Judge Katsanos (Claim V). Claim V also purports to allege a "deprivation of liberty." Finally, Claim VIII asserts state constitutional claims alleging an

---

[2]     Plaintiff has a history of filing meritless civil actions against state judges, court officers, court attorneys, prosecutors, police officers, and others, including actions alleging false arrest, malicious prosecution, excessive force, and free speech violations. *See, e.g., Leibovitz v. City of N.Y.*, No. 15 Civ. 546 (LGS) (HBP), 2019 WL 4307305, at *1 (Aug. 27, 2019) (recommending dismissal as sanction for Plaintiff's "prolonged and unjustified failure to comply with [court] Orders … and his crude and inappropriate language in his communications with defense counsel, after being admonished to cease such behavior"), *report and recommendation adopted*, 2019 WL 4303343 (S.D.N.Y. Sept. 11, 2019); *Leibovitz v. City of N.Y.*, No. 14 Civ. 3297 (RA) (JCF), 2017 WL 1314122, at *1 (Apr. 6, 2017) (recommending dismissal as sanction for Plaintiff's willful violations of discovery orders), *report and recommendation adopted*, 2017 WL 3433608 (S.D.N.Y. Aug. 10, 2017); *Barry*, 2016 WL 5107064, at *1 (dismissing, for lack of subject matter jurisdiction and failure to state a claim, civil action arising out of Plaintiff's arrest in Civil Court, Queens County).

[3]     Plaintiff styles this claim as "false arrest/imprisonment," but "false arrest and false imprisonment are two names for the same tort." *Biswas v. City of New York*, 973 F. Supp. 2d 504, 515 (S.D.N.Y. 2013).

unreasonable seizure and due process violation against Judge Katsanos, Coy, and Zebro. Claims XI and XII are not asserted against State Defendants.

## PLEADING STANDARDS

"Federal courts are courts of limited jurisdiction, and Rule 12(b)(1) requires dismissal of an action when the district court lacks the statutory or constitutional power to adjudicate it." *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019).[4] "The plaintiff has the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists." *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007). "[J]urisdiction must be shown affirmatively," and is not demonstrated "by drawing … inferences favorable to the party asserting it." *APWU v. Potter,* 343 F.3d 619, 623 (2d Cir. 2003).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Vaughn v. Phoenix House New York Inc.*, 957 F.3d 141, 146 (2d Cir. 2020). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Watson Labs., Inc. v. Forest Labs, Inc.*, 101 F.4th 223, 249 (2d Cir. 2024). While a court must "accept[ ] the complaint's factual allegations as true and draw[ ] all reasonable inferences in the plaintiff's favor," *Abernethy v. EmblemHealth, Inc.*, 790 F. App'x 250, 252 (2d Cir. 2019), the "presumption of truth … is inapplicable to legal conclusions." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Dismissal of a *pro se* complaint is proper if it "has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12 Civ. 6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013).

---

[4]       Unless otherwise indicated, all internal quotation marks, alterations, emphases, footnotes, ellipses, and internal citations are omitted from case citations.

On a Rule 12(b)(6) motion, the Court may "consider facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, facts that can be judicially noticed, and documents 'integral' to the complaint." *Abernethy*, 790 F. App'x 250, 252-53 (2d Cir. 2019). Courts consider documents "integral to the complaint" when "the plaintiff 'relies heavily' on them when drafting the complaint." *Santorelli v. Town of Islip*, No. 18 Civ. 1078 (AMD) (RLM), 2019 WL 13417403, at *1, at n.* (E.D.N.Y. June 21, 2019) (quoting *Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 156 (2d Cir. 2006)). "[W]hen specific interactions give rise to claims, recordings thereof are often deemed integral to the complaint." *Barkai v. Mendez*, 629 F. Supp. 3d 166, 176-77 (S.D.N.Y. 2022) (citing cases). *See also Pearson v. Gesner*, No. 21 Civ. 5670 (PMH), 2022 WL 1523166, at *1, n.4 (S.D.N.Y. May 13, 2022); *Sherman v. City of N.Y.*, No. 18 Civ. 5359 (ARR) (SJB), 2019 WL 2164081, at *3 (E.D.N.Y. May 16, 2019); *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 379 (S.D.N.Y. 2013).

## ARGUMENT

## I.  THE 11th AMENDMENT BARS PLAINTIFF'S OFFICIAL-CAPACITY CLAIMS

The doctrine of sovereign immunity, secured by the Eleventh Amendment, precludes Plaintiff's official-capacity claims against State Defendants. U.S. Const., Amend. XI.

The Eleventh Amendment bars federal court actions against state officials, sued for damages in their official capacities, absent an unequivocal waiver of sovereign immunity by the state or its abrogation by Congress. *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Sciences*, 804 F.3d 178, 193 (2d Cir. 2015). New York State has not waived, and Congress has not abrogated, sovereign immunity to allow Section 1983 claims against state officials. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). The Eleventh Amendment also bars

federal courts from hearing official-capacity claims against state actors that arise under state law. *See Vega v. Semple*, 963 F.3d 259, 284 (2d Cir. 2020).

Courts routinely apply the Eleventh Amendment to dismiss official-capacity claims against New York judges, court officers, and assistant attorneys general. *See Thomas v. Martin-Gibbons*, No. 20-3124, 2021 WL 2065892 (2d Cir. May 24, 2021) (affirming dismissal of claims against state judge); *Jacobs v. State*, No. 18 Civ. 2909 (RRM) (RLM), 2020 WL 13904591, at *6 (E.D.N.Y. May 22, 2020) (dismissing claims against judge and court officer); *Walden v. Cuomo*, No. 19 Civ. 6779 (CM), 2019 WL 4640011, at *2 (S.D.N.Y. Sept. 24, 2019) (dismissing claims against assistant attorney general). In a prior action brought by Plaintiff, the court dismissed his official-capacity claims against court officers on Eleventh Amendment grounds. *Leibovitz v. Barry*, No. 15 Civ. 1722 (KAM), 2016 WL 5107064, at *5 (E.D.N.Y. Sept. 20, 2016) ["*Barry*"].

