**RECEIVED IN THE PRO SE OFFICE
NOV 27, 2024, 1:38PM
VIA BOX.COM**

*Rec. in pdrive 12/3/24 rg

Etan Leibovitz
83-19 141ˢᵗ #207
Briarwood, NY 11435

November 27ᵗʰ, 2024

Honorable Judge Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Queens Criminal Court Matters are Adjourned for December 9ᵗʰ, 2024, Email to Michael Berg addressing his Motion to Dismiss and Declaration Docket Entries #23 and #24 in 2024 CIV 4779 (AMD) (LB)

Dear Judge Bloom,

I acknowledge receipt of your order (Docket Entry #37) granting my application for an extension of time to file my motion seeking leave to amend my complaint, with the new deadline set for December 5ᵗʰ, 2024. I appreciate this Court's granting of my request. However, I respectfully object to the conclusion in your order that no further extensions will be granted. I write to notify the Court of developments in my two outstanding criminal matters in Queens Criminal Court which I plan to incorporate in my amended complaint as well as further allegations of the collusion between the Queens DA's office and the State to have me assaulted under the guise of judicial proceedings. As stated before I have the March 20ᵗʰ, 2024, three calendar calls all recorded using two recording applications. On November 20ᵗʰ, 2024, during my scheduled appearance, yet another adjournment occurred due to the People, specifically Assistant District Attorney Vinnette Campbell, failing to produce the required court transcripts. She will be included as a defendant in my amended complaint as well as her colleagues and complaining witness Queens District Attorney Melinda Katz. Additionally, it looks like Judge Anthony Battisti has officially recused himself, as he is a fact witness in the matter and will be subpoenaed should the case proceed to trial. ADA Vinnette Campbell, along with her colleagues, are also anticipated to be subpoenaed. Furthermore, Judge Michael Gaffey, who presided over the October 16ᵗʰ, 2024, hearing and stated he would review the record and decide on the pending motions, did not appear at the November

20th, 2024, hearing. The proceedings have now been adjourned to December 9th, 2024. A decision on my motion to recuse the Queens District Attorney's Office remains pending as well as my motion to dismiss.

Today, I was able to visit the law library in the Queens Supreme Court, where I obtained decisions from the Second Circuit relevant to my case. I was informed by the librarian, Kelly, that the library operates on limited hours: Monday through Thursday, from 9:30 a.m. to 1:00 p.m. Despite these constraints, I continue to diligently prepare my motion to amend my complaint (waiting on the resolution of my criminal matters). However, I require additional time as I intend to file a motion for sanctions first. I have already drafted the template, including my memorandum of law. As previously informed, I plan to move for sanctions against Michael Berg. Attached as Exhibit A are three emails sent to both Mr. Berg and Mamoon Saleemi addressing Mr. Berg's motion to dismiss. I am currently awaiting Mr. Berg's response. At 12:52 p.m. today, I also placed a call to Mr. Berg's office number, which now redirects to his cell phone (914-671-3809), and left a voicemail. I will keep this Court updated on any developments.

I am continuing to work diligently on my amended complaint and motion for sanctions. As detailed in Exhibit A, my correspondence with Mr. Berg highlights significant issues that need addressing. I remain committed to exposing corruption within the New York Attorney General's Office, including disseminating my interactions with Mr. Berg and filing a bar complaint. Mr. Berg's conduct arises to the level of criminal behavior, as outlined under Title 18 U.S.C. §§ 241 and 242, and I urge this Court to consider the gravity of his actions.

Thank you for your attention to this matter.

_____/S/_____

Respectfully submitted,
Etan Leibovitz

# EXHIBIT A

# Declaration of Michael Berg DI 24 2024 CV 4779



**Etan Leibovitz <etanleibovitz18@gmail.com>** Mon, Nov 25, 1:55 PM (2 days ago)

to Michael, Mamoon

Dear Mr. Berg,

I am reaching out in good faith to address several matters before proceeding with my motion for sanctions. In the above-referenced document, you declare under penalty of perjury, pursuant to Title 28 U.S.C. § 1746, and assert 10 averments.

**In *Averment No. 2*, you state that you are "familiar with the facts and circumstances set forth herein, based on my review of the filings in this action and in other court proceedings involving Plaintiff Etan Leibovitz ('Plaintiff'), documents and audio recordings provided by the New York State Office of Court Administration ('OCA'), and communications with Plaintiff."**

## Questions

**1. Scope of Review**

- You reference your review of filings and communications but do not indicate whether you also reviewed work product from your colleague and Defendant Nicole Procida, pertaining to the Court of Claims action.
    - Did Ms. Procida provide you with documents from the criminal matter pursuant to CPL § 160.50 or any of her work product?
    - Did she request that I execute a CPL § 160.50 form?
- Did your office conduct an independent investigation of my Claim?
- Why did you request the audio recordings from the OCA rather than obtaining them directly from your colleague and Defendant Nicole Procida? Was she unable or unwilling to provide them to you?

**2. Audio Recordings**

- You acknowledge receiving audio recordings from the OCA in your Declaration but fail to specify how many FTR files were reviewed. Your *MEMORANDUM OF LAW IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS* (DI #25, p. 3) references two audio files. Are you conceding that only two FTR files exist?

### 3. Email from Captain Hollon

- While you were requesting the two FTR files from the OCA, did you request a copy of Captain Charles Hollon's email sent on November 15, 2022, at 11:59 a.m. to the Queens DA's office from the OCA? If not why not?
    - This email is significant, as noted in Averments #303-304, because it incorporates Defendant John Katsanos' statement, which conflicts with the existence of only two FTR files.

### 4. Defendant Katsanos' Perjury

- With the existence of more than one audio file contradicting Defendant John Katsanos' statement, have you discussed this conflict with your clients Defendants Michael Zebro, Kenneth Coy, John Katsanos and Nicole Procida?
- How many instances of perjury by your client have you identified?

### 5. November 15, 2022, Audio File

- Have you reviewed my November 15, 2022, audio file, which was served on your office on October 17, 2024 via email to your email account, and "downloaded by you on October 30, 2024"? Have your reviewed it with your above referenced clients?
- Are you planning to challenge the veracity of the November 15, 2022, audio file?

---

I will send a separate email to address Averments Nos. 3–10. I look forward to your responses to these critical points.

Sincerely,

Etan Leibovitz

# Enlargement of Time to file my motion to seek leave to amend my complaint - Criminal Matters Adjourned to December 9th, 2024

Inbox



**Etan Leibovitz <etanleibovitz18@gmail.com>** Mon, Nov 25, 2:38 PM (2 days ago)

to Michael, Mamoon

Michael,

Do you consent to the above referenced matter?  In addition, do you plan to respond to my previous email? When do you plan to listen to the complete audio files you were served with specifically but not limited to the November 15th, 2022 audio file?  Have you sat down with your clients (Defendants Michael Zebro, Kenneth Coy, and John Katsanos)  to confirm the veracity of my audio file - November 15th, 2022?  Do you plan to withdraw  your motion to dismiss or is the State and your clients going to continue to push a false narrative?  Just a heads up I plan to file a motion for sanctions and then a motion to seek leave to amend my complaint.  Also, why did you fail to include my opposition to your client's motion to dismiss the action in the Court of Claims?  I noticed you incorporated your client's motion to dismiss, my verified claim, Judge Vargas' decision and order.  What does my opposition expose?

Thanks,

Etan



**Berg, Michael** Mon, Nov 25, 4:35 PM (2 days ago)

to me

Mr. Leibovitz,

I received your emails at 1:56 p.m. and 2:39 p.m., and your voicemail at 2:49 p.m.

On November 14, 2024, the Court granted your second request for an extension of time to file your motion for leave to amend the complaint and the proposed amended pleading. The Court set a deadline of December 5, 2024, and directed: "No further extension shall be granted."  Today, the Court ordered: "**As previously Ordered, plaintiff shall file any motion for leave to amend by December 5, 2024.**" In deference to the Court's orders, State Defendants do not consent to your request for a further extension. We also note that you have (again) failed to say how much time you are requesting, or to give any reason for your request.

Separately, your email of 1:56 p.m. raises several questions regarding Paragraph 2 of my Declaration dated Aug. 30, 2024 (ECF No. 24). You conclude by stating: "I will send a separate email to address Averments Nos. 3–10. I look forward to your responses to these critical points." In the interest of efficiency, I anticipate sending you a single response after I receive your separate email regarding my declaration.

Michael A. Berg

Assistant Attorney General

Office of the New York State Attorney General

28 Liberty Street, 17th Floor

New York, N.Y.  10005

(212) 416-8651

michael.berg@ag.ny.gov

**From:** Etan Leibovitz <etanleibovitz18@gmail.com>
**Sent:** Monday, November 25, 2024 2:38 PM
**To:** Berg, Michael <Michael.Berg@ag.ny.gov>; Saleemi, Mamoon (LAW) <MSaleemi@law.nyc.gov>
**Subject:** Enlargement of Time to file my motion to seek leave to amend my complaint - Criminal Matters Adjourned to December 9th, 2024

# Michael Berg's Motion To Dismiss Docket Entries 23-27, Michael Berg's Declaration Docket Entry 24 - 2024 Civ 4779 Eastern District Court of New York



**Etan Leibovitz <etanleibovitz18@gmail.com>** 11:36 AM (2 hours ago)

to Michael, Mamoon

Dear Mr. Berg,

I am reaching out in good faith to address several matters before proceeding with my motion for sanctions. In the above-referenced document (Docket Entry 24), you declare under penalty of perjury, pursuant to Title 28 U.S.C. § 1746, and assert 10 averments.

**In *Averment No. 2*, you state that you are "familiar with the facts and circumstances set forth herein, based on my review of the filings in this action and in other court proceedings involving Plaintiff Etan Leibovitz ('Plaintiff'), documents and audio recordings provided by the New York State Office of Court Administration ('OCA'), and communications with Plaintiff."**

**Questions**

**1. Scope of Review**

- You reference your review of filings and communications but do not indicate whether you also reviewed work product from your colleague and Defendant Nicole Procida,

pertaining to the Court of Claims action Claim # 139463, did you fail to include that in your averment 2 section?
- Did Ms. Procida provide you with documents from the criminal matter pursuant to CPL § 160.50 or any of her work product?
- Did she request that I execute a CPL § 160.50 form?

- Did your office conduct an independent investigation of my Claim?
- Why did you request the audio recordings from the OCA rather than obtaining them directly from your colleague and Defendant Nicole Procida? Was she unable or unwilling to provide them to you?
- While you were requesting the two FTR files from the OCA, did you also request a copy of Captain Charles Hollon's email sent on November 15, 2022, at 11:59 a.m. to the Queens DA's office from the OCA? If not why not?
  - This email is significant, as noted in Averments #303-304 in my Verified Complaint, because it incorporates Defendant John Katsanos' statement, which conflicts with the existence of only two FTR files.

## 2. Audio Recordings

- You acknowledge receiving "audio recordings" from the OCA in your Declaration but fail to specify how many FTR files were reviewed. Your *MEMORANDUM OF LAW IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS* (DI #25, p. 3) references two audio files. Are you conceding that only two FTR files exist?
- So the OCA produced for you the two audio files after my action (2024-civ 4779) was filed - do you have a date?

## 4. Defendant Katsanos' Perjury

- With the existence of more than one audio file contradicting Defendant John Katsanos' statement, have you discussed this conflict with your clients Defendants Michael Zebro, Kenneth Coy, John Katsanos and Nicole Procida?
- How many instances of perjury by your client have you identified?

## 5. Etan Leibovitz's November 15, 2022, Audio File Seved on both Michael Berg and Mamoon Saleemi

- Have you reviewed my November 15, 2022, audio file, which was served on your office on October 17, 2024 via email to your email account, and "downloaded by you on October 30, 2024"? Have you reviewed it with your above referenced clients?
- Are you planning to challenge the veracity of the November 15, 2022, audio file?
- Does the November 15th, 2022, audio file served on you on October 17th, 2024 undermine the integrity of your clients' actions and Judge Javier Vargas' decision and order? Is this why you have refused to respond to my multiple emails inquiring whether you have listened to the audio file? Does your reluctance stem from the possibility that acknowledging its content would necessitate withdrawing your Motion to Dismiss?

**6. Did you listen to the two audio files (FTR - November 15th, 2022 produced by the OCA Docket Entry 24-1 and 24-2 ) in its entirety?**

**In** *Averment No. 4*

**7. Did you read Exhibit 3 Etan Lebovitz's Verified Claim Docket Entry 24-3 in its entirety?**

**In** *Averment No. 5*

**8. Did you read Exhibit 4 Nicole Procida's Affirmation in Support of State's motion to dismiss Docket Entry 24-4 in its entirety?**

**In** *Averment No. 6*

**9. Did you read Exhibit 5 Judge Javier Vargas' Decision and Order Docket Entry 24-5 in its entirety?**

Question - Is there a reason why you failed to incorporate my opposition to Nicole Procida's motion to dismiss my Claim #139463 in the Court of Claims Action as part of your motion to dismiss?

**In** *Averment No. 7*

**Quotation Marks in Averment 7**:

In averment number 7, you place quotation marks around the word 'perjury.' Can you explain the rationale behind this choice? Does this indicate skepticism or an attempt to distance the statement from its legal meaning?"

**Access to the Criminal Case File**:

"Why did you not request or obtain the criminal case file from your client and colleague, Defendant Nicole Procida? If you did request it, did she refuse to provide her work product to you?"

**Verification of Key Claims**:

In my Verified Complaint, Docket Entry #1, I cited the language used in the criminal complaint executed by Defendant Kenneth Coy and the supporting deposition by Defendant John Katsanos. Did you discuss these averments with your clients? If so, what steps did you take to verify the veracity of their statements?

Sincerely,

Etan Leibovitz