24-cv-4779 (AMD)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ETAN LEIBOVITZ,

                              Plaintiff,

-against-

NEW YORK ASSISTANT ATTORNEY GENERAL NICOLE PROCIDA; NEW YORK STATE COURT OFFICERS MICHAEL ZEBRO and KENNETH COY; NEW YORK SRT COURT OFFICERS JOHN DOES 1-10; QUEENS ASSISTANT DISTRICT ATTORNEYS PHYLLIS WEISS; NEW YORK STATE COURT JUDGE JOHN KATSANOS,

                              Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WEISS'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12**

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
   *Attorney for Defendant Weiss*
   *100 Church Street*
   *New York, N.Y. 10007*

   *Of Counsel: Mamoon Saleemi*
   *Tel: (212) 356-2384*
   *Matter #: 2024-063552*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

RELEVANT PROCEDURAL AND FACTUAL BACKGROUND ........................................... 1

STANDARD OF REVIEW .................................................................................................. 3

ARGUMENT

    POINT I

        DEFENDANT WEISS IS ENTITLED TO IMMUNITY ................................................................................. 4

    POINT II

        THE DOCTRINE OF COLLATERAL ESTOPPEL BARS PLAINTIFF'S MALICIOUS PROSECUTION CLAIM AGAINST DEFENDANT WEISS ................................................................................. 7

    POINT III

        PLAINTIFF'S DENIAL OF DUE PROCESS CLAIM SHOULD BE DISMISSED AS DUPLICATIVE ........................................................................................ 8

CONCLUSION ................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases** **Pages**

Albright v. Oliver,
    510 U.S. 266, 114 S. Ct. 807 (1994)..............................................................................9

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009)..............................................................................................3, 4

Bd. of Regents v. Roth,
    408 U.S. 564, 92 S. Ct. 2701,
    33 L. Ed. 2d 548 (1972) ................................................................................................9

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)..................................................................................................3, 4

Betts v. Shearman,
    751 F.3d 78 (2d Cir. 2014)............................................................................................8

Cabello-Setlle v. Sullivan,
    2022 U.S. Dist. LEXIS 171695
    (S.D.N.Y. Sep. 22, 2022)..............................................................................................9

Cnty. of Sacramento v. Lewis,
    523 U.S. 833, 118 S. Ct. 1708,
    140 L. Ed. 2d 1043 (1998) ....................................................................................... 8-9

Curry v. City of Syracuse,
    316 F.3d 324 (2d Cir. 2003)..........................................................................................7

Davis Construction Corp. v. County of Suffolk,
    112 Misc.2d 652, aff'd 95 A.D.2d 819
    (2d Dep't 1983)..............................................................................................................5

Del Col v. Rice,
    No. 11-CV-5138, 2012 U.S. Dist. LEXIS 179095,
    2012 WL 6589839 (E.D.N.Y. Dec. 18, 2012) ..............................................................6

Derosa v. City of N.Y.,
    No. 12-CV-3114 (FB) (VMS), 2014 U.S. Dist.
    LEXIS 110758 (E.D.N.Y. Aug. 11, 2014).....................................................................8

Donohue Candy & Tobacco Co. v. Consumer Prod. Distribs.,
    422 F. Supp. 3d 637 (E.D.N.Y. 2019) ...........................................................................7

Giraldo v. Kessler,
    694 F.3d 161 (2d Cir. 2013).........................................................................................5

**Cases**                                                                                                                                                          **Pages**

Grasson v. Bd. of Educ. of Town of Orange,
    24 F. Supp. 3d 136 (D. Conn. 2014)......................................................................................9

Hill v. City of New York,
    45 F.3d 653 (2d Cir. 1995)......................................................................................5

Imbler v. Pachtman,
    424 U.S. 409 (1976)............................................................................................5, 6

International Audiotext Network, Inc. v. AT&T Co.,
    62 F.3d 69 (2d Cir. 1995)......................................................................................4

Jackson v. County of Nassau,
    No. 07-CV-0245 (JFB) (AKT), 2009 U.S. Dist.
    LEXIS 11547 (E.D.N.Y. Feb. 13, 2009) ...............................................................5

KBL Corp. v. Arnouts,
    646 F. Supp. 2d 335 (S.D.N.Y. 2009)..................................................................4

Kiryas Joel All. v. Vill. of Kiryas Joel,
    495 F. App'x 183 (2d Cir. 2012)............................................................................7

Kuar v. Mawn,
    No. 08-CV-4401 (JFB) (ETB), 2011 U.S. Dist.
    LEXIS 22209 (E.D.N.Y. Mar. 4, 2011)............................................................. 5-6

Leeds v. Meltz,
    85 F.3d 51 (2d Cir. 1996)......................................................................................4

Leibovitz v. Zimm,
    No. TS-300016-15-QU ..........................................................................................1

Magassouba v. City of N.Y.,
    No. 23-CV-3686 (KMK), 2024 U.S. Dist. LEXIS 105588
    (S.D.N.Y. June 12, 2024)..................................................................................5, 6

Narumanchi v. Board of Trustees,
    850 F.2d 70 (2d Cir. 1988)....................................................................................9

Nelkenbaum v. Jordy,
    No. 19 CV 7953 (VB), 2020 U.S. Dist. LEXIS 240776
    (S.D.N.Y. Dec. 22, 2020)......................................................................................6

Reyes v. City of N.Y.,
    No. 10-cv-1838, 2012 U.S. Dist. LEXIS 2104
    (E.D.N.Y. Jan. 6, 2012) ........................................................................................7

| **Cases** | **Pages** |

Rodriguez v. City of New York,
   10 Civ. 1849 (PKC), 2011 U.S. Dist. LEXIS 102725
   (S.D.N.Y. Sept. 7, 2011)......................................................................................................4, 5

Rother v. NYS Dep't of Corrections and Community Supervision,
   970 F. Supp. 2d 78 (N.D.N.Y. 2013)...........................................................................................8

Samuels v. Air Transportation Local,
   504, 992 F.2d 12 (2d Cir. 1993)..................................................................................................4

Velez v. Levy,
   401 F.3d 75 (2d Cir. 2005)..........................................................................................................8

Ying Jing Gan v. City of New York,
   996 F.2d 522 (2d Cir. 1993)....................................................................................................4, 6

**Statutes**

42 U.S.C. § 1983.............................................................................................................................7, 8

Fed. R. Civ. P. 12................................................................................................................................10

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1, 3, 4, 8

**PRELIMINARY STATEMENT**

On June 9, 2024, plaintiff Etan Leibovitz filed a Complaint alleging that defendant Phyllis Weiss, an Assistant District Attorney (hereinafter "Defendant Weiss"), maliciously prosecuted him after initiating criminal proceedings against him for charges stemming out his arrest on November 15, 2022. Liberally construing plaintiff's complaint to allege claims of malicious prosecution and denial of his right to due process against Defendant Weiss, Defendant Weiss now moves to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, the Complaint should be dismissed against Defendant Weiss because: (1) she is absolutely immune from suit; (2) plaintiff is barred from relitigating a claim for malicious prosecution under the doctrine of collateral estoppel because the very same claim was previously dismissed in plaintiff's action against the State of New York and; (3) plaintiff's due process claim is duplicative of his malicious prosecution claim.

**RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

In 2012, Plaintiff initiated a civil action in the Supreme Court of Queens County against his former business partners. Compl. ¶¶ 32, 39. The case, Leibovitz v. Zimm, No. TS-300016-15-QU (hereinafter "Contract Action"), was transferred to Civil Court. The Contract Action was later assigned to Judge Katsanos. Id. at ¶¶ 32, 57, 110. On November 15, 2022, Plaintiff appeared for a bench trial in the Contract Action. Id. at ¶ 32. No court reporter was available, but the courtroom's audio recording device (the "For the Record" or "FTR" system) recorded the proceedings in their entirety. Id. at ¶¶ 145-46, 280-81.

During the proceedings Plaintiff attempted to submit a CD that he claimed contained evidence supporting his claims. Id. at ¶¶ 32, 130-34, 155-56, 162. Judge Katsanos did not accept the CD, but offered plaintiff the opportunity to present his case. Id. at ¶ 163. Judge Katsanos then

stated "Let the record reflect that an object was thrown at the judge." Id. at ¶ 168. Moments later, plaintiff was arrested by the court officers. Id. at ¶ 171.

On November 16, 2022, plaintiff was arraigned in the Queens Criminal Court under Docket CR 028558-22QN on charges of Obstructing Governmental Administration in the Second Degree, Resisting Arrest, Criminal Contempt in the Second Degree, Attempted Assault in the Third Degree, and Harassment in the Second Degree. Compl. at ¶ 7. On January 25, 2023, Defendant Weiss offered plaintiff an Adjournment in Contemplation of Dismissal, which plaintiff declined. Id. at ¶ 9. On that same day, plaintiff "cautioned" Defendant Weiss to conduct a thorough investigation into his November 15, 2022 arrest. Id. at ¶ 10. On February 3, 2023 Defendant Weiss again offered plaintiff an ACD, which he declined. Id. at ¶ 12. On that same date, plaintiff again "cautioned" defendant to conduct a thorough investigation into his November 15, 2022 arrest. Id. On February 15, 2023, plaintiff emailed Defendant Weiss stating, "I am putting you on notice now – I am giving you until next week Monday (February 20th, 2023) to investigate. Failure to do so and I will be suing you in your investigative capacity as opposed to advocate role and your office[.]" Id. at ¶ 15. On February 17, 2023, Defendant Weiss moved to voluntarily dismiss plaintiff's criminal case. Id. at ¶ 17. The Court granted defendant's motion, and plaintiff's criminal case was dismissed. Id.

On July 11, 2023, Plaintiff filed an action against the State of New York in the New York Court of Claims, premised on the events of November 15, 2022 (hereinafter "State Action"). Compl. at ¶ 19. Plaintiff alleged *inter alia,* a claim for malicious prosecution against defendants Katsanos, Coy, and Zebro. See Ex. A. On December 13, 2023, Judge Vargas granted the State's Motion to Dismiss, in which he specifically dismissed the claim for malicious prosecution, finding that plaintiff failed to state a cause of action. See Ex. B at pp. 10-11.

2

Plaintiff filed the instant action on June 9, 2024.  See ECF No. 1. On September 11, 2024, Defendant Weiss filed a proposed briefing schedule on her anticipated motion to dismiss, which Your Honor subsequently granted.  See ECF No. 29.  On September 26, 2024 plaintiff filed a motion for an extension of time to amend the complaint.  See ECF No. 31.  On September 27, 2024, Magistrate Judge Bloom granted plaintiff's request, and ordered plaintiff to file his motion for leave to amend, and a proposed amended complaint, by October 27, 2024.  See Dkt. Entry dated September 27, 2024.  Thereafter, Defendant Weiss requested a stay of her briefing schedule, pending plaintiff's motion for leave to amend, which Magistrate Judge Bloom granted.  See ECF No. 32.

On October 25, 2024 plaintiff filed a request for an extension of time to file his motion for leave to amend.  See ECF No. 34.  Once again, Magistrate Judge Bloom granted the request and directed plaintiff to file his motion by November 13, 2024.  See Dkt Entry dated October 30, 2024.  On November 8, 2024, plaintiff filed a second request for an extension of time to file his motion for leave to amend.  See ECF No. 35.  On November 14, 2024, Magistrate Judge Bloom granted this request, ordered plaintiff to file his motion by December 5, 2024, and cautioned plaintiff that "no further extension shall be granted."  See Dkt Entry dated November 14, 2024.  On November 27, 2024, plaintiff filed a third request for an extension of time to file his motion for leave to amend.  See ECF No. 38.  Magistrate Judge Bloom denied this request, and ordered that if plaintiff did not file an amended complaint by December 5, 2024, Defendant Weiss's motion to dismiss shall be filed by December 11, 2024.  See Dkt. Entry dated December 4, 2024.  To date, plaintiff has not filed a motion for leave to amend his complaint or an amended complaint.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) dismissal after Twombly and Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

3

Rodriguez v. City of New York, 10 Civ. 1849 (PKC), 2011 U.S. Dist. LEXIS 102725, at *10 (S.D.N.Y. Sept. 7, 2011) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). "[A] plaintiff must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Rule 12(b)(6) should "'streamline litigation by dispensing with needless discovery and factfinding' where the plaintiff has failed to state a claim under the law." KBL Corp. v. Arnouts, 646 F. Supp. 2d 335, 346 (S.D.N.Y. 2009). The Second Circuit has held that in deciding a motion to dismiss the complaint pursuant to Rule 12(b)(6) a Court should consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transportation Local 504, 992 F.2d 12, 15 (2d Cir. 1993); International Audiotext Network, Inc. v. AT&T Co., 62 F.3d 69, 72 (2d Cir. 1995). In doing so, the Court must accept the factual allegations of the complaint as true. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

## ARGUMENT

### POINT I

**DEFENDANT WEISS IS ENTITLED TO IMMUNITY**

First, to the extent that Defendant Weiss is being sued in her official capacity, the claim is barred by the Eleventh Amendment. Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."). A "District Attorney is not an officer or employee of the municipality but is instead a quasi-judicial officer acting for the state in criminal matters," and is therefore entitled to sovereign immunity regarding decisions made and actions taken in the

4

prosecution of a criminal case. Id. at 535-536 (quoting Davis Construction Corp. v. County of Suffolk, 112 Misc.2d 652, aff'd 95 A.D.2d 819 (2d Dep't 1983); see also Jackson v. County of Nassau, No. 07-CV-0245 (JFB) (AKT), 2009 U.S. Dist. LEXIS 11547 at *11-*12 (E.D.N.Y. Feb. 13, 2009) (noting that county district attorneys and assistant district attorneys are state officials, who, when sued in their official capacities, are protected by Eleventh Amendment sovereign immunity). Thus, to the extent Defendant Weiss is being sued in her official capacity for her conduct during the prosecution of plaintiff, she enjoys the immunity conferred by the Eleventh Amendment. See id. at 536; see Rodriguez, 1996 U.S. Dist. LEXIS 5353, 1996 WL 197749, at *2 ("[W]hen sued in their official capacities for damages for [deciding whether to prosecute], prosecutors are cloaked with Eleventh Amendment immunity.")

Alternatively, to the extent Defendant Weiss is being sued in her individual capacity, she is entitled to absolute immunity. Absolute immunity bars civil suits against state actors for actions that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Magassouba v. City of N.Y., No. 23-CV-3686 (KMK), 2024 U.S. Dist. LEXIS 105588, at *13 (S.D.N.Y. June 12, 2024). To determine whether absolute immunity applies, the Second Circuit has prescribed a "functional approach." Giraldo v. Kessler, 694 F.3d 161, 165 (2d Cir. 2013) (quoting Hill v. City of New York, 45 F.3d 653, 660 (2d Cir. 1995). In other words, if "a reasonable prosecutor would view the acts challenged by the complaint as reasonably within the functions of a prosecutor," then absolute immunity bars the challenge. Giraldo, 694 F.3d at 166. The test is, therefore, an objective one. Hill, 45 F.3d at 662. Both the Supreme Court and Second Circuit have made clear that the decision regarding whether to initiate prosecution is a quintessential prosecutorial function that is entitled to absolute immunity. Kuar v. Mawn, No. 08-CV-4401 (JFB) (ETB), 2011 U.S. Dist. LEXIS 22209, at *15

5

(E.D.N.Y. Mar. 4, 2011) (citing Imbler, 424 U.S. at 431 (absolute immunity exists for "initiating a prosecution")); Ying Jing Gan, 996 F.2d at 530 ("A prosecutor thus has absolute immunity in connection with the decision whether or not to commence a prosecution.") Claims of malicious prosecution relate to a prosecutor's role as an advocate and, thus, prosecutors are absolutely immune from malicious prosecution claims. Magassouba v. City of N.Y., No. 23-CV-3686 (KMK), 2024 U.S. Dist. LEXIS 105588, at *14 (S.D.N.Y. June 12, 2024) (citing Del Col v. Rice, No. 11-CV-5138, 2012 U.S. Dist. LEXIS 179095, 2012 WL 6589839, at *5 (E.D.N.Y. Dec. 18, 2012)).

Plaintiff's claims of malicious prosecution and due process arise entirely around Defendant Weiss's "initiation and continuation" of plaintiff's criminal prosecution. See Compl.¶ 358. Although plaintiff alleges that he is bringing these claims against defendant in her "investigatory capacity," and not in her role as an advocate for the state, plaintiff's inartful attempt to mislabel quintessential prosecutorial functions do not change the analysis. Indeed, all of the complaint's allegations against Defendant Weiss describe conduct that occurred during the judicial phase of the criminal process, namely her decisions to both initiate and later dismiss plaintiff's criminal charges. Nelkenbaum v. Jordy, No. 19 CV 7953 (VB), 2020 U.S. Dist. LEXIS 240776, at *7 (S.D.N.Y. Dec. 22, 2020) ("prosecutorial immunity attaches to a decision to dismiss a case.")

Even if Defendant Weiss is not protected by absolute immunity she would still be protected by qualified immunity since there was at least *arguable* probable cause to prosecute plaintiff based on plaintiff's admission that Judge Katsanos provided a witness statement in which he stated that Plaintiff "threw an object at me." Compl. at ¶ 284-85. Plaintiff admits that the witness statement was provided to the staff at the Queens County District Attorney's Office. Id. at ¶ 33. Therefore, it cannot be said that no reasonable Assistant District Attorney presented with the same

6

information would not have prosecuted plaintiff. Accordingly, any claims against Defendant Weiss, in either her official or individual capacity, fail and should be dismissed.

## POINT II

### THE DOCTRINE OF COLLATERAL ESTOPPEL BARS PLAINTIFF'S MALICIOUS PROSECUTION CLAIM AGAINST DEFENDANT WEISS

Plaintiff's malicious prosecution claim is barred by the doctrine of collateral estoppel since the issue of probable cause was already determined in the State Action. A federal court "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Donohue Candy & Tobacco Co. v. Consumer Prod. Distribs., 422 F. Supp. 3d 637, 645 (E.D.N.Y. 2019) (citing Kiryas Joel All. v. Vill. of Kiryas Joel, 495 F. App'x 183, 186 n.1 (2d Cir. 2012)). Courts in this circuit have repeatedly barred § 1983 plaintiffs from relitigating in federal court issues decided against them in state criminal proceedings. See Reyes v. City of N.Y., No. 10-cv-1838, 2012 U.S. Dist. LEXIS 2104, at *9 (E.D.N.Y. Jan. 6, 2012) (collecting cases). Under New York law, collateral estoppel may be invoked to preclude a party from raising an issue (1) identical to an issue already decided; (2) in a previous proceeding in which that party had a full and fair opportunity to litigate; and (3) that is decisive in the present action. Donohue Candy & Tobacco Co. v. Consumer Prod. Distribs., 422 F. Supp. 3d 637, 645 (E.D.N.Y. 2019) (citing Curry v. City of Syracuse, 316 F.3d 324, 331 (2d Cir. 2003)). An issue is decisive "if it would prove or disprove, without more, an essential element of any of the claims set forth in the complaint." Donohue Candy & Tobacco Co. v. Consumer Prod. Distribs., 422 F. Supp. 3d 637, 645 (E.D.N.Y. 2019) (citing Curry, F.3d at 332). Moreover, collateral estoppel would still apply even though the state court only addressed Plaintiff's state-law claims. The doctrine requires an identity of issues, not of claims or causes of

7

action, and the existence of probable cause is a complete defense to claims malicious prosecution, whether based on § 1983 or state law.  See Derosa v. City of N.Y., No. 12-CV-3114 (FB) (VMS), 2014 U.S. Dist. LEXIS 110758, at *3 (E.D.N.Y. Aug. 11, 2014) (citing Betts v. Shearman, 751 F.3d 78, 82 (2d Cir. 2014)).

In the State Action, Plaintiff alleged a malicious prosecution against the State of New York arising from the very same arrest and prosecution which forms the basis of this federal action.  See Ex. A.  The Judge in the Court of Claims action dismissed the malicious prosecution claim after finding that plaintiff failed to demonstrate the absence of probable cause for his prosecution and also that the prosecution was commended with malice.  See Ex. B at pp. 10-11.  In fact, the Court of Claims held that probable cause for plaintiff's arrest and prosecution existed. Collateral estoppel, therefore, bars re-litigation of the probable cause issue, and mandates dismissal of Plaintiff's malicious prosecution claims against Defendant Weiss.

## POINT III

### PLAINTIFF'S DENIAL OF DUE PROCESS CLAIM SHOULD BE DISMISSED AS DUPLICATIVE

Plaintiff's claim of denial of his right to due process should be dismissed for failure to state a claim because it is duplicative of his malicious prosecution claim.  "To state a substantive due process claim, a plaintiff must allege that: (1) the complained-of state action compromised a constitutionally-protected liberty or property right, and (2) the state action that deprived him of that interest was oppressive or arbitrary."  Rother v. NYS Dep't of Corrections and Community Supervision, 970 F. Supp. 2d 78, 100 (N.D.N.Y. 2013) (citation omitted).  "For a substantive due process claim to survive a Rule 12(b)(6) dismissal motion, it must allege governmental conduct that 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'"  Velez v. Levy, 401 F.3d 75, 93 (2d Cir. 2005) (quoting Cnty. of Sacramento v.

8

Lewis, 523 U.S. 833, 847 n. 8, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)). "To establish a procedural due process claim, a plaintiff must prove (1) he has a property or liberty interest protected by the Constitution[] and (2) that government deprived him of that interest without due process.[]" Grasson v. Bd. of Educ. of Town of Orange, 24 F. Supp. 3d 136, 146 (D. Conn. 2014) (citing Bd. of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); Narumanchi v. Board of Trustees, 850 F.2d 70, 72 (2d Cir. 1988)).

Here, plaintiff's due process claim is predicated upon the exact same factual basis as his claim for malicious prosecution. Cabello-Setlle v. Sullivan, 2022 U.S. Dist. LEXIS 171695, at *31 (S.D.N.Y. Sep. 22, 2022). Where a particular Amendment provides an explicit constitutional protection against a particular sort of governmental behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing plaintiff's claim. Albright v. Oliver, 510 U.S. 266, 268, 114 S. Ct. 807, 810 (1994). Plaintiff does not allege any facts specific to the alleged denial of his due process rights but instead relies on the same facts asserted in support of his malicious process claim. For that reason, Plaintiff's due process claim fails because it is merely duplicative of his malicious prosecution claim, which is explicitly protected under other constitutional sources. Cabello-Setlle v. Sullivan, 2022 U.S. Dist. LEXIS 171695, at *31 (S.D.N.Y. Sep. 22, 2022).

## CONCLUSION

For the foregoing reasons, Defendant Weiss respectfully requests that the Court grant her motion to dismiss pursuant to Fed. R. Civ. P. 12, with prejudice together with such costs, fees, and other and further relief as the Court deems just and proper.

Dated:	New York, New York
	December 11, 2024

                                      MURIEL GOODE-TRUFANT
                                      Corporation Counsel of the
                                        City of New York
                                      *Attorney for Defendant Weiss*
                                      100 Church Street
                                      New York, New York 10007
                                      (212) 356-2384

                             By:	*/s/ Mamoon Saleemi*
                                   Mamoon Saleemi
                                   Assistant Corporation Counsel
                                   Special Federal Litigation

**BY FIRST-CLASS MAIL**
Etan Leibovitz
Plaintiff *Pro Se*
83-19 141st Street, # 207
Briarwood, NY 11435