Plaintiff expressly sues Procida and Judge Katsanos in their official and individual capacities, and also appears to name Coy and Zebro in both capacities. *See* Compl. ¶¶ 33-34, 36. To the extent that he seeks damages from State Defendants in their official capacity, *see id.* ¶ 26, *id.* at 95-96, his "claims are clearly barred by the Eleventh Amendment." *Miller v. Rice*, No. 14 Civ. 2928 (JS) (WDW), 2014 WL 3734544, at *4 (E.D.N.Y. July 28, 2014).

Plaintiff cannot avoid dismissal of his official-capacity claims based on the exception rooted in *Ex Parte Young*, 209 U.S. 123 (1908). *Young* permits federal courts to hear claims for prospective equitable relief against state officials in their official capacity to remedy continuing violations of federal law. *T.W. v. N.Y.S. Bd. of Law Examiners*, No. 22-1661, 2024 WL 3463499, at *12 (2d Cir. July 19, 2024). The exception does not apply here. As a matter of law, *Ex Parte Young* does not permit federal courts to hear claims alleging violations of state law. *See Shibeshi v. City Univ. of N.Y.*, 531 F. App'x 135 (2d Cir. 2013), *as corrected* (Sept. 3, 2013). Further,

Plaintiff sues Judge Katsanos, Coy, and Zebro exclusively for money damages, which the *Young* doctrine does not allow. Compl. at 95. Moreover, his attempt to sue Procida for declaratory and injunctive relief cannot overcome sovereign immunity. *Id.*

Plaintiff seeks a declaratory and equitable relief to stop Procida from "blocking" his phone calls, *id.*, which he alleges violates his First Amendment right to free speech (Claim I). But as discussed below, Plaintiff has failed to allege how blocking his cellphone implicates the First Amendment. *See* Point IV.A, *infra*. Even if he could do so, Plaintiff concedes he can call Procida by dialing *67 to conceal the call's origin. Compl. ¶¶ 250, 254 & n.2. Thus, his calls were never "blocked." Finally, Plaintiff cannot allege a continuing violation, as the Claims Action was dismissed, and the Complaint alleges no ongoing basis for Plaintiff to contact Procida.[5] In sum, Plaintiff does not allege a continuing violation of his rights, as he must to seek prospective relief against Procida on his First Amendment claim. *See Cross v. King*, No. 14 Civ. 7394 (SJF) (SIL), 2015 WL 6438819, at *4 (E.D.N.Y. Oct. 22, 2015) (granting motion to dismiss official-capacity claims because "[a]ny claim for injunctive relief in the absence of a continuing violation of federal law is barred by the Eleventh Amendment").

Accordingly, the Eleventh Amendment bars Plaintiff's official-capacity claims.

## II. *RES JUDICATA* AND COLLATERAL ESTOPPEL BAR PLAINTIFF'S CLAIMS

### A. Plaintiff's Claims Are Barred By *Res Judicata*

The doctrine of *res judicata* (claim preclusion) bars Plaintiff from relitigating claims that the Court of Claims dismissed, and any other claims arising out of the same events.

*Res judicata* and the related doctrine of collateral estoppel (issue preclusion) "protect

---

[5]     To the extent that Plaintiff seeks relief against the OAG, it is not a party to this action. Moreover, no such claim is justiciable, as Plaintiff has advised the Court that the OAG has "removed their blockage of my cell phone number." Letter from Plaintiff to Chief Magistrate Judge Lois Bloom, Aug. 22, 2024, at 2, Item No. 3 (ECF No. 21).

against 'the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Alfredo's Foreign Cars, Inc. v. Stellantis US LLC*, No. 22 Civ. 10478 (KMK), 2024 WL 964967, at *4 (S.D.N.Y. Mar. 5, 2024) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). In deciding the effect of a state court judgment, federal courts "apply the preclusion law of the rendering state." *Harris v. Beth Israel Med. Ctr.*, 367 F. App'x 184, 185 (2d Cir. 2010).

In New York, *res judicata* prohibits successive suits "based upon the same transaction or series of connected transactions if (1) there is a judgment on the merits rendered by a court of competent jurisdiction, and (2) the party against whom the doctrine is invoked was a party to the previous action." *Stensrud v. Rochester Genesee Reg'l Transp. Auth.*, No. 23-765, 2024 WL 2104604, at *2 (2d Cir. May 10, 2024). "New York employs a transactional approach to claim preclusion, … which … extends beyond attempts to relitigate identical claims to *all other claims arising out of the same transaction or series of transactions.*" *Id*. Thus, a later claim arising out of the same events is barred even if it asserts a different legal theory or seeks a different remedy. *Id. Res judicata* can be invoked by a defendant who was not a party to the first action, provided he or she is in privity with a defendant in the first action. *Talley v. LoanCare Servicing, Div. of FNF*, No. 15 Civ. 5017 (JMA) (AKT), 2018 WL 4185705, at *7 (E.D.N.Y. Aug. 31, 2018).

*Res judicata* bars Plaintiff's claims against Judge Katsanos, Coy, and Zebro in their entirety. Plaintiff asserts five state-law claims against these defendants: malicious prosecution (Claim VI), assault and battery (Claim VII), an unconstitutional seizure (Claim VIII), false arrest (Claim IX), and, construing the Complaint liberally, abuse of process (Claim X). Plaintiff asserted identical claims, based on the same alleged events, in the Claims Action. *See* Berg Decl., Ex. 3 (Claims I, II, III, VII, VIII). *See also* Appendix, *infra*. Judge Vargas dismissed those

claims as time-barred, and, independently, for failure to state a cause of action. Berg Decl., Ex. 5, at 8. Both grounds qualify as dismissals on the merits for purposes of claim preclusion. *See Bray v. New York Life Ins.*, 851 F.2d 60, 64 (2d Cir. 1988) (holding that "New York treats a dismissal on statute of limitations grounds as a final judgment on the merits for *res judicata* purposes"); *Saferstein v. Lawyers' Fund for Client Prot.*, 223 F. App'x 39, 40 (2d Cir. 2007) (same). As such, *res judicata* plainly bars Plaintiff from relitigating his dismissed state-law claims.

Plaintiff's federal claims against Judge Katsanos, Coy, and Zebro also are barred. It is well established that *res judicata* bars federal courts from adjudicating Section 1983 claims arising out of the same events as state-law claims previously heard in the New York Court of Claims. *See, e.g., Stanley v. Richards*, No. 95 Civ. 1354 (FJS) (DS), 1998 WL 166893, at *2 (N.D.N.Y. Apr. 2, 1998) (citing *Arce v. Scully,* No. 93 Civ. 4970 (AGS), 1998 WL 103181 (S.D.N.Y. Mar. 9, 1998)). Here, Plaintiff's Section 1983 against Katsanos, Coy, and Zebro alleging false arrest (Claim IV), malicious prosecution (Claim V), and excessive force (Claim XIII) are based on the same events as the state-law claims dismissed in the Claims Action. And to the extent that the Complaints alleges violations of due process, the underlying events or "transactions" are the same. (Claims V, VIII.) Thus, *res judicata* bars all of Plaintiff's claims against Judge Katsanos, Coy, and Zebro, i.e., Claims IV, V, VI, VII, VIII, IX, X, XIII.

### B. Collateral Estoppel Bars Plaintiff From Relitigating Dispositive Issues

Collateral estoppel requires federal courts to "give a state court judgment the same preclusive effect as would be given it under the law of the state in which the judgment was rendered." *Weston v. First Union Nat. Bank*, No. 99–7116, 201 F.3d 434 (Table), 1999 WL 1070056, at *1 (2d Cir. 1999). In New York, collateral estoppel applies "if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the

first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action." *LaFleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2002). The burden is on the party urging preclusion to show that the issues are identical, and on the opponent to prove that "he or she did not have a full and fair opportunity to litigate the issue." *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 730 (2d Cir. 2001).

The Court of Claims decided three key issues that are dispositive here.

***First***, the Court of Claims held that Judge Katsanos, Coy, and Zebro are entitled to absolute immunity. Berg Decl., Ex. 5, at 5-10. Under this doctrine, "it is well-settled that judges and quasi-judicial court personnel 'have long been immune even from tort liability suits alleging that their decisions were tainted by improper motives,' excess of authority, maliciousness or corruption." *Id.* at 8-9 (quoting *Tarter v. State*, 68 N.Y.2d 511, 518 (1986)). The Court of Claims described the factual context, which is the same in the instant case:

> [T]he Claim itself describes in detail – with his own transcriptions – how [Plaintiff] had exhibited a pattern of disrespect and belligerent conduct during several court proceedings before Judge Katsanos, and was previously held in civil contempt of court in October 2022. On November 15, 2022, [Plaintiff] was again disrespectfully overtaking the proceeding and repeatedly questioning the competency of Judge Katsanos, who was in his judge's robes in the courtroom presiding over [Plaintiff's] lawsuit . . . . Despite being on notice to behave appropriately given the Judge's warnings and prior contempt citation against him, [Plaintiff] nevertheless decided to behave in an obstreperous and defiant way creating the altercation underlying his Claim.

*Id.*

Judge Vargas held that "[f]aced with such behavior and defiance, Judge Katsanos was clearly acting within his judicial capacity and exercising his discretion when the confrontation arose … , and the Court Officers acted directly and immediately in controlling [Plaintiff] well within the scope of their authority to safeguard the dignity of the proceedings and the Judge." *Id.*

Accordingly, the Court of Claims held that Plaintiff's claims were "absolutely barred" and "must be dismissed." *Id.* That holding is binding, and mandates the dismissal of all claims against Judge Katsanos, Coy, and Zebro in this action.

**Second**, the Court of Claims held there was probable cause for Plaintiff's arrest. *Id.* at *5. That determination is controlling, and mandates dismissal of several of Plaintiff's claims here.

"The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under [New York] law or under [Section] 1983." *Barry*, 2016 WL 5107064, at *8 (citing *Kilburn v. Vill. of Saranac Lake*, 413 Fed. App'x 362, 363 (2d Cir. 2011)). Probable cause also provides a complete defense to a malicious prosecution claim. *Savino v. City of N.Y.*, 331 F.3d 63, 72 (2d Cir. 2003).

The Court of Claims held that probable cause existed to arrest and prosecute Plaintiff "due to his courtroom antics in front of the Judge and Court Officers as described in the Claim itself." Berg Decl., Ex. 5, at 11. Thus, the Court of Claims dismissed Plaintiff's malicious prosecution and false arrest claims. *Id.* Collateral estoppel bars relitigation of the probable cause issue, and thus mandates dismissal of Plaintiff's malicious prosecution and false arrest claims here. Claims IV, V, VI, IX. For the same reasons, collateral estoppel bars Plaintiff's constitutional claims alleging a deprivation of liberty and unreasonable seizure of his person. (Claims V, VIII.)

**Third**, the Court of Claims dismissed Plaintiff's assault and battery claim on the grounds that he did not allege any physical force other than "bodily contact," and that any force used to handcuff Plaintiff "was clearly privileged under State law." *Id.* at *6. That holding compels dismissal of the assault and battery and excessive force claims here (Claims VII, XIII). *See Posr v. Doherty*, 944 F.2d 91, 94-95 (2d Cir. 1991) (holding the claims are "substantially identical").

**III.    JUDGE KATSANOS AND COURT OFFICERS COY
          AND ZEBRO ARE ENTITLED TO ABSOLUTE IMMUNITY**

This Court is bound by the Court of Claims' holding that Judge Katsanos, Coy, and Zebro are entitled to absolute judicial immunity. *See* Point II.B, *supra*. Even if that holding were not dispositive, a straightforward application of the immunity doctrine would compel dismissal.

**A.    <u>Judge Katsanos Has Absolute Judicial Immunity</u>**

On November 15, 2022, Judge Katsanos presided over a "bench trial" in the Contract Action. Compl. ¶ 32. As alleged, Plaintiff attempted to interrogate Judge Katsanos; demanded an investigation; challenged the judge's preparation and decision-making; warned him "to tread very lightly, I am not dealing with corruption"; accused him of "complicit[y]"; ignored an order to stop speaking; used profanity in open court, and complained when he was directed him to stop cursing. *Id.* ¶¶ 152, 158-160, 166. Plaintiff's claims against Judge Katsanos arise out of that hearing and his arrest on charges stemming from his conduct in open court. *Id*., Claims IV-X.

Based on these facts and the applicable law, Judge Katsanos is absolutely immune. "[I]t is essential to the proper administration of ... justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated." *Huminski v. Corsones*, 396 F.3d 53, 77 (2d Cir. 2005). Thus, "a judge is entitled to judicial immunity for acts that exercise control over his or her courtroom." *Id.* Cases have recognized that removing an unruly person from a courtroom is a judicial act, entitled to absolute immunity. *Jacobs v. Ali*, No. 18 Civ. 2909 (RRM) (RLM), 2021 WL 12147769, at *5 (E.D.N.Y. June 22, 2021) (citing *Huminski*, 396 F.3d at 76-79). That is especially true in New York, where state judges "'possess inherent authority to impose reasonable rules to control the conduct of the trial.'" *Id*. (quoting *People v. Knowles*, 88 N.Y.2d 763, 766 (1996); also citing 22 N.Y.C.R.R. § 100.3(B)(2)).

This immunity extends, moreover, to judges' issuance of arrest warrants, even when allegedly based on erroneous information. In one such case, a state judge directed the arrest of the defendant in a criminal case, not realizing (or disregarding) that the underlying charge had been dismissed. *See Word v. City of Mount Vernon*, 65 A.D.2d 622, 622–23, 409 N.Y.S.2d 532, 533 (2d Dep't 1978). The defendant's subsequent civil action against the judge, alleging false arrest and malicious prosecution, was dismissed on grounds of judicial immunity. *Id. See also Newton v. Handleman*, 53 F. App'x 151, 152 (2d Cir. 2002); *Renner v. New York State*, No. 21 Civ. 5850 (LTS), 2022 WL 19770, at *3 (S.D.N.Y. Jan. 3, 2022), *appeal dismissed* (Feb. 16, 2022); *Pollack v. Nash*, 58 F. Supp. 2d 294, 298-99 (S.D.N.Y. 1999). The same immunity mandates dismissal of Plaintiff's claims against Judge Katsanos.

Plaintiff conceded this point at the November 15, 2022 hearing. Referring to Judge Katsanos, he stated: "This piece of shit has absolute immunity." 2 Audio 3:33-35. He then told the judge: "Listen, you have absolute immunity. That's incontrovertible on a civil action." *Id.* 3:46-3:50. Those statements were legally correct, and bar this action against Judge Katsanos.

### B.    Officers Coy and Zebro Have Absolute Quasi-Judicial Immunity

"The doctrine of quasi-judicial immunity extends absolute immunity to 'certain others who perform functions closely associated with the judicial process.'" *Li v. Rabner*, No. 15 Civ. 2484 (KBF), 2015 WL 1822795, at *4 (S.D.N.Y. Apr. 22, 2015), *aff'd*, 643 F. App'x 57 (2d Cir. 2016). Courts have applied this immunity to protect New York court officers who maintained order in the courtroom or carried out a judge's order to arrest a disruptive person. *See, e.g., Bey ex rel. Palmgren v. Conte*, No. 18 Civ. 9594 (CM), 2019 WL 1745672, at *4 (S.D.N.Y. Apr. 18, 2019); *Levine v. Janosek*, No. 03 Civ. 1694 (BMC) (ETB), 2007 WL 9723282, at *3-4 (E.D.N.Y. Apr. 12, 2007). As the latter decision explained: "Judges must be able to act through

other court personnel. … Hesitation on the part of court security personnel when directed to act by a presiding judge because of possible resulting civil liability would diminish the power of the Judge over his or her own courtroom." *Levine*, 2007 WL 9723282, at *3.

The Complaint alleges that Plaintiff was arrested "just outside" Judge Katsanos's courtroom, moments after he left the hearing on November 15, 2022. Compl. ¶¶ 36, 170-71. The arrest came in response to Judge Katsanos's order to "take care of that." 2 Audio 4:58-5:06; *see also* Ex. 5, at 8 (noting that court officers arrested Plaintiff "apparently at [Judge Katsanos's] direction"). Plaintiff was charged with offenses including disorderly conduct and harassment committed in open court. Compl. ¶ 7 & Ex. B. In response, court officers acted to maintain and restore order. As such, the claims against them should be dismissed on grounds of absolute quasi-judicial immunity. *See* Compl., Claims IV-X, XIII.

## IV.    THE COMPLAINT FAILS TO STATE A CLAIM

### A.    <u>Plaintiff Fails To Allege A Free Speech Violation Against Procida</u>

Plaintiff's purported free speech claims against Procida (Claims I, II) are factually unsupported and fail to assert any viable legal theory.

Plaintiff alleges Procida and the OAG "block[ed]" his cell phone number. Compl. ¶¶ 317, 323. While it is unclear precisely what Plaintiff means by that term, the alleged block never stopped him from calling Procida or the OAG. To the contrary, Plaintiff alleges he could "bypass" the alleged block simply by dialing "*67," which conceals the caller's name. Compl. ¶¶ 250, 254 & n.2. Thus, the alleged block did not prevent him from calling Procida or the OAG, and he sustained no cognizable harm. *Cf.* Compl. ¶¶ 319, 325 (conclusory allegations of injury).

Plaintiff's free speech claims also fail because he has no constitutionally protected right to place telephone calls to a state employee or agency. "To recover on a First Amendment claim under § 1983, a plaintiff 'must demonstrate that his conduct is deserving of First Amendment

protection,'" among other requirements. *Barry*, 2016 WL 5107064, at *7 (quoting *Rattner v. Netburn*, 940 F.2d 204, 208 (2d Cir. 1991)). The Complaint neither explains, nor cites any legal basis for, its assumption that Plaintiff had a federal or state constitutional right to call Procida without dialing *67. *See* Compl. ¶¶ 316, 321. Moreover, any restrictions on Plaintiff's ability to directly dial state employee would be reasonable given his history of harassment.[6]

In an analogous case, the court rejected a claim that the plaintiff had a First Amendment right to send faxes to a public school district's office during business hours. *Giffler v. Abel*, No. 94 Civ. 5348, 1995 WL 273652 (E.D. Pa. May 5, 1995). The court held that the fax machine was not a public forum, and so was subject to reasonable restrictions. *Id.* at *3. The same is true here. Procida's business phone is not a public forum, and the alleged block did not violate Plaintiff's free speech rights. Thus, Claims I and II should be dismissed for failure to state a claim.

**B.**     **Plaintiff Fails To State A Claim Under N.Y. Judiciary Law § 487**

The Complaint fails to state a claim against Procida for fraud or deceit under New York Judiciary Law § 487 (Claim III). Relief under that statute "is not lightly given." *Facebook, Inc. v. DLA Piper LLP (US)*, 134 A.D.3d 610, 615, 23 N.Y.S.3d 173, 178 (1st Dep't 2015). To prevail, "a plaintiff must show, at a minimum, that defendant: (1) is guilty of deceit or collusion … ; and (2) had an intent to deceive the court or any party." *Breuninger v. Williams*, No. 20 Civ. 7033 (JPC), 2024 WL 3088770, at *7 (S.D.N.Y. June 20, 2024). In addition, the plaintiff "must show either deceit that reaches the level of egregious conduct or a chronic and extreme pattern of behavior." *Ray v. Fariello*, No. 23-274, 2024 WL 390293, at *1 (2d Cir. Feb. 2, 2024). Claims

---

[6]     The Appellate Term affirmed Plaintiff's conviction on two counts of aggravated harassment in the second degree, N.Y. Penal L. § 240.30, holding that his "unrelenting pursuit of complainant, which included a barrage of telephone calls made at all hours of the day and night, numerous emails, and appearing at complainant's residence … exceeded the bounds of legitimate communication and was made with intent to harass, annoy, threaten or alarm complainant, or so the jury could reasonably find." *People v. Leibovitz*, 111 N.Y.S.3d 789 (Table), 2018 WL 6271570 (App. Term, 1st Dep't, Nov. 30, 2018).

under the statute sound in fraud, and thus must be pleaded with "particularity." *Bryant v. Silverman*, 284 F. Supp. 3d 458, 469 (S.D.N.Y. 2018); Fed. R. Civ. P. 9(b).

Claim III focuses on a single paragraph (No. 31) in Procida's affirmation in support of the State's motion to dismiss the Claims Action. Compl. ¶ 330; Ex. 4. In part, that paragraph quoted Judge Katsanos's statement that he "got distracted" during the November 15, 2022 hearing when Plaintiff "became belligerent, threatened myself and officers, and threw an object at me." *Id.* Procida's affirmation did not quote Judge Katsanos's further statement that he did not turn the FTR system back on after Plaintiff returned to the courtroom, *id.* ¶ 331 – presumably because that statement was wholly irrelevant to the State's motion to dismiss. Regardless of the reason, Plaintiff alleges that Procida committed "deceit" by omitting that portion of the judge's statement. *See id.* ¶¶ 330-333.

Plaintiff's claim is nonsensical. He accuses Procida of making a "false statement, rising to the level of intentional deceit, in her affirmation." *Id.* ¶ 330. But he identifies no such statement. To the contrary, Plaintiff expressly alleges that Procida "left out" the incorrect statement that Judge Katsanos did not turn the FTR system back on, and thus never presented it to the Court of Claims. *Id.* ¶ 331. Plaintiff cannot plausibly allege fraud or deceit based on a statement that Procida, by Plaintiff's own admission, did not make. In addition, Plaintiff does not allege that the Court of Claims based its dismissal of his action, in whole or in part, on any misapprehension as to whether there was one or two audio recordings. Thus, the purported misstatement by Judge Katsanos was immaterial to the dismissal of Plaintiff's claims.

In sum, Plaintiff has failed to allege any misstatement by Procida, much less the requisite intent to deceive and egregious conduct needed to state a claim under Judiciary Law § 487.[7]

---

[7] Plaintiff also alleges Procida failed to apprise the Court of Claims of certain matters. Compl. ¶ 334. In this regard, Plaintiff seeks to hold Procida liable for not advocating his own pet theories, e.g., that the OAG failed to

**C.**     **The Existence of Probable Cause Defeats Plaintiff's False Arrest Claims**

Claims for false arrest under Section 1983 and New York law "are substantially the same." *Ashley v. City of N.Y.*, 992 F.3d 128, 136 (2d Cir. 2021). Plaintiff's false arrest claims (Claims IV, IX) must be dismissed because his arrest was supported by probable cause.

"The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). *See also Guan v. City of N.Y.*, 37 F.4th 797, 804 (2d Cir. 2022). Probable cause to arrest exists when an officer "has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). It is irrelevant whether probable cause existed for "each individual charge, or, indeed, any charge actually" brought against the suspect. *Id.* at 154. "Rather, probable cause to arrest the suspect of any crime will suffice." *Toussaint v. Cnty. of Westchester*, 615 F. Supp. 3d 215, 225 (S.D.N.Y. 2022).

Based on Plaintiff's "courtroom antics," *see* p. 14, *supra*, there was probable cause to believe he committed disorderly conduct in open court on November 15, 2022. That offense has "three elements: (i) the defendant's conduct must be 'public' in nature, (ii) it must be done with 'intent to cause public inconvenience, annoyance or alarm' or with recklessness as to 'a risk thereof,' and (iii) it must match at least one of the descriptions set forth in the statute." *Provost v. City of Newburgh*, 262 F.3d 146, 157 (2d Cir. 2001) (quoting N.Y. Penal Law § 240.20). Proscribed conduct includes "engag[ing] in fighting or in violent, tumultuous or threatening

---

investigate his arrest. *Id.* In any event, Plaintiff cannot show that Procida had any duty to disclose these purported "facts," without which there can be no violation of Section 487 for non-disclosure. *See Fin. Inv. Co. (Bermuda) v. Friedman, Leeds, Shorenstein & Armenakis*, 159 A.D.2d 479, 481, 552 N.Y.S.2d 351, 352 (2d Dep't 1990).

behavior"; "mak[ing] unreasonable noise"; or "us[ing] abusive or obscene language" "in a public place." N.Y. Penal Law § 240.20[1], [2], [3].

Plaintiff's behavior in Judge Katsanos's courtroom easily established probable cause to arrest him for disorderly conduct under each of these provisions – a conclusion that the audio recordings confirm. Compl. ¶¶ 144-70, 280-81; Berg Decl., Exs. 1-2. His diatribe occurred in a public courtroom while court was in session, and he acted recklessly, if not intentionally, in creating a risk of public inconvenience, annoyance or alarm. *Id.* His conduct also met several of the statutory criteria for disorderly conduct. *See Provost*, 262 F.3d at 157. For example, Plaintiff repeatedly used abusive and obscene language in open court, including yelling "Fuck you" at the judge and calling him an "asshole" and a "piece of shit," in violation of Penal Law § 240.20[3]. *See* Factual Background, § A, *supra*. He made "unreasonable noise" by yelling during the court hearing, in violation of Penal Law § 240.20 [2]. *Id.*; 2 Audio 2:48 – 5:03. And Plaintiff's repeated warnings that Judge Katsanos "tread very fucking lightly" constituted "threatening behavior" under Penal Law § 240.20 [1]. *Id.*

There also was probable cause to arrest Plaintiff on a charge of obstructing governmental administration – one of the charges filed against him. Compl. ¶ 7 & Ex. B. A person commits this offense when he "intentionally obstructs, impairs or perverts the administration of law … by means of intimidation … or by means of any independently unlawful act." N.Y. Penal Law § 195.05. Here, Plaintiff intentionally obstructed and impaired the administration of law by means of intimidation, as reflected in his repeated warnings to Judge Katsanos to "tread very fucking lightly." 2 Audio 2:48 – 5:03. Thus, there was probable cause to arrest Plaintiff for obstructing governmental administration and disorderly conduct, which is an "absolute defense" to his false arrest claims. *See Jaegly*, 439 F.3d at 152.

### D.    The Complaint Fails To State A Malicious Prosecution Claim

The existence of probable cause also is fatal to Plaintiff's malicious prosecution claims. (Claims V, VI.) The elements of malicious prosecution under Section 1983 and New York law "are essentially the same." *Biton v. City of N.Y.*, No. 21-23, 2022 WL 1448207, at *1 (2d Cir. May 9, 2022). To prevail, a plaintiff must plead and prove "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Id.* (citing *Manganiello v. City of N.Y.*, 612 F.3d 149, 161 (2d Cir. 2010)). Thus, by definition, "[t]he existence of probable cause is an absolute defense." *Maron v. Cnty. of Albany*, 166 F. App'x 540, 541 (2d Cir. 2006). Probable cause to prosecute consists of "facts and circumstances" that would "lead a reasonably prudent person to believe the [person] guilty." *Boyd v. City of N.Y.*, 336 F.3d 72, 76 (2d Cir. 2003).

Plaintiff's malicious prosecution claims should be dismissed because a reasonably prudent person would have believed him guilty of the charges against him. Compl. ¶ 2 & Ex. B. First, as shown in Point IV.C, *supra*, there was ample probable cause to believe that Plaintiff obstructed governmental administration in the second degree, N.Y. Penal Law § 195.05. Second, there was probable cause to believe Plaintiff was guilty of criminal contempt in the second degree, N.Y. Penal Law § 215.50.01, which prohibits "[d]isorderly, contemptuous, or insolent behavior, committed during the sitting of a court, in its immediate view and presence and directly tending to interrupt its proceedings or to impair the respect due to its authority." *See* Compl. ¶ 144-70; 2 Audio 2:32-5:22. Third, a reasonable person could easily believe that Plaintiff committed harassment in the second degree, N.Y. Penal Law § 240.26. *See id.*[8]

---

[8]    The Complaint does not allege sufficient facts to evaluate whether there was probable cause to prosecute Plaintiff on the two remaining charges, resisting arrest, N.Y. Penal L. § 205.30, and attempted assault in the third

Separately, Plaintiff has failed to allege that defendants' actions were motivated by "actual malice," as required to state a malicious prosecution claim. *Biton*, 2022 WL 1448207, at *1. To plead actual malice, a plaintiff must allege that "the prosecutor had a wrong or improper motive, something other than a desire to see the ends of justice served." *Harrison v. Cnty. of Nassau*, 804 F. App'x 24, 28 (2d Cir. 2020) The Complaint does not allege any facts suggesting that Judge Katsanos, Coy, or Zebro acted with actual malice. To the contrary, the audio files demonstrate that they showed extraordinary restraint in the face of Plaintiff's provocations, negating any allegation of actual malice. *See generally* Exs. 1, 2. Moreover, to the extent that Plaintiff bases this claim on his assertion that the criminal complaint and supporting deposition were "perjured," Compl. ¶¶ 35, 339, he has failed to allege any false statements therein.

Finally, the malicious prosecution claims against Zebro should be dismissed because the Complaint does not allege he signed the criminal complaint or provided false information to prosecutors. *See Frederique v. Cnty. of Nassau*, 168 F. Supp. 3d 455, 477-478 (E.D.N.Y. 2016). As such, it fails to allege the requisite personal involvement. *See Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) (reaffirming "personal involvement" requirement under Section 1983).

For all these reasons, Plaintiff's malicious prosecution claims fail.

### E.       Excessive Force and Assault and Battery

Plaintiff's state law claim alleging assault and battery (Claim VII) and his Section 1983 claim alleging excessive force (Claim XIII) are "substantially identical." *Posr*, 944 F.2d at 94-95. These claims fail for substantially the same reasons.

Plaintiff's assault and battery claim against Judge Katsanos is wholly unsupported by the Complaint's factual allegations. Plaintiff does not allege the judge made any physical contact

---

degree, *id.* §§ 110, 120.00-1. To the extent that Plaintiff alleges he was maliciously prosecuted on these counts, his claim must be dismissed for failure to plead the separate element of "actual malice," as set forth above.

with him, physically intimidated him, or touched him in an offensive manner. *See Doe v. Alsaud*, 224 F. Supp. 3d 286, 294 (S.D.N.Y. 2016) (listing elements of assault and battery). Absent any allegation that Judge Katsanos was "personally involved," the assault and battery and excessive force claims against him cannot survive. *Crews v. Cnty. of Nassau*, 996 F. Supp. 2d 186, 213 (E.D.N.Y. 2014).

The assault and battery and excessive force claims against Coy and Zebro fare no better. Excessive force is force that is "objectively unreasonable in light of the facts and circumstances … , without regard to the officers' underlying intent or motivation." *Williams v. Nat'l R.R. Passenger Corp.*, 830 F. App'x 46, 49 (2d Cir. 2020). Courts dismiss excessive force claims for failure to allege sufficient supporting facts. *See Scretching v. Schlosser*, No. 12 Civ. 8129 (PAE) (JLC), 2014 WL 1797687, at *6 (S.D.N.Y. May 6, 2014), *report and recommendation adopted*, 2014 WL 2624754 (S.D.N.Y. June 4, 2014); *Gosier v. Collins*, No. 23 Civ. 1485 (DNH) (TWD), 2024 WL 1016392, at *9 (N.D.N.Y. Mar. 8, 2024) (granting motion to dismiss because "there are simply not enough facts present to establish a plausible excessive force claim"), *report and recommendation adopted*, 2024 WL 1307035 (N.D.N.Y. Mar. 27, 2024).

Here, Plaintiff does not allege what, if any, force Coy and Zebro allegedly used against him, much less facts raising a reasonable inference that they assaulted him or used unreasonable force. The Complaint merely alleges that Coy "handcuff[ed Plaintiff] with his hands behind his back, assisted by … Zebro and approximately 7-10 unidentified John Doe Court Officers." Compl. ¶ 171. The Complaint does not allege that Coy had any other physical contact with Plaintiff, or that Zebro had any physical contact with him at all. *See* Compl., *passim*.

At most, Plaintiff alleges that while Coy and Zebro rode with him to the 102nd Precinct, he "experienced severe pain as a result of the excessive force used by Defendants John Does #1-

10 and the handcuff being placed with his hands behind his back." Compl. ¶ 185. Assuming the handcuffing allegation is directed to Coy, it fails to state a claim. The test is "whether an officer reasonably should have known during handcuffing that his use of force was excessive." *Cugini v. City of N.Y.*, 941 F.3d 604, 613 (2d Cir. 2019). That test is satisfied if it was "apparent under the circumstances" that the force used was unreasonable, or the plaintiff signaled her distress, verbally or otherwise, such that a reasonable officer would have been aware of her pain." *Id.*

Plaintiff does not allege he told court officers that his handcuffs were too tight, or otherwise "signaled [his] distress." Compl. ¶ 185. Nor does he allege the officers "should have known during handcuffing" that they were using excessive force. *Cugini*, 941 F.3d at 613. Plaintiff's further allegation that he "mentioned" to a nurse later that day that he was "suffering from handcuff neuropathy," Compl. ¶ 211, is irrelevant to whether he alerted officers that he was in distress, affording them the opportunity to alleviate his discomfort. Whether a given use of force is reasonable "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

### F.     <u>Malicious Abuse of Process</u>

The Complaint fails to allege facts in support of Plaintiff's malicious abuse of process claim (Claim X). Plaintiff does not specify whether he brings this claim under federal or state law. Compl. ¶¶ 396-401. Dismissal is warranted in either case, as the same legal standards apply. *Frederique*, 168 F. Supp. 3d at 478. To prevail, "a plaintiff must establish that the defendant: '(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process.'" *Id.*

Plaintiff bases this claim on the filing of the criminal complaint and supporting statements against him. Compl. ¶ 398. But these allegations misconceive the nature of the tort.

As a matter of law, there can be no malicious abuse of process based on a defendant's actions in *initiating* a civil or criminal case. Instead, "'the gist of abuse of process is the improper use of process *after it is regularly issued*.'" *Okudinani v. Rose*, 779 F. App'x 768, 773 (2d Cir. 2019) (affirming dismissal) (emphasis in original) (quoting *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994)). *See also Taylor v. City of N.Y.*, No. 19 Civ. 6754 (KPF), 2022 WL 744037, at *21 (S.D.N.Y. Mar. 11, 2022) (dismissing abuse of process claim where Plaintiff alleged "no action taken by any Defendant subsequent to the initiation" of criminal case); *Slater v. Mackey*, No. 12 Civ. 4325 (NGG) (RML), 2015 WL 6971793, at *18 (E.D.N.Y. Nov. 10, 2015) (same).

Plaintiff's abuse of process claim also fails to plausibly allege the requisite "collateral objective," such as "the infliction of economic harm, extortion, blackmail and retribution." *Brandon v. City of N.Y.*, 705 F. Supp. 2d 261, 275 (S.D.N.Y. 2010). Plaintiff's conclusory assertion that Judge Katsanos, Coy, and Zebro sought to harm him "as retribution for exposing" the judge's purportedly flawed handling of the Contract Action is speculative and unsupported by any factual allegations. "[E]ven *pro se* plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Paul v. Capra*, No. 20 Civ. 5154 (NSR), 2022 WL 992845, at *3 (S.D.N.Y. Mar. 31, 2022). Finally, the vague allegation that Zebro and others "orchestrated" the supposed plot does not allege the personal involvement necessary to state a claim. *See Allen v. Antal*, 665 F. App'x 9, 14 (2d Cir. 2016) (reaffirming "personal involvement" requirement); *Barkai v. Nuendorf*, No. 21 Civ. 4060 (KMK), 2023 WL 2691712, at *16 (S.D.N.Y. Mar. 29, 2023) (holding conclusory assertion that defendant "orchestrated" scheme did not satisfy Section 1983 requirement of personal involvement); *Rockland Vending Corp. v. Creen*, No. 07 Civ. 6268 (KMK), 2009 WL 2407658, at *16 (S.D.N.Y. Aug. 4, 2009) (same).

### G. Plaintiff's Due Process Claims Are Not Viable

The Complaint's due process claims are not viable and should be dismissed.

Claim V alleges Judge Katsanos violated Plaintiff's due process rights by holding him in contempt for his misconduct in open court on October 21, 2022. Compl. ¶¶ 122-127, 344. That claim fails because contempts committed in the court's presence "traditionally have been subject to summary adjudication," and "may be punished summarily without notice and a hearing." *In re Mosdos Chofetz Chaim Inc.*, No. 22 Civ. 3371 (CS), 2023 WL 2707331, at *7 (S.D.N.Y. Mar. 30, 2023) (citing *In re Oliver*, 333 U.S. 257, 275 (1948) (internal citations omitted)).

Claim V also alleges Coy violated due process by refusing to arrest Judge Katsanos. Compl. ¶ 345. But a "private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person." *McCrary v. Cnty. of Nassau*, 493 F. Supp. 2d 581, 588 (E.D.N.Y. 2007) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

Finally, to the extent that the Complaint attempts to allege a deprivation of liberty or unreasonable seizure of the person (Claims V, VIII), its conclusory allegations fail to differentiate these claims from the false arrest claims, which must be dismissed as set forth in Point IV.C.

## V. QUALIFIED IMMUNITY BARS PLAINTIFF'S CLAIMS

Plaintiff's claims against State Defendants are barred by qualified immunity, which provides "government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). Qualified immunity shields officials from suit if their "conduct did not violate clearly established rights of which a reasonable person would have known," or "it was objectively reasonable to believe that the conduct did not violate clearly established rights." *McCullough v. Wyandanch Union Free Sch.*

*Dist.*, 187 F.3d 272, 277 (2d Cir. 1999). *See also Soukaneh v. Andrzejewski*, --- F. 4th ----, No. 21-2047, 2024 WL 3747703, at *3 (2d Cir. Aug. 12, 2024). The Supreme Court has repeatedly held that "qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.'" *Ziglar v. Abbasi*, 582 U.S. 120, 152 (2017).

Courts have applied qualified immunity to the various claims asserted by Plaintiff. *See, e.g., Triolo v. Nassau Cnty.*, 24 F.4th 98, 107 (2d Cir. 2022) (false arrest); *Dettelis v. Sharbaugh*, 919 F.3d 161, 164 (2d Cir. 2019) (malicious prosecution); *Lee-Walker v. N.Y.C. Dep't of Educ.*, 712 F. App'x 43, 44 (2d Cir. 2017) (free speech); *Baron v. Lissade*, No. 19 Civ. 6256 (RPK) (SMG), 2021 WL 4407836, at *6 (E.D.N.Y. Sept. 27, 2021) (abuse of process).

The Complaint fails to "make out a violation of a constitutional right" by State Defendants. *See* Point IV, *supra*. But even if it had done so, the Complaint does not allege the violation of any "clearly established" right. *McCullough*, 187 F.3d at 277. For example, Plaintiff does not allege he had a clearly established right to call Procida without dialing *67, or to notice and a hearing before being held in civil contempt for misconduct in open court. *See* Points IV.A, IV.G, *supra*. Further, qualified immunity bars Plaintiff's false arrest and malicious prosecution claims because there was, at a minimum, "arguable probable cause" to arrest and prosecute him. *See Betts v. Shearman*, 751 F.3d 78, 83 (2d Cir. 2014); *Cerrone v. Brown,* 246 F.3d 194, 203 (2d Cir. 2001) (explaining that arguable probable cause exists when a reasonable officer "could have reasonably believed that probable cause existed in the light of well established law"). Plaintiff's allegations, bolstered by the Audio, establish that, at a minimum, arguable probable cause existed to arrest and prosecute him. *See* Point IV.C-D, *supra*.

In sum, even if dismissal were not warranted on the grounds set forth above, qualified immunity bars Plaintiff's claims in their entirety against State Defendants.

## CONCLUSION

For the foregoing reasons, State Defendants respectfully request that the Court grant their

motion to dismiss the action, with prejudice, and for such other relief as the Court deems proper.

Dated:  New York, New York
       August 30, 2024

LETITIA JAMES
Attorney General
State of New York

By:    *Michael A. Berg*

Michael A. Berg
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8651
michael.berg@ag.ny.gov

## <u>Application of Preclusion Based on Court of Claims Action</u>[1]

*Leibovitz v. State*, Claim No. 139463, 2023 WL 8807290 (N.Y. Ct. Cl. 2023)

|  | Claims | Defendants | Res Judicata | Collateral Estoppel |
|---|---|---|---|---|
| IV | False Arrest/Imprisonment<br>U.S. Const., Amends. IV, XIV | Coy<br>Zebro<br>Katsanos | **Precluded.**<br>Court of Claims dismissed parallel state-law claim (I). | ● Absolute immunity.<br>● Probable cause. |
| V | Procedural Due Process based on:<br>● Civil contempt citation<br>● Refusal to arrest J. Katsanos<br>U.S. Const., Amends. V, XIV | Coy<br>Zebro<br>Katsanos | **Precluded.**<br>Arises out of same events alleged in Court of Claims. | ● Absolute immunity. |
|  | Malicious Prosecution and Deprivation of Liberty<br>U.S. Const., Amends. IV, XIV |  | **Precluded.**<br>Court of Claims dismissed parallel state-law claims (I, II). | ● Absolute immunity. |
| VI | Malicious Prosecution<br>New York State Law | Coy<br>Zebro<br>Katsanos | **Precluded.**<br>Court of Claims dismissed claim (II). | ● Absolute immunity.<br>● Probable cause. |
| VII | Assault & Battery<br>New York State Law | Coy<br>Zebro<br>Katsanos | **Precluded.**<br>Court of Claims dismissed claim (III). | ● Physical contact by Court Officers was privileged. |
| VIII | Deprivation of Rights Guaranteed by New York Constitution<br>● Unreasonable seizure, Art. I, § 12<br>● Due process, Art. I, § 6. | Coy<br>Zebro<br>Katsanos | **Precluded.**<br>Court of Claims dismissed unreasonable seizure claim (VIII).<br><br>Due process claim arises out of same events as alleged in Court of Claims. | ● Absolute immunity.<br>● Probable cause, to extent the claim alleges a seizure of Plaintiff. |
| IX | False Arrest/Imprisonment<br>New York State Law | Coy<br>Zebro<br>Katsanos | **Precluded.**<br>Court of Claims dismissed claim (I). | ● Absolute immunity.<br>● Probable Cause. |
| X | Malicious Abuse of Process<br>Complaint does not specify federal or state law. | Coy<br>Zebro<br>Katsanos | **Precluded.**<br>Court of Claims dismissed claim (VII). | ● Absolute immunity. |
| XIII | Excessive Force<br>U.S. Const., Amends. IV, XIV | Coy<br>Zebro | **Precluded.**<br>Court of Claims dismissed parallel state-law claim (III). | ● Physical contact was privileged. |

---

[1]     Claims I-III, asserted against Assistant Attorney General Nicole Procida, do not seek to relitigate claims or issues addressed in the Court of Claims Actions. Claims XI and XII are asserted against various "John Doe" defendants, who have not been identified or joined as parties to this action.