IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

ETAN LEIBOVITZ,

               Plaintiff,

     v.

NEW YORK ASSISTANT ATTORNEY GENERAL NICOLE
PROCIDA; NEW YORK STATE COURT OFFICERS
MICHAEL ZEBRO and KENNETH COY;  NEW YORK SRT
COURT OFFICERS JOHN DOES 1-10; QUEENS ASSISTANT
DISTRICT ATTORNEYS PHYLLIS WEISS; NEW YORK
STATE COURT JUDGE JOHN KATSANOS.

               Defendants

-----------------------------------------------------------------------------X

**FILED
01/14/2025 12:04 AM
in the Clerk's Office
U.S. District Court,
EDNY, Brooklyn
Pro Se Office via
Electronic Submission**

Case No.: 2024 CV 4779
(AMD)(LB)

## PLAINTIFF'S MOTION FOR SANCTIONS
### REGARDING SUBMISSION OF FALSE AND MISLEADING DECLARATION BY DEFENDANTS JOHN KATSANOS, MICHAEL ZEBRO, KENNETH COY AND NICOLE PROCIDA'S ATTORNEY,  MICHAEL BERG

Plaintiff Etan Leibovitz, pursuant to Federal Rules of Civil Procedure ("FRCP") 11, respectfully moves this Court to impose sanctions on New York Assistant Attorney General Michael Berg ("Michael Berg"), attorney for Judge John Katsanos, Court Officers Michael Zebro and Kenneth Coy, and New York Assistant Attorney General Nicole Procida, for submitting a false and misleading declaration (ECF #24) in support of Defendants John Katsanos, Michael Zebro, Kenneth Coy, and Nicole Procida's Motion to Dismiss (ECF #23-27). In support of this motion, Plaintiff Etan Leibovitz states as follows:

On August 30th, 2024, Michael Berg filed a declaration in support of Defendants John Katsanos, Michael Zebro, Kenneth Coy and Nicole Procida's Motion to Dismiss, with accompanying Memorandum of Law and annexed exhibits,

**Exhibits 1 and 2**  the November 15th, 2022  two (2) For the Record Audio

Recordings ("two (2) For the Record Audio Recordings") produced from the New York State Office of Court Administration.

**Exhibit 3**    Etan Leibovitz's Verified Claim – New York Court of Claims Claim No. 139463 ("Claims Action").

**Exhibit 4**    Affirmation in Support of the State's Motion to Dismiss the Claims Action, executed by Defendant Nicole Procida on August 21st, 2023.

**Exhibit 5**    Decision and Order dismissing the Claims Action, signed by Judge Javier E. Vargas on December 13th, 2023.

Absent from Michael Berg's collection of exhibits is Plaintiff Etan Leibovitz's affidavit opposing the State of New York's Motion to Dismiss, Exhibit 4 Affirmation in Support executed by Defendant Nicole Procida, in connection with Claim # 139463. Notably, annexed to Plaintiff Etan Leibovitz's affidavit in opposition as Exhibit A is Captain Charles Hollon's November 15th, 2022, email which incorporates Defendant John Katsanos' witness statement to the Queens District Attorney's office.  (**See** Exhibit E Claimant's Affidavit in Opposition to Defendant the State of New York's Motion to Dismiss Exhibit A)  As shown in Plaintiff Etan Leibovitz's memorandum in support of this motion, Michael Berg's declaration contains false and misleading statements, and Michael Berg has violated FRCP 11(b)(1)(3) and (4). Alternatively, this Court has the inherent authority to sanction Michael Berg because of his false and misleading statements that were made in bad faith.

For the reasons discussed in Plaintiff Etan Leibovitz's memorandum in support of this motion, Plaintiff Etan Leibovitz requests that the Court enter an order: (1) specifically finding that Michael Berg filed his declaration in which he knowingly and in bad faith made false and misleading statements; (2) the Court censure Michael Berg for his actions described below; (3) Michael Berg's motion to dismiss (ECF #23-27) be stricken from the record; (4) Michael Berg should be ordered to prominently post a copy of this Order on the New York State Attorney General's website, **www.ag.ny.gov**, within ten (10) days from the date of this Order. The Order shall remain posted for a minimum of five (5) years. The Order must be placed under a new tab entitled "Latest Information," accompanied by the following description:

"Court Order censuring Defendants John Katsanos, Michael Zebro, Kenneth Coy, and Nicole Procida's attorney, New York Assistant Attorney General Michael Berg, for filing a false and misleading declaration in Defendants' Motion to Dismiss in the action pending in the Eastern

District Court, Docket # 2024-civ-4779 before District Judge Ann M. Donnelly and Magistrate Judge Lois Bloom. "

(5) Pursuant to **FRCP 11(c)(4)**   award Plaintiff Etan Leibovitz  against Michael Berg and the New York State Attorney General's Office of $85,235.25 to deter repetition of the conduct or comparable conduct by others similarly situated;  and (6) imposing such other sanctions as this Court deems appropriate.

Respectfully submitted,

Etan Leibovitz, Pro Se
83-19 141st Street
Briarwood, NY 11435
(917) 774-1455

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
--------------------------------------------------------------------X
                                                    )
                                                    )
ETAN LEIBOVITZ,                                     )
                             Plaintiff,             )
                                                    )
        v.                                          )
                                                    )
                                                    )
NEW YORK ASSISTANT ATTORNEY GENERAL NICOLE          )      Case No.: 2024 CV 4779
PROCIDA; NEW YORK STATE COURT OFFICERS              )           (AMD)(LB)
MICHAEL ZEBRO and KENNETH COY;  NEW YORK SRT        )
COURT OFFICERS JOHN DOES 1-10; QUEENS ASSISTANT     )
DISTRICT ATTORNEYS PHYLLIS WEISS; NEW YORK          )
STATE COURT JUDGE JOHN KATSANOS.                    )
                                                    )
                             Defendants             )
                                                    )
--------------------------------------------------------------------X
```

### ORDER IMPOSING SANCTIONS UPON
### DEFENDANTS JOHN KATSANOS, MICHAEL ZEBRO, KENNETH COY AND
### NICOLE PROCIDA'S ATTORNEY, MICHAEL BERG,
### FOR HIS SUBMISSION OF A FALSE DECLARATION

This matter comes before the Court on Plaintiff Etan Leibovitz's Motion for Sanctions Regarding Submission of a False and Misleading Declaration by Defendants John Katsanos, Michael Zebro, Kenneth Coy and Nicole Procida's Attorney Michael Berg, and any response thereto, the Court finds that the motion should be **GRANTED.**

The Court finds that on August 30th, 2024, Defendants John Katsanos, Michael Zebro, Kenneth Coy and Nicole Procida's attorney, Michael Berg submitted a declaration in support of Defendants John Katsanos, Michael Zebro, Kenneth Coy, and Nicole Procida's Motion to Dismiss. Michael Berg represents a sitting judge, two court officers, and his colleague, an Assistant Attorney General, all of whom have offered conflicting accounts of the events that occurred on November 15th, 2022, in Queens Civil Court, courtroom 302. Remarkably, none of their narratives align with the For the Record audio recording(s) purportedly documenting the proceedings that day.  Equally

troubling is the absence in Michael Berg's declaration of any indication that he undertook a reasonable inquiry with his own clients to verify whether the For the Record audio recordings he submitted as Exhibits 1 and 2 that he received from the Office of Court Administration accurately reflect the events that transpired in Queens Civil Court, courtroom 302, on November 15th, 2022. The Court also finds that Captain Charles Hollon's email from November 15th, 2022, which incorporates Defendant John Katsanos' witness statement, indicates that only one (1) For the Record audio recording should exist. The Court finds that if the two (2) For the Record audio recordings are taken as direct evidence, they do not demonstrate any indication that Defendants Kenneth Coy and Michael Zebro directed Plaintiff Etan Leibovitz to leave the courtroom and that Plaintiff Etan Leibovitz came back and threw a compact disc in Defendant John Katsanos' direction.

Accordingly, the Court further finds that Michael Berg's testimony in his declaration was false and misleading. Michael Berg had no evidentiary support or basis to make them, that he made them for an improper purpose of needlessly increasing the cost of litigation and to mislead the Court, and that he acted knowingly and in bad faith in making those misrepresentations. The Court further finds that the sanctions imposed by this Order are necessary in order to deter future misconduct by Michael Berg and the New York Attorney General's Office.

**IT IS THEREFORE ORDERED** that:

(1) The Court hereby censures Michael Berg for his actions described above.

(2) Michael Berg's motion to dismiss (ECF #23-27) is hereby stricken from the record.

(3) Michael Berg is hereby ordered to prominently post a copy of this Order on the New York State Attorney General's website, **www.ag.ny.gov**, within ten (10) days from the date of this Order. The Order shall remain posted for a minimum of five (5) years. The Order must be placed under a new tab entitled "Latest Information," accompanied by the following description:

> "Court Order censuring Defendants John Katsanos, Michael Zebro, Kenneth Coy, and Nicole Procida's attorney, New York Assistant Attorney General Michael Berg, for filing a false and misleading declaration in Defendants' Motion to Dismiss in the action pending in the Eastern District Court, Docket # 2024-civ-4779 before District Judge Ann M. Donnelly and Magistrate Judge Lois Bloom. "

(4) **FRCP 11(c)(4)**    An award against Michael Berg and the New York State Attorney General's Office of $85,235.25 to deter repetition of the conduct or comparable conduct by others similarly situated.

SO ORDERED this ___ day of _____, 2025

_____
Ann M. Donnelly
United States District Judge

CC:

Michael A. Berg
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street, 17th Floor
New York, N.Y.  10005
(212) 416-8651

Mamoon Saleemi
Assistant Corporation Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street
New York, N.Y. 10007
(212) 356-2384

## <u>CERTIFICATE OF SERVICE</u>

I declare under penalty of perjury that, on December 22nd, 2024, I served the foregoing Plaintiff Etan Leibovitz's Motion for Sanctions Regarding Submission of False and Misleading Declaration by Defendants John Katsanos, Michael Zebro, Kenneth Coy and Nicole Procida's Attorney, Michael Berg; and Supporting Memorandum with annexed exhibits and hyperlink to download audio files, by email:

Michael A. Berg                                      Mamoon Saleemi
Assistant Attorney General                           Assistant Corporation Counsel
Office of the New York State Attorney General        Special Federal Litigation Division
28 Liberty Street, 17th Floor                        New York City Law Department
New York, N.Y. 10005                                 100 Church Street
Michael.berg@ag.ny.gov                               New York, N.Y. 10007
                                                     MSaleemi@law.nyc.gov

_____
Etan Leibovitz

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
)
)
ETAN LEIBOVITZ,                                                          )
                          Plaintiff,                                     )
                                                                        )
          v.                                                            )
                                                                        )
                                                                        )
NEW YORK ASSISTANT ATTORNEY GENERAL NICOLE   )          Case No.: 2024 CV 4779
PROCIDA; NEW YORK STATE COURT OFFICERS       )               (AMD)(LB)
MICHAEL ZEBRO and KENNETH COY; NEW YORK SRT  )
COURT OFFICERS JOHN DOES 1-10; QUEENS ASSISTANT)
DISTRICT ATTORNEYS PHYLLIS WEISS; NEW YORK   )
STATE COURT JUDGE JOHN KATSANOS.             )
                                                                        )
                          Defendants                                    )
                                                                        )
------------------------------------------------------------------------X

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS
REGARDGING SUBMISSION OF FALSE AND MISLEADING DECLARATION BY
DEFENDANTS JOHN KATSANOS, MICHAEL ZEBRO, KENNETH COY AND NICOLE
PROCIDA'S ATTORNEY MICHAEL BERG

Plaintiff Etan Leibovitz states the following in support of his motion for sanctions regarding submission of a false and misleading declaration by Defendants John Katsanos, Michael Zebro, Kenneth Coy, and Nicole Procida's Attorney, Michael Berg.

**INTRODUCTION**

Michael Berg represents a sitting judge, two court officers, and his colleague, an Assistant Attorney General, all of whom have offered conflicting accounts of the events that occurred on November 15th, 2022, in Queens Civil Court, courtroom 302. Remarkably, none of their narratives align with the For the Record audio recording(s) purportedly documenting the proceedings that day.  Equally troubling is the conspicuous absence in Michael Berg's declaration of any indication that he undertook a reasonable inquiry with his own clients to verify whether the For the Record audio recordings he submitted as Exhibits 1 and 2 accurately reflect the events that transpired in

Queens Civil Court, courtroom 302, on November 15th, 2022. As demonstrated below, Michael Berg has knowingly and in bad faith misrepresented the facts in an attempt to mislead this Court. Such conduct warrants the imposition of sanctions under FRCP 11 and the Court's inherent authority. Plaintiff Etan Leibovitz respectfully requests that this Court make specific findings that Michael Berg knowingly and in bad faith submitted a false declaration. Plaintiff Etan Leibovitz further requests that the Court impose any other sanctions it deems just and appropriate under the circumstances.

## **BACKGROUND**

### **Michael Berg Reaches Out To Plaintiff Etan Leibovitz via Email**

On July 29th, 2024, at 3:31 PM, Michael Berg emailed Plaintiff Etan Leibovitz, informing him that his Office represents Defendants Nicole Procida and John Katsanos. Michael Berg also indicated the potential for representing New York State Court Officers Defendants Michael Zebro and Kenneth Coy. Michael Berg noted that Defendant Nicole Procida was served at the Office of the Attorney General on July 18th, 2024, with her response due by August 8th, 2024. He further acknowledged that Defendants John Katsanos, Michael Zebro and Kenneth Coy were served at the Queens County courthouse on July 26th, 2024, requiring their responses by August 16th, 2024. In the interests of judicial economy and case management, Michael Berg proposed responding on behalf of all named defendants simultaneously and requested consent to extend the response deadline to August 30th, 2024. This would provide a two-week extension for Defendants John Katsanos, Michael Zebro, Kenneth Coy and a three-week extension for Defendant Nicole Procida. The justification for the extension included:

> **"The extension is needed to allow sufficient time to evaluate the allegations of the Verified Complaint, review the available evidence, and formulate each State Defendant's response to each of the thirteen claims against them in their official and individual capacities. The time is also necessary to accommodate certain defendants' previously scheduled travel arrangements."**

Michael Berg requested a response to the proposed extension by 5:00 PM the following day.  On

July 29th, 2024, at 3:54 PM, Plaintiff Etan Leibovitz emailed Michael Berg, requesting that he call him on his cell phone to discuss the email Michael Berg had sent earlier that day. At 5:04 PM, Michael Berg responded via email, notifying Plaintiff Etan Leibovitz that he would call him the following day.

## Michael Berg and Etan Leibovitz Converse via Phone

On July 31st, 2024, at 9:41 AM, Plaintiff Etan Leibovitz returned Michael Berg's missed call from earlier that morning. Initially, Plaintiff Etan Leibovitz attempted to call Michael Berg's office number at (212) 416-8651 from his cell phone; however, the call did not go through because Michael Berg's office still had Plaintiff Etan Leibovitz's cell number blocked. (See ECF #1 First and Second Claim for Relief averments 315-325). Subsequently, Plaintiff Etan Leibovitz placed another call to Michael Berg, which went through successfully due to his use of the *67 feature to overcome the obstruction from Michael Berg's office, dialing *67-212-416-8651. (The *67 feature is a telephone service function that allows callers to block their phone number from being displayed on the recipient's Caller ID. When *67 is dialed before a phone number, it temporarily disables the Caller ID information for that specific call, showing "Private," "Blocked," or "Unknown" instead of the caller's actual number.) The phone conversation lasted over 38 minutes. A true and complete copy of this recording is attached hereto as Exhibit A: July 31, 2024, 9:41 AM Phone Call between Plaintiff Etan Leibovitz and Michael Berg. [1]

The phone call between Plaintiff Etan Leibovitz and Michael Berg covered several topics regarding the litigation and the procedural and ethical conflicts in the case. Below is a summary of the key points discussed and key quotes:

## First Topic: Phone Blocking Issue

Plaintiff Etan Leibovitz began the call by first addressing that his cell number was still blocked by the New York Attorney General's office. Michael Berg claimed he was working on resolving the issue and acknowledged the importance of open communication, given Plaintiff Etan

---

[1] Download the file at the following hyperlink
https://u.pcloud.link/publink/show?code=XZVAB55Z9zmXA35cqJJrsgPMVUGjMSBH1YAk

Leibovitz's status as a pro se litigant, stating in part:

> "My understanding, my understanding is that that is going to be resolved, because I want to be, I want you to be able to call me about this case. **So I spoke with somebody yesterday, and I will follow-up on that.** I can't speak for the rest of the office or what happened, during the litigation to the court of claims. But at least as far as you calling this number, my desk number, I'm, I'm working on resolving that so you can get through to me directly because you should be able to you are pro se, representing yourself in this new litigation, and I'm assigned to the defense of it. So we should be able to talk."

**Second Topic: Request for Enlargement of Time:**

Plaintiff Etan Leibovitz questioned Michael Berg's request for an extension to file a response, emphasizing the need for clarity on how Michael Berg planned to use the additional time. Michael Berg explained the extension was necessary to evaluate the allegations, review evidence, and prepare responses for the defendants. In an excerpt from the July 29th, 2024 phone call Michael Berg says:

> "Okay, as part of my investigation I want to speak with **certain people and review certain evidence** concerning your arrest on November 15th, 2022 in the hallway with Queens Court, and I want to, formulate, you know, an initial or tentative view about, your allegation that excessive force was involved. And when I and I also want to look at the law the legal, you know do a little bit of legal research even though I have dealt with these issues before. It is always good to be up to date and evaluate your claim for excessive force. That's what I mean by investigating. I do not mean looking into allegations you have made in the past that you are frustrated or not investigated. So, so that I hope that clarifies it."

Plaintiff Etan Leibovitz then responds,

> "... There's 2 FTR audio files. If the narrative in the witness statement that Judge Katsanos gave was legit, there should only be one audio file. Do you understand? So you have, there was never ever probable cause to ever touch me. You understand? Their story is"

For which Michael Berg responds, "**Not, Not entirely, but I will certainly listen to any audio.**"

As the conversation continued Michael Berg resisted providing detailed specifics on his investigative plans. Plaintiff Etan Leibovitz raised concerns about Michael Berg's ability to

represent his colleague, Nicole Procida, due to a potential conflict of interest. Michael Berg declined to directly address whether his representation posed a conflict. **Plaintiff Etan Leibovitz demanded transparency, stating he is willing to consent to the enlargement of time on the condition that Michael Berg is held to account by reporting to the Court, under seal, on the steps taken during the extended time, including who was contacted and what evidence was reviewed.** Michael Berg resisted sharing such details, citing attorney-client privilege and work product doctrine. Plaintiff Etan Leibovitz accused Michael Berg's office of failing to investigate his original claims, alleging malfeasance and conflicts of interest within the New York State Attorney General's Office. Plaintiff Etan Leibovitz also expressed frustration with perceived obstruction and systemic misuse of state resources. Plaintiff Etan Leibovitz repeatedly warned Michael Berg against misrepresenting facts or violating professional ethics, citing legal consequences, including a bar complaint and personal liability under judicial law section 487. Plaintiff Etan Leibovitz highlighted the existence of two (2) For the Record audio recordings, arguing they contradicted the narrative provided by Defendant John Katsanos and Defendants Michael Zebro and Kenneth Coy. He pressed Michel Berg to investigate the veracity of the defendants' statements and the audio evidence. The conversation grew tense, with Plaintiff Etan Leibovitz accusing Michael Berg of dishonesty and systemic bias. Michael Berg urged for civility and focused on procedural cooperation, but Plaintiff Etan Leibovitz maintained a firm stance on holding Michael Berg accountable for his actions and representations. Plaintiff Etan Leibovitz concluded the call by informing Michael Berg that the conversation had been recorded and would be submitted to the Court. He reiterated his intent to hold Michael Berg accountable for any perceived misconduct in the case.

## Michael Berg Files His Notice of Appearance and His Enlargement of Time Letter Motion

On July 31st, 2024, Michael Berg filed his notice of appearance with an incorrect case caption (ECF #11) alongside his letter motion requesting an enlargement of time (ECF #10) on the New York Eastern District Court Docket under the following case 2024-civ-4779 (AMD)(LB) Leibovitz v. New York Assistant Attorney General Nicole Procida et al. In his July 31st, 2024, letter motion, Michael Berg included the following language to explain why Plaintiff Etan Leibovitz refused to consent to the request for an extension of time:

"There has been no prior request for an extension of any deadline in this litigation. Granting this request would not affect any other dates or deadlines set by the Court. **By telephone this morning, Plaintiff refused to consent to the extension unless State Defendants and their counsel agreed to share details of their efforts to investigate the facts, research the law, and develop their response. I advised him that State Defendants and this Office are unwilling to share this attorney work product. As a result, Plaintiff has not consented to the requested extension.**"

## Michael Berg and Etan Leibovitz Engage in a Phone Conversation Following the Filing of Michael Berg's Enlargement of Time Letter Motion

On July 31st, 2024, at 4:18 PM, Michael Berg contacted Plaintiff Etan Leibovitz on his cellphone. Prior to answering the call, Plaintiff Etan Leibovitz activated his recording application. The subsequent conversation lasted 16 minutes and 1 second. A true and complete copy of this recording is attached hereto as Exhibit B: July 31st, 2024, 4:18 PM Phone Call between Plaintiff Etan Leibovitz and Michael Berg.[2]  The phone call centered on procedural and substantive issues related to Michael Berg's request for an enlargement of time. The following conversation occurred in part:

> **Michael Berg:**  And if you continue being rude, I won't answer the question.
> **Etan:** You don't have to? I will move for sanctions. I asked you a simple question. Did she (Nicole Procida) hand it over to you? You're now lying to court. You're asking for an enlargement of time because you gotta speak to these people. Did your colleagues speak to anybody  with regards to the cause of, court of claims action? That's it. Very simple question.
> **Michael Berg**:  Would you like me to answer your question or would you like to keep
> **Etan:**  It's a simple yes or no. Did she hand over anything to you? Because you know what? If you say yes if you say no, she never conducted an investigation. If you
> **Michael Berg:**  Alright Mr. Leibovitz, you don't wanna hear my answer.
> **Etan:**  It's, I just want a yes or no answer. I am asking you a very No. I'm I I don't want an open ended question. I'm asking, did she hand it over to you?
> **Michael Berg:**  I am not going to divulge attorney divulge attorney client.
> **Etan:**  It has nothing to do with it.  You just lied to the court. You said you needed

<hr>

[2]  Download the file at the following hyperlink
https://u.pcloud.link/publink/show?code=XZW3K55ZOz9Q2rILDYJGAx78yHPOVYhE1IaV

more time. I'm asking you a simple question so I could give the district judge notice. Did your colleague, is this redundant work or is this gonna be primary work, the first time you ever reach out to these people? Your, clients.

**Michael Berg:** Can I ask you a question?

**Etan:** I don't give a shit. You're now in checkmate. That's why you're acting this way. If you guys actually did your jobs and Nicole Procida, you would have never asked for enlargement time. You're now exposed. Your office never reached out to these people, never conducted an investigation.

**Michael Berg:** May I ask you a question?

**Etan:** I'm done. I'm asking this the last time and then I'm going. I'm gonna write my letter. This was the only question I asked. I don't need you to obfuscate. Did you

**Michael Berg:** I just wanna ask you a question.

**Etan:** Did Nicole Procida, I'm now gonna also submit this, recording. I asked you a simple question. You're caught in a lie. Did you also lie about the, removing, what's it called? The block number (to my phone). And you lied. So you know, I'm telling you this. I'm now gonna sue your ass, move for sanction, and bar complaints. I'll ask you another question. Do you know this lady named Nicole? I'll give you the last name in a second. She speaks

**Michael Berg:** So

**Etan:** You're a criminal, she says.

**Michael Berg:** Nicole Procida said that?

**Etan:** Not Nicole Procida I said the other lady who's dealt with you, her name's Nicole. I'll give you the exact name. And I'm telling you this, I already know Kenny Ward and I already know you're corrupt. I'm telling you, you guys are gonna get off this fucking case, dude. You're a piece of shit, Mr. Berg.

A few minutes later …

**Michael Berg:** Are you going to let me answer or are you just going to run your mouth?

**Etan:** Mr. Berg, you're testing my patience here. I'm asking you a simple question right now.

**Michael Berg:** Are you gonna let me answer?

**Etan:** Go answer. Did she give you the work product**? I'm not asking you what's in the work product. Did she transfer it to you? And now you're lying to the court because this is gonna be the first time you guys conduct an investigation and speak to the defendants.**

**Michael Berg:** I will try again to answer if you dont cut me off, what is between Nicole Procida and me is work product and attorney client privilege and I am not going to tell you about it

A few minutes later

**Etan:** Mr. Berg, according to your client, Mr. Katsanos, it's supposed to be 1 FTR file. Correct? If he told the truth. Mr Berg.

**Michael Berg:** You will see my answer.

**Etan:** I'm not looking for your answer. I'm now addressing to you, with you, so you can't lie. If you lie, if you now use perjury if you now lie and misrepresent the facts, I'm gonna sue you. So now there's no plausible deniability, Mr. Berg. I'm now discussing with you. Your client, Mr. Katsanos, in his witness statement

**Michael Berg:** You mean Judge Katsanos, You mean Judge

**Etan:** States that there's what's it called? He, he what's it called? He turned the FTR off and never turned it back on. Correct? So according to him, there's supposed to be one FTR file. Right?

**Michael Berg:** I don't wanna talk about these details with you.

**Etan:** I wanna talk with you now. So now if you lie.

**Michael Berg:** All I wanted was an extension of two or three weeks.

**Etan:** Alright. But now I'm discussing with you. So now, Mr., Mr. Berg, I'm putting you on notice. If you lie

**Michael Berg:** Don't put me on notice

## Michael Berg Refiles His Notice of Appearance

On August 1st, 2024, Michael Berg corrected and refiled his notice of appearance after Plaintiff Etan Leibovitz alerted him to the error (ECF #12). This notice of appearance formally notified the Court that Michael Berg is appearing in this action on behalf of New York State Assistant Attorney General Nicole Procida, New York State Court Officer Kenneth Coy, Michael Zebro, and Judge John Katsanos.

## Judge Bloom Grants Michael Berg's Application For An Enlargement of Time

On August 1st, 2024, Judge Bloom granted Michael Berg's application for an enlargement of time without providing Plaintiff Etan Leibovitz an opportunity to object to his letter motion (ECF #10) or to establish a clear and accurate record of the conversations that occurred between Plaintiff Etan Leibovitz and Michael Berg on July 31st, 2024. Fortunately for Plaintiff Etan Leibovitz, the conversations were recorded (ECF #21).

**New York State Attorney General's Office Removes Ban On Plaintiff Leibovitz's Phone**

On August 7th, 2024, the New York Attorney General's Office finally lifted the block on Plaintiff Etan Leibovitz's cellphone.

**Michael Berg and Etan Leibovitz Engage in a Phone Conversation about Plaintiff Etan Leibovitz Executing a CPL 160.50 Form**

On August 14th, 2024, at 5:01 PM, Michael Berg contacted Plaintiff Etan Leibovitz on his cellphone. Prior to answering the call, Plaintiff Etan Leibovitz activated his recording application. The conversation lasted 12 minutes and 54 second. A true and complete copy of this recording is attached hereto as Exhibit C: August 14th, 2024, 5:01 PM Phone Call between Plaintiff Etan Leibovitz and Michael Berg. [3] Twenty-four seconds into the call, Plaintiff Etan Leibovitz stated the following to Michael Berg, "I just wanted to check in on you. I know the judge granted your application and you got until, what, the end of August? I was wondering, how's the investigation going?" Michael Berg doesn't answer Plaintiff Etan Leibovitz's inquiry but instead states, "I am going to be sending you a form, and request that you execute it so that I can obtain the records from your criminal case, the one that was dismissed." Plaintiff Etan Leibovitz inquires asking Michael Berg the following, "**Wait a minute, why are you requesting this. Shouldn't your colleague (Defendant) Nicole Procida have it**?

**Eight seconds of silence ensues**

**Michael Berg:**  I am requesting it because I am assigned to the defense of this litigation, and your complaint refers to the affidavit, the deposition, and the and the indictment, and
**Etan:** Indictment??
**Michael Berg:**  I want to get the not not the indictment. Sorry, the criminal complaint.
**Etan:**  Yeah..
**Michael Berg:**  And the supporting deposition, and you refer to those in your complaint, and they are matters that the court can consider on a motion to dismiss. But I want to get them through proper channels, meaning through a release executed by you. So I will be sending you that.
**Etan:**  Here's the thing. So we're on the same, what's it called wavelength. Your

---

[3] Download the file at the following hyperlink
https://u.pcloud.link/publink/show?code=XZl3K55Z9nXG8IFSqP4Thu3GiFyMXHHXFPrV

colleague, Nicole Procida, defended the state in the court of claims. Why don't you just get it from her? Because she doesn't have it. She lied to the court. Correct, Mr. Berg? Now I'm gonna tell you I'm not consenting to it because you should have it already. So do not even tell the Court what I wanna write. Tell, if you're gonna tell the court they're gonna reach out to them, tell them that you want and I want time to respond. And then I will draft the letter in response to what you make, and I will ask you to submit it on your end so it saves time so I don't have to mail it in. I've already mailed something in already.

**Michael Berg:** I'm not I'm not sure about the procedures that you're discussing. I'm gonna send this to you first.

**Etan:** Then I'm telling you right now, Mr. Berg, I'm declining. You should have it already in your ...

**Michael Berg:** No. No. I I need to I need to send it to you. I need you to to decline.

**Etan:** Yes. I'm now telling you I'm telling you right now. I'm declining. You should have it because according to you, your client has work product. Did she give it to you? I'm not inter

**Michael Berg:** You're gonna decline you're going to decline whatever whatever form I send it in, you're gonna decline to sign a a release for your criminal case record.

**Etan:** Not that I'm declining based on that. I'm declining because you should have it already. I don't feel like doing double the work. Your client was representing the state and should have it and she should've investigated. Correct? But she never did. Your office never investigated. So this is further substantiating the malfeasance committed by your colleague.

**Michael Berg: <u>I'm just a simple country lawyer and I'm just calling you with a...</u>**

       A few seconds later

**Etan:** Mr. Berg, let's establish this..

**Michael Berg:** you dont have to agree to it

**Etan:** Mr. Berg, Mr. Berg, you just, I reached out to you returned my call. Now you're asking me to sign a form so that you could gain access to the records on the criminal matter. Correct?

**Michael Berg:** Precisely.

**Etan:** Right. So now I asked you, why don't you get the work product from your colleague who represented the state are you telling me she never gave it to you?

**Michael Berg:** I'm neither telling you, I'm not telling you anything about that. I'm not answering your questions.

**Etan:** So I'm telling you, Mr Berg, I don't feel like doing double the work. So I'm gonna ask you a simple direct question. Did your colleague conduct an investigation?

**Michael Berg:** As I said, I'm not answering your question.

**Etan:** So when you answer that question, I'll entertain your request.

**Michael Berg:** Aha

**Etan:** Because I don't feel like doing double the work. I don't get paid to prosecute this case. You do.

**Michael Berg:** Now, I understand that that was what I had in mind when, when I got your message, so that is what I raised. Was there a purpose for you to call me?

**Etan:** Yes, that was the first thing I asked you. I said, how for art thou? You didn't like, you didn't appreciate my Shakespeare. So then I asked you..

**Michael Berg:** I didnt understand it at first.

**Etan:** Right...Because there's a lot of things you don't understand. Your goal is to conflate. And I told you, I already put you on notice. If you misrepresent the facts to the court, you will be sued. I also told that to your colleague, Mr. Saleemi. And he's taking this very seriously now.

**Michael Berg:** Who's Mr. Saleemi? You mean you mean the, attorney for the DA's office?

**Etan:** Correct. I put him on notice. He admitted and conceded there are 2 FTR files. You don't admit to it right now. So I'm putting you on notice once again. Let's rehash everything. You're asking me..

**Michael Berg: By the way I'm sorry. Missus, may I ask you something? You you said, last time we spoke on the phone, I I think it was about a week ago, you said, you may have put this in an email actually, but you said you were going to send me....**

**Etan:** A cease and desist letter.

**Michael Berg: certain recordings (Plaintiff Etan Leibovitz's November 15th, 2022 audio file) so that I couldn't deny that I had them.**

**Etan:** Correct.

**Michael Berg:** Have you sent those to me yet?

**Etan:** No. There will be I told you midweek. So I still got till, till tonight. Correct? It's the audio file. Now I'm gonna ask you this. Let's go back again. You're, you're representing, Judge Katsanos. Correct?

**Michael Berg:** Well, you know who I am representing....

**Etan:** I,  I don't assume anything anymore.  I don't even know if you're representing Michael Zebro. I don't even know if you're representing the 10 John John Does. But I have to ask the court to what's it called to have a hearing because I filed a FOIL request to get the names of these John Does and your colleague's wouldn't give it to me.

**Michael Berg:** I don't know anything about that.

**Etan:** Of course you dont because plausible deniability...But let's discuss the matter here. We, we also sent you multiple emails where you only addressed 5 of my, 2 of my concerns as opposed to the 5 for obvious reasons. But we have it memorialized. So when I need to submit that as, part of an exhibit, if I need to sue you, we, you can't say, oh, I never read it. Didn't know anything about it. Anyway, let's move forward. I asked you a simple question after my Shakespeare, what's it called? Monologue. I asked you how far out thou. I then ask you, you have time to conduct an investigation, have you? What have you done?

**Michael Berg:** Okay - I am not going to answer your questions about any investigation and if that is your purpose of your call we are going to need to close this out. So,

**Etan:** Alright. Hold on. Hold on. Hold on. Hold on. Hold on. Hold on. Hold on. Hold on. Hold on.

**Michael Berg:** Anything else on your mind?

**Etan:** Mr. Berg, you made the following representation to judge Bloom. You said it you said you needed an enlargement of time because you were gonna conduct an

investigation. You also told me you were gonna look up the law and that the, timing schedule with regards to vacations were conflicting. Correct?

**Michael Berg:** The letter says what the letter says.

**Etan:** You see, you can't even tell me exactly what you wrote because you're when you tell the truth, you can't you could speak, freely. You can't.

**Michael Berg:** I'm not your witness, Mr. Leibovitz.

**Etan:** I'm not talking about your witness. You,  I'm I'm asking you,  I'm giving you enough rope to hang yourself, Mr. Berg.  At the end of the day, you asked you needed time, an enlargement of time so you could conduct an investigation, look up the law, which is kind of crazy because you could just get your work product from your client, Nicole Procida. Now let's just go back again because I don't want to use you have short term memory. We discussed your witness statement made by Judge Katsanos in Mr. Hollon's email to the employees at the DA's office on November 15th in the late morning. He gives the witness statement to a, whats it called the DA's office, right, he gives a summary, or whatever, not even a summary, its direct words of Judge Katsanos. He said he got distracted by me and he never turned on the FTR.

**Michael Berg:** Alright.

**Etan:**  So wait a minute. No. No.  Mr.  Berg. So according to no, no. According to if your colleague, mister, colleague. If your client, Mr.  Katsanos, is telling the truth, there should be one FTR file. Correct?

**Michael Berg:** Alright well, if you're gonna perseverate about this, I'm gonna hang up.

**Etan:**  No. No. Please don't hang up, Mr. Berg. You're hanging up.

**Michael Berg**:  I'm not I'm not your witness.

**Etan:**  Mr. Berg, Mr. Berg, then

**Michael Berg:** We the facts of the case.

**Etan:** The way you're acting now....

**Michael Berg:** I'm preparing a motion to dismiss your claims and, and just, you know, essentially, I'll see you in court.

**Etan:** Mr. Berg, I'm just gonna rehash. There's no plausible deniability. And you make misrepresentations to the court in violation of the, judicial law 487. There's one FTR according to your client. If he was telling the truth, because how many times are we lying here by your client and everybody else? He said in what? That he got distracted and he never turned the FTR back on. So why are there 2 FTR files, Mr. Berg? Mr. Berg?

**Michael Berg:**  As I said, I'm not your witness.

**Etan:**  Mr. Berg, it has nothing to do with witness. We just established that there's 2 FTR files and your clients. So you don't say, Oh, I didn't know. I didn't read it. Maybe I didn't understand what my client said. Oh, I didn't talk to him or he told me something else. According to your client, he said he couldn't he didn't turn it back on. So it should have been only one FTR. There's 2 FTRs. So your client lied. Do you understand?

**Michael Berg:** We are now at 9 minutes and 48 seconds, and I've had enough of your meeting, so I wish you a good day.


On August 30th, 2024, Michael Berg filed a declaration in support of Defendants John

Katsanos, Michael Zebro, Kenneth Coy and Nicole Procida's Motion to Dismiss, with accompanying Memorandum of Law and annexed five exhibits. Absent from Michael Berg's collection of exhibits is Plaintiff Etan Leibovitz's affidavit opposing the State of New York's Motion to Dismiss Claim # 139463.

On October 17th, 2024, at 4:36 PM, Plaintiff Etan Leibovitz emailed and served both Michael Berg and Defendant Phyllis Weiss' attorney, Assistant Corporation Counsel Mamoon Saleemi ("Mamoon Saleemi") with an audio file dated November 15th, 2022, which documents events related to his false arrest, (ECF 1 Verified Complaint ¶¶ 136). The email included the following hyperlink:

https://u.pcloud.link/publink/show?code=XZRGNk0ZAfJ4yB4WH5QfbeQ36FDbbunQtDPk

**Exhibit D** Etan Leibovitz's November 15th, 2022 Audio Recording[4]

This link provided Michael Berg and Mamoon Saleemi access to download Plaintiff Etan Leibovitz's November 15th, 2022, audio file. Plaintiff Etan Leibovitz concluded his email by requesting confirmation that they had successfully downloaded the file. On October 18th, 2024, at 10:32 AM, Mamoon Saleemi responded via email, confirming that he had successfully downloaded the audio file. However, on October 17th, 2024, at 4:47 PM, Michael Berg sent a response email to Plaintiff Etan Leibovitz, stating that when he clicked on the hyperlink, he received an error message: "This page cannot be reached." It ultimately took Michael Berg's Information Technology ("IT") department thirteen (13) days to successfully download the file. During this period, on October 22nd, 2024, at 5:30 PM, Plaintiff Etan Leibovitz sent an email to Michael Berg informing him of his intent to submit a Freedom of Information Law ("FOIL") request for all documents and communications between Michael Berg and his IT team. The following day, on October 23rd, 2024, at 11:10 AM, Plaintiff Etan Leibovitz sent a follow-up email notifying Michael Berg that this was his final request for confirmation of successful download before informing the Court. In this same email, Plaintiff Etan Leibovitz also inquired about the specific IT personnel Michael Berg had been in contact with regarding the issue.

---

[4] Download the file at the following hyperlink
https://u.pcloud.link/publink/show?code=XZRGNk0ZAfJ4yB4WH5QfbeQ36FDbbunQtDPk

On November 7th, 2024, at 11:44 AM, Plaintiff Etan Leibovitz sent an email to Michael Berg titled "Calls to the New York Attorney General's Office any number"  after he discovered that his phone calls to the New York Attorney General's Office were being redirected to Micaherl Berg. The email reads,

> "Mr. Berg,
>
> Could you explain why any phone call I make to numbers associated with the office referenced above is redirected to you? If I use the *67 feature, the calls go through without issue.
>
> Best regards,
> Mr. Leibovitz"

On December 4th, 2024, at 11:43 AM, Plaintiff Etan Leibovitz received an automated reply email from Michael Berg's office acknowledging his FOIL request, which was assigned the identification number G000809-120424. The email also informed Plaintiff Etan Leibovitz that he would receive a written acknowledgment of the receipt of his request, along with a statement specifying the approximate date by which his request would be granted or denied. The FOIL request sought any documents and communications between Michael Berg and his IT department regarding the downloading of the November 15th, 2022, audio file. It specifically referenced the October 17th, 2024, email and the included hyperlink. At 12:24 PM, this email was forwarded to both Michael Berg and Mamoon Saleemi.

On December 4th, 2024, at 12:16 PM, Plaintiff Etan Leibovitz emailed both Michael Berg and Mamoon Saleemi, directing their attention to his November 15th, 2022, audio file and providing timestamps with corresponding averments outlined in his Verified Complaint (Docket Entry #1). The details included:

      2:09:23 - 2:10:00: Averment 176 (11:24 PM, November 15, 2022)
      2:10:00 - 2:10:18: Averment 177 (11:25 PM, November 15, 2022)
      2:11:26 - 2:11:39: Averment 178 (11:26 PM, November 15, 2022)
      2:11:40 - 2:12:01: Averment 179 (11:27 PM, November 15, 2022)

> 3:44:25 - 3:45:30: Averment 192 (12:59 PM, November 15, 2022)
> 3:45:59 - 3:46:51: Averment 193 (1:01 PM, November 15, 2022)
> 4:17:58 - 4:18:56: Averment 197 (1:33 PM, November 15, 2022)
> 4:20:40 - 4:20:56: Averment 198 (1:36 PM, November 15, 2022)
> 4:23:17 - 4:24:17: Averment 199 (1:39 PM, November 15, 2022)
> 4:26:50 - 4:28:33: Averment 200 (1:42 PM, November 15, 2022)
> 4:43:05 - 4:43:21: Averment 201 (1:58 PM, November 15, 2022)
> 4:50:58 - 4:51:26: Averment 202 (2:05 PM, November 15, 2022)
> 6:20:25 - 6:20:36: Averment 203 (3:35 PM, November 15, 2022)
> 6:44:12 - 6:44:15: Averment 205 (3:59 PM, November 15, 2022)
> 6:45:20 - 6:45:23: Averment 206 (4:00 PM, November 15, 2022)

This email aimed to highlight specific portions of the audio file relevant to the claims made in the Verified Complaint.

On December 4th, 2024 at 1:37 PM, Plaintiff Etan Leibovitz emailed both Michael Berg and Mamoon Saleemi, requesting confirmation once they had reviewed the timestamped sections of the November 15th, 2022, audio file, which had been served on October 17th, 2024. The email included the following link for access:

https://u.pcloud.link/publink/show?code=XZRGNk0ZAfJ4yB4WH5QfbeQ36FDbbunQtDPk

The second part of the email is addressed to Michael Berg and states as follows:

> In your Declaration (2024 civ 4779, Docket Entry #24), you acknowledged that the Office of Court Administration provided you with the two (2) November 15th, 2022 FTR files from Queens Civil Court. I have repeatedly asked if you have listened to my November 15th, 2022 audio file but have yet to receive a response. Why is my audio file being disregarded? Why is your office treating it like kryptonite? You are willing to review the two (2) FTR files, but not mine. Is this plausible deniability or obstruction of justice?
>
> How does the following direct evidence—my November 15th, 2022 audio file— unless Mr. Berg and Mr. Saleemi plan to challenge the authenticity of the file— expose Judge Javier Vargas' decision and order dismissing my Court of Claims action (Claim # 139463), Defendant John Katsanos' supporting deposition, the email from Captain Hollon's to the Queens District Attorney, and Kenneth Coy's criminal complaint?
>
> Mr. Berg, do you plan to vacate your motion to dismiss, or does the State of New York and your clients (Defendants Kenneth Coy, Michael Zebro, John Katsanos, and Nicole Procida) plan to continue pushing a false narrative about what occurred on November 15th, 2022?

How many FTR files exist—two, correct? According to Defendant John Katsanos' statement, there should only be one, correct?  Why did Defendants Kenneth Coy and Michael Zebro feel the need to change the narrative, See Averment 205 in the Verified Complaint or listen to my audio file at the following timestamp - 6:44:12 - 6:44:15 ?

Lastly, Mr. Berg, in your Declaration (Docket Entry #24), you state that you listened to the two (2) FTR files and reviewed the annexed exhibits 24-1 through 24-5. Do these two FTR files, and my Verified Claim #139463 (submitted as Exhibit 24-3), support Judge Javier Vargas' decision as outlined in Exhibit 5 of Docket Entry 24-5, specifically pages 1-5? Where did Judge Javier Vargas come up with the statement, "It seems that Judge Katsanos declined to pursue the charges against the claimant"? Where is this reflected on the record?

On page 4 of Judge Vargas' decision and order, he writes: "The Claim further alleges that claimant was falsely and maliciously prosecuted for 93 days by the Judge and Court Officers in that they drafted 15 different versions of the events leading to his arrest and arraignment on the Misdemeanor Complaint, according to conversations claimant allegedly heard between the Court Officers and Police Officers while he was confined at Queens County Criminal Court." ————Where in my Verified Claim #139463 or even Verified Complaint 2024 civ 4779 –does it state that I HEARD  these conversations between the Court Officers and Police Officers while I was confined at Queens County Criminal Court? These conversations occurred at the 102nd Precinct while I was in the holding cell, not at Queens County Criminal Court, correct????    In fact, my opposition to your client Nicole Procida's Affirmation to Dismiss my verified claim directly addresses how I could be in two places at once and allege such things, correct? Which explains why you willfully failed to incorporate my opposition as an exhibit in your motion to dismiss, correct??

Additionally, my Federal lawsuit - Verified Complaint, which is under oath, exposes your office and Judge Javier Vargas' decision, correct?. A recording application was in my bag when Defendants Kenneth Coy and Michael Zebro brought it into the office at the 102nd Precinct which then captured all of their conversations, correct?  Have you spoken to your clients about the veracity of these conversations?

So, I will ask again: Do you plan to vacate your motion to dismiss on your own accord?  You are fully aware what FRCP 11 requires from you.  There is no wiggle room for you Mr. Berg and your office.   I have attached Special Agent George Dietz and FBI agent John Ianuzzi.  With Donald Trump being elected president on November 5th, 2024 we Americans have been heard - Law fare will no longer be entertained!!!

On December 11th, 2024, at 10:38 AM, Plaintiff Etan Leibovitz received an acknowledgment letter via email from Michael Berg's office regarding his FOIL request

(ID: G000809-120424). The letter informed Plaintiff Etan Leibovitz that he would be notified of the status of his request on or before January 10th, 2025.

As of December 22nd, 2024, Michael Berg has yet to acknowledge whether he has reviewed Plaintiff Etan Leibovitz's November 15th, 2022, audio file, which was served to him on October 17th, 2024.

## ARGUMENT

**I.** **The Court Has Authority to Impose Sanctions Under FRCP 11 or the Court's Inherent Power**

FRCP 11 states, in pertinent part:

  **(a) Signature**. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

  **(b) Representations to the Court**. By presenting to the court a …. written motion, ……..whether by signing, filing, submitting, or later advocating it—an attorney ….. certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

**(c) Sanctions.**

(1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that FRCP 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under FRCP 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

(3) *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated FRCP 11(b).

(4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

(5) *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction:

(A) against a represented party for violating FRCP 11(b)(2); or

(B) on its own, unless it issued the show-cause order under FRCP 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(6) *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

An attorney's filing of an affidavit (whether his own or another person's) that he knows to be false violates FRCP 11. See Margo v. Weiss, 213 F. 3d 55, 59, (2d Cir. 2000) (client and his attorney sanctioned under FRCP 11 for filing "false affidavits … motivated by a desire to prolong what had become objectively baseless litigation"); Copelco Capital Inc. v. General Consul of Bolivia, 940 F. Supp. 93, 95-96 (S.D.N.Y 1996) (attorney ordered to show cause why he should

not be sanctioned under FRCP 11 for filing his own affidavit that misquoted a lease in a misleading way).

Alternatively, if FRCP 11 did not apply, the Court would have inherent authority to sanction Michael Berg. An attorney's submission of an affidavit that is false or misleading as to a material fact should be considered just the sort of "litigation misconduct" that the Court has inherent authority to punish by imposing appropriate sanctions. A district court's inherent power to sanction derives from the fact that courts are "vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Chambers, 501 U.S. at 43 (internal quotation marks omitted); accord DLC Management Corp., 163 F.3d at 136. In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay. See Milltex Indus. Corp. v. Jacquard Lace Co., 55 F.3d 34, 38 (2d Cir. 1995); see also Oliveri, 803 F.2d at 1272 ("[B]ad faith may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation.") (citation and internal quotation marks omitted). Title 28, section 1927 of the United States Code, in turn, provides that a court may impose sanctions on any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." Section 1927 authorizes the imposition of sanctions when "there is a clear showing of bad faith on the part of an attorney." Shafii v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996); accord Oliveri, 803 F.2d at 1273. As with sanctions imposed pursuant to a court's inherent power, in the § 1927 context, bad faith may be inferred "only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Shafii, 83 F.3d at 571 (internal quotation marks omitted). Thus, in practice, "the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." Oliveri, 803 F.2d at 1273.

FRCP 11 and principles of due process require that "the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the

sanctions motion can prepare a defense." Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir.1999). "Indeed, only conduct explicitly referred to in the instrument providing notice is sanctionable." Id. (citation omitted); accord Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 389 (2d Cir.2003). The safe-harbor provision is a strict procedural requirement. Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 142 n. 4 (2d Cir.2002); see also Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1327–29 (2d Cir.1995). An informal warning in the form of a letter without service of a separate FRCP 11 motion is not sufficient to trigger the 21–day safe harbor period. L.B. Foster Co. v. Am. Piles, Inc., 138 F.3d 81, 89–90 (2d Cir.1998) (request for sanctions in letter without separate service of motion did not comply with FRCP 11's requirement that sanctions motion be made separately); Gal v. Viacom Int'l, Inc., 403 F.Supp.2d 294, 309 (S.D.N.Y.2005) ("[T]he plain language of the rule states explicitly that service of the motion itself is required to begin the safe harbor clock—the rule says nothing about the use of letters."); accord Roth v. Green, 466 F.3d 1179, 1191–93 (10th Cir.2006); Gordon v. Unifund CCR Partners, 345 F.3d 1028, 1029–30 (8th Cir.2003); Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 789 (9th Cir.2001). But see Nisenbaum v. Milwaukee Cnty., 333 F.3d 804, 808 (7th Cir.2003) (party's "letter" or "demand" sent to opposing counsel constituted substantial compliance with safe harbor provision).

## II.    Michael Berg's August 30th, 2024 Declaration Contains False and Misleading Statements

### FRCP 11(B)

1. It is being presented for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation

### The Two (2) For the Record Audio Recordings

Michael Berg has admitted to listening to the two (2) For the Record audio recordings relevant to this matter, (ECF 24 ¶¶ 2,3, 24-1, 24-2). These recordings directly contradict:

a. Judge Javier Vargas' Decision and Order (ECF 24-5);
b. Judge Katsanos' November 15th, 2022, written statement provided via email by Captain Hollon (ECF 1, ¶¶ 303-304, Claimant Etan Leibovitz's Opposition to Defendant Nicole Procida's Affirmation (ECF 24 − 4) Exhibit A Claim # 139463 New York State Court of Claims Docket Entry #17); and
c. Queens County District Attorney Intake Bureau Crime Report – 2 Versions (ECF 1 ¶¶ 307-309)

Despite being aware of the contradictions and their significance, (**<u>See</u>** Infra), Michael Berg chose to file a Motion to Dismiss. Michael Berg's conduct in filing the Motion to Dismiss was for an improper purpose, including:

**<u>Misleading the Court</u>**

Submitting a Motion to Dismiss while being aware of contradictory evidence constitutes an attempt to mislead the Court regarding the factual record.  On July 29th, 2024 at 9:41 AM, Plaintiff Etan Leibovitz and Michael Berg spoke over the phone.  Plaintiff Etan Leibovitz questioned Michael Berg's request for an extension to file a response, emphasizing the need for clarity on how Michael Berg planned to use the additional time. Michael Berg explained the extension was necessary to evaluate the allegations, review evidence, and prepare responses for the defendants. In an excerpt from the July 29th, 2024 phone call Michael Berg says:

> "Okay, as part of my investigation I want to speak with **<u>certain people and review certain evidence</u>** concerning your arrest on November 15th, 2022 in the hallway with Queens Court, and I want to, formulate, you know, an initial or tentative view about, your allegation that excessive force was involved. And when I and I also want to look at the law the legal, you know do a little bit of legal research even though I have dealt with these issues before.  It is always good to be up to date and evaluate your claim for excessive force. That's what I mean by investigating. I do not mean looking into allegations you have made in the past that you are frustrated or not investigated. So so that I hope that clarifies it."

Plaintiff Etan Leibovitz then responds:

> "... There's 2 FTR audio files. If the narrative in the witness statement that Judge Katsanos gave was legit, there should only be one audio file. Do you understand? So you have, there was never ever probable cause to ever touch me. You understand? Their story is"

For which Michael Berg responds: "**<u>Not, Not entirely, but I will certainly listen to any audio</u>**."

In his August 30th, 2024 declaration, Michael Berg fails to specify the individuals he communicated with or the evidence he reviewed, instead deferring solely to his communications with Plaintiff Etan Leibovitz. Notably, as of December 22nd, 2024, Michael Berg has yet to acknowledge listening to Plaintiff Etan Leibovitz's November 15th, 2022, audio file, contradicting

his own statement from the July 29th, 2024 phone call between Plaintiff Etan Leibovitz and Michael Berg,  "**Not, Not entirely, but I will certainly listen to any audio.**"

### Causing Unnecessary Delay and Litigation Costs

Michael Berg's Motion to Dismiss forces Plaintiff Etan Leibovitz to expend additional time and resources to correct the record and address arguments that Michael Berg knows are unfounded.

### Duty to Conduct Reasonable Inquiry

Under FRCP 11, an attorney has a duty to conduct a reasonable inquiry into the factual basis of their filings. Michael Berg's admission to reviewing the two (2) For the Record audio recordings means he cannot plausibly claim ignorance of their contents, particularly given that his own clients, Defendant John Katsanos, Michael Berg and Kenneth Coy, were present in Queens Civil Court on November 15th, 2022. By filing a Motion to Dismiss despite the inconsistencies between the For the Record audio recordings and his clients' accounts, Michael Berg failed to uphold his duty of integrity to the Court and his obligations under FRCP 11(b).

3. The factual contentions don't have evidentiary support and will not have evidentiary support after a reasonable opportunity for further investigation or discovery

### Michael Berg's Declaration Docket Index 24 Averment #8

> **"On August 14, 2024, I advised Plaintiff by telephone that I would prepare a release pursuant to New York Criminal Procedure Law § 160.50 for the sealed record of the criminal case, and would ask him to sign it. Plaintiff said he would not do so unless I disclosed certain attorney-client privileged information and attorney work product."**

On August 14th, 2024, at 5:01 PM, Michael Berg contacted Plaintiff Etan Leibovitz on his cellphone. Prior to answering the call, Plaintiff Etan Leibovitz activated his recording application. The conversation lasted 12 minutes and 54 second. Twenty-four seconds into the call, Plaintiff Etan Leibovitz stated the following to Michael Berg:.,

**Etan:** "I just wanted to check in on you. I know the judge granted your application and you got until, when, the end of August? I was wondering, how's the investigation going?"

Michael Berg doesn't answer Plaintiff Etan Leibovitz's inquiry but instead states,

**Michael Berg:** "I am going to be sending you a form, and request that you execute it so that I can obtain the records from your criminal case, the one that was dismissed."

Plaintiff Etan Leibovitz inquires asking Michael Berg the following:

**Etan:** "Wait a minute, why are you requesting this. Shouldn't your colleague (Defendant) Nicole Procida have it?"  Eight seconds of silence ensues, which is both telling and indicative of the underlying issues.  Michael Berg finally responds,

**Michael Berg:** I am requesting it because I am assigned to the defense of this litigation, and your complaint refers to the affidavit, the deposition, and the and the indictment, and
**Etan:** Indictment??

**Michael Berg:** I want to get the not not the indictment. Sorry, the criminal complaint.

**Etan:** Yeah..

**Michael Berg:** And the supporting deposition, and you refer to those in your complaint, and they are matters that the court can consider on a motion to dismiss. But I want to get them through proper channels, meaning through a release executed by you. So I will be sending you that.

**Etan:** Here's the thing. So we're on the same, what's it called wavelength. Your colleague, Nicole Procida, defended the state in the court of claims. Why don't you just get it from her? Because she doesn't have it. She lied to the court. Correct, Mr. Berg? Now I'm gonna tell you I'm not consenting to it because you should have it already. So do not even tell the Court what I wanna write. Tell, if you're gonna tell the court they're gonna reach out to them, tell them that you want and I want time to respond. And then I will draft the letter in response to what you make, and I will ask you to submit it on your end so it saves time so I don't have to mail it in. I've already mailed something in already.

**Michael Berg:** I'm not I'm not sure about the procedures that you're discussing. I'm gonna send this to you first.

**Etan:** Then I'm telling you right now, Mr. Berg, I'm declining. You should have it already in your ...

**Michael Berg:** No. No. I I need to I need to send it to you. I need you to to decline.

**Etan:** Yes. I'm now telling you I'm telling you right now. I'm declining. You should have it because according to you, your client has work product. Did she give it to you? I'm not inter

**Michael Berg:** You're gonna decline you're going to decline whatever whatever form I send it in, you're gonna decline to sign a a release for your criminal case record.

**Etan:**  Not that I'm declining based on that. I'm declining because you should have it already. I don't feel like doing double the work. Your client was representing the state and should have it and she should've investigated. Correct? But she never did. Your office never investigated. So this is further substantiating the malfeasance committed by your colleague.

**Michael Berg:** I'm just a simple country lawyer and I'm just calling you with a...

## Michael Berg's Declaration Docket Index 24 Averment #6

The two (2) For the Record audio recordings submitted by Michael Berg don't support Judge Javier Vargas' Decision and Order (ECF 24-5).  On page 2, bottom paragraph, Judge Javier Vargas writes:

> "Several court appearances ensued in 2022, wherein claimant would always **abruptly** ask the presiding judge at the time, Civil Court Judge John Katsanos, whether "he read the complete docket and if he had sufficient amount of time to familiarize himself with [c]laimant's pending lawsuit before presiding over the hearing (*id* at7; ¶¶ 34, 35)".

**Notably, when Judge Javier Vargas rendered his decision on December 13th, 2023, the For the Record audio recordings file(s) were not before him nor was Plaintiff Etan Leibovitz's November 15th, 2022 audio file**, raising questions about how he concluded that "claimant would always **abruptly** ask Judge John Katsanos, whether "he read the complete docket…".

Next, on page four, paragraph two of his Decision and Order, Judge Javier Vargas writes:

> **"According to conversations claimant allegedly heard between the Court Officers and Police Officers while he was confined at Queens County Criminal Court."**

Michael Berg submitted Plaintiff Etan Leibovitz's claim as Exhibit 3 (ECF 24-3). Nowhere in Plaintiff Leibovitz's claim does he allege that he **overheard** or **heard** any discussions between the Court Officers and Police Officers. In fact, Plaintiff Etan Leibovitz specifically states that he was in the holding cell (ECF 24-3 ¶ 100) and that the discussions occurred at the 102nd Precinct inside an office, not the Queens County Criminal Court. In addition, in Plaintiff Etan Leibovitz's affidavit in opposition (averment # 41) to Defendant Nicole Procida's Motion to Dismiss Claim # 139463, Plaintiff Etan Leibovitz testifies to the following:

"The question one has to ask themselves now is: If I am in a holding cell, from approximately 12:45 pm up until 8 pm, on November 15th, 2022 (See Verified Claim Averment #100), then how can I possibly testify in my Verified Claim the following averments # 101- # 116 with such accuracy and precision?? We already know that the office of the New York State Attorney General hasn't conducted any such investigation, so I ask this Court am I committing perjury? See Docket Index 12 pages 1-2."

On page 5, paragraph 1 of his Decision and Order, Judge Javier Vargas writes:

**"It seems that Judge Katsanos declined to testify and pursue the charges against claimant."**

However, nowhere in the record is there any indication that Defendant John Katsanos declined to testify or pursue the charges against Plaintiff Etan Leibovitz.  In fact, Plaintiff Etan Leibovitz alleges in his Claim and Verified Complaint that he sent an email to Defendant Phyllis Weiss  on February 15th, 2023 at 8:11 AM, stating:

"Mrs Weiss,

How much of a joke is your office? Grand jury notice to your office offering me an ACD for which I respectfully declined … 20 plus complaint drafts, the arresting officer and the complaining witness can't even keep their story straight. I am putting you on notice now - I am giving you until next week Monday (February 20th, 2023) to investigate. Failure to do so and I will be suing you in your investigative capacity as opposed to advocate role and your office as well as the officers (SRT and court officers) and complaining witness as well as Aaron Reichel, Leonid Krimsky and David zimm for fraud - filing perjured affidavits and affirmations! You have been put on notice!! What's on the CD?

Mr Leibovitz"

Plaintiff Etan Leibovitz also alleges in his Claim and Verified Complaint that on February 15th, 2023 at 10:36 AM, Defendant Phyllis Weiss emailed Supervising Court Attorney for Queens County Criminal Court, Lisa Lin, giving her notice that she is authorized to dismiss the Claimant's case and would like to advance for that purpose. The earliest possible date was requested. Lisa Lin gave Defendant Phyllis Weiss notice via a response email that she would have to provide her with a date in order to have the case advanced. On February 17th, 2023 Plaintiff Etan Leibovitz and Michael Schillinger, Plaintiff Etan Leibovitz's attorney, made their appearance in Queens Criminal Court in JP-1. The following transpired: Defendant Phyllis Weiss voluntarily moved to dismiss

the case - The People vs Etan Leibovitz – Docket CR 028558-22QN and Judge Anthony Battisti granted Defendant Phyllis Weiss' application.

4. The denials of factual contentions are not warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

**Michael Berg's Declaration Docket Index 24 Averment # 2**

> **"I am familiar with the facts and circumstances set forth herein, based on my review of the filings in this action and in other court proceedings involving Plaintiff Etan Leibovitz ("Plaintiff"), documents and audio recordings provided by the New York State Office of Court Administration ("OCA"), and communications with Plaintiff."**

Michael Berg failed to disclose in his August 30th, 2024, declaration the identity or identities of the individual(s) within the New York State Office of Court Administration who provided him with the two (2) FTR audio recordings. Furthermore, Michael Berg does not clarify whether he communicated with his clients, Defendants John Katsanos, Michael Zebro, and Kenneth Coy, in this case, or solely with Plaintiff Etan Leibovitz. Notably, Michael Berg was not present in Queens County Civil Court on November 15th, 2022, and his declaration does not indicate that he spoke with or obtained confirmation from his clients, Defendants John Katsanos, Michael Zebro, and Kenneth Coy regarding the accuracy of the two (2) FTR audio recordings provided to him by the New York State Office of Court Administration.

**Docket Index 24 Averment # 3**

Michael Berg has allegedly received multiple court documents, court emails, and the two (2) FTR audio recordings to the events that transpired on November 15th, 2022, in Queens Civil Court between Defendant John Katsanos, Michael Zebro, Kenneth Coy and Plaintiff Etan Leibovitz. However, evidence exists that contradicts Michael Berg's claims. In his Declaration, averment #3, Michael Berg states

> **"Attached as Exhibits 1 and 2 are true and complete copies of audio recordings of a hearing held on November 15, 2022, before Judge Katsanos in Civil Court,**

**Queens County, in a civil action filed by Plaintiff, Leibovitz v. Zimm, No. TS-300016-15-QU."**

Contrary to this testimony, an email dated November 15th, 2022, at 11:59 AM, from Charles Hollon, Captain of the New York State Courts Department of Public Safety, sent to the staff at the Queens District Attorney's Office, reveals a significant discrepancy of the events that occurred on November 15th, 2022. According to an email from Captain Charles Hollon dated November 15th, 2022, Defendant John Katsanos, who controlled the For the Record system in Queens Civil Court, admitted to:

> "Please note while I turned off the FTR after 3 minutes because the plaintiff opted to leave the courtroom to find or check his phone (or similar) to see if available to begin tomorrow with a court reporter (since one was not available today), **I did not turn the FTR back on because** I got distracted by plaintiff on his return…"

If we are to accept Defendant John Katsanos' witness statement as accurate, then there should only be one (1) For the Record audio recording documenting the proceeding from when Plaintiff Etan Leibovitz's case was called on the record at 9:57 AM until 10:00 AM, when he requested permission to step out to retrieve his cellphone. However, this email, directly contradicts Michael Berg's claim that two (2) FTR audio recordings exist for the proceeding on November 15th, 2022. Notably, the recordings provided by Michael Berg include Defendant John Katsanos stating, upon Plaintiff Etan Leibovitz's return from retrieving his phone: "The Court is back on the record" and addressing attorney Aaron Reichel, counsel for David Zimm, with the remark, "That could be done, or we are on the FTR (For the Record), but I want to make it very clear, that again this is not for you to be asking questions, it's for you to present your case. Tomorrow..."

Michael Berg also alleges to have reviewed findings in this action and in other court proceedings. On July 9th, 2024, Plaintiff Etan Leibovitz filed his lawsuit which incorporates the Crime Reports (See ECF #1, Averments # 307-309) from the events that took place between Defendants John Katsanos, Michael Zebro, Kenneth Coy and Plaintiff Etan Leibovitz on November 15th, 2022 at Queens Civil Court, Courtroom 302. According to the November 15th, 2022 Captain Hollon 11:59 AM email, Defendant John Katsanos admitted to:

> "Please note while I turned off the FTR after 3 minutes because **the plaintiff opted**

**to leave the courtroom** to find or check his phone (or similar)…"

However, on November 15th and November 16th, 2022 Defendant Kenneth Coy provided a different narrative to the Queens District Attorney's Office (ADA/Paralegal Alexandria Betzios Intake Bureau Crime Report), by alleging that

> "The court officers directed the defendant to leave the courtroom, but he returned and threw a compact disc in the Judge's Direction…"

Additionally, Defendant Kenneth Coy in his criminal complaint on November 16th, 2022 fails to report to the Queens District Attorney's Office that:

> "…The court officers directed the defendant to leave the courtroom, but then returned, and threw a compact disc in the judge's direction…"

This is a different narrative from the previous two (2) reports provided to the Queens District Attorney's Office all within the span of 24 hours after the incident occurred.   These crime reports along with the criminal complaint below contradicts the statements made in the November 15th, 2022 email from Defendant John Katsanos. Finally, if the two (2) For the Record audio recordings are taken as direct evidence, they do not demonstrate any indication that Defendants Kenneth Coy and Michael Zebro directed Plaintiff Etan Leibovitz to leave the courtroom and then Plaintiff Etan Leibovitz came back and threw a compact disc in Defendant John Katsanos' direction.


**"REPORT (#1) - Queens County District Attorney Intake Bureau Crime Report - November 15, 2022 at 11:38pm by Kenneth Coy – Court Officer reports that "THE COMPLAINANT, JOHN KATSANOS, IS A JUDGE IN QUEENS CIVIL COURT. WHEN THE DEFENDANT ENTERED THE COURTROOM TO HAVE HIS CASE CALLED, HE ENGAGED THE JUDGE IN A VERBAL DISPUTE. THE COURT OFFICERS DIRECTED THE DEFENDANT TO LEAVE THE COURTROOM, BUT HE RETURNED, AND THREW A COMPACT DISC IN THE JUDGE'S DIRECTION.  THE DEFENDANT WAS THEN ARRESTED."**

**"REPORT (#2) - Queens County District Attorney Intake Bureau Crime Report - November 16, 2022 at 12:07pm by Kenneth Coy – Court Officer reports that "THE COMPLAINANT, JOHN KATSANOS, IS A JUDGE IN QUEENS CIVIL COURT. WHEN THE DEFENDANT ENTERED THE COURTROOM TO HAVE HIS CASE CALLED. THE DEFENDANT BEGAN TO YELL AT THE COMPLAINANT STATING THAT THE COMPLAINANT**

**DID NOT READ THE LEGAL DOCUMENTS. THE COURT OFFICERS DIRECTED THE DEFENDANT TO LEAVE THE COURTROOM, BUT HE RETURNED, AND THREW A COMPACT DISC IN THE JUDGE'S DIRECTION. WHILE COURT OFFICERS WERE ATTEMPTING TO HANDCUFF THE DEFENDANT, HE TENSED UP AND FLAILED HIS ARMS TO RESIST BEING CUFFED."**

Criminal Complaint

DEPONENT STATES THAT HE IS INFORMED BY THE COMPLAINANT, THE HONORABLE JOHN KATSANOS, WHO IS A JUDGE IN QUEENS CIVIL COURT, THAT AT THE ABOVE-MENTIONED DATE, TIME, AND PLACE OF OCCURRENCE, WHICH IS THE QUEENS CIVIL COURT COURTHOUSE, THE DEFENDANT, ETAN LEIBOVITZ, BEGAN YELLING AT HIM DURING A COURT PROCEEDING.

DEPONENT FURTHER STATES THAT HE IS INFORMED BY THE COMPLAINANT THAT THE DEFENDANT THEN THREW A COMPACT DISC AT AND IN HIS DIRECTION.

DEPONENT FURTHER STATES THAT HE OBSERVED THE DEFENDANT THROW A COMPACT DISC AT AND IN THE DIRECTION OF THE COMPLAINANT.

DEPONENT FURTHER STATES THAT HE IS FURTHER INFORMED BY THE COMPLAINANT THAT THE ABOVE-MENTIONED ACTIONS OF THE DEFENDANT CAUSED HIM ANNOYANCE AND ALARM.

DEPONENT FURTHER STATES THAT WHEN HE WAS ATTEMPTING TO PLACE HANDCUFFS ON THE DEFENDANT, THE DEFENDANT FLAILED HIS ARMS IN AN ATTEMPT TO AVOID BEING HANDCUFFED AND PLACED UNDER ARREST.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW

11/16/22
DATE        SIGNATURE

SWORN TO BEFORE ME ON THE
        DAY OF

## III.  <u>Appropriate Sanctions</u>

In addition or in the alternative to the commonly claimed sanction of awarding fees and expense to the movant, FRCP 11 allows other sanctions. Subsection(c)(2) provides that "the sanction may consist of, or include, directives of a nonmonetary nature…" The Advisory Committee Notes to the 1993 amendments to Rule 11 state:

**The court has available a variety of possible sanctions to impose for violations, such as striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other educational programs; ordering a fine payable to the court; referring the matter to disciplinary authorities.**

The Advisory Committee Notes to the 1993 amendments to Rule 11 further identify factors to consider in determining what sanctions, if any, should be imposed under Rule 11:

**Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.**

A number of the factors cited by the Advisory Committee count against Michael Berg here. First, the false and misleading representations has consumed considerable time of Plaintiff Etan Leibovitz in challenging Michael Berg's Declaration.  Second, Michael Berg is trained in the law working for the New York Attorney General's Office for over 11 years and 9 months, while previously working for Meiselman, Denlea, Packman, Carton & Eberz P.C. for 6 years and 2 months and  Milbank, Tweed, Hadley & McCloy LLP for 3 years 1 month. Third, the conduct was willful, as discussed above. Fourth, his conduct should be deemed as having been intended to injure, since it was looking to dispose of Plaintiff Etan Leibovitz's meritorious lawsuit. If left unpunished, Michael Berg's conduct in submitting a false and misleading declaration is likely to repeat itself and the misrepresentations are likely to become greater and bolder. Sufficient

sanctions should be imposed to deter such conduct.  Plaintiff Etan Leibovitz proposes and request that the Court impose the following sanctions, in addition to any other sanctions that the Court deems appropriate.  First, in order to establish for the record ( and, if necessary, to lay the predicate for further, increasingly severe sanctions if such misconduct is repeated), Plaintiff Etan Leibovitz requests that the Court enter a specific factual findings that Michael Berg knowingly and in bad faith filed a false and misleading declaration. Second, the Court censure Michael Berg for his actions described above. Third, Michael Berg's motion to dismiss (ECF #23-27) should be stricken from the record. Fourth, Michael Berg should be ordered to prominently post a copy of this Order on the New York State Attorney General's website, **www.ag.ny.gov**, within ten (10) days from the date of this Order. The Order shall remain posted for a minimum of five (5) years. The Order must be placed under a new tab entitled "Latest Information," accompanied by the following description:

> "Court Order censuring Defendants John Katsanos, Michael Zebro, Kenneth Coy, and Nicole Procida's attorney, New York Assistant Attorney General Michael Berg, for filing a false and misleading declaration in Defendants' Motion to Dismiss in the action pending in the Eastern District Court, Docket # 2024-civ-4779 before District Judge Ann M. Donnelly and Magistrate Judge Lois Bloom. "

Fifth, pursuant to **FRCP 11(c)(4)**   award Plaintiff Etan Leibovitz  against Michael Berg and the New York State Attorney General's Office of $85,235.25 to deter repetition of the conduct or comparable conduct by others similarly situated.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Etan Leibovitz request that the Court enter an order (1) specifically finding that Michael Berg filed a declaration in which he knowingly and in bad faith made false and misleading statements of fact; and  (2) the Court censure Michael Berg for his actions described below; (3) Michael Berg's motion to dismiss (ECF #23-27) be stricken from the record; (4) Michael Berg should be ordered to prominently post a copy of this Order on the New York State Attorney General's website, **www.ag.ny.gov**, within ten (10) days from the date of this Order. The Order shall remain posted for a minimum of five (5) years. The Order must be placed under a new tab entitled "Latest Information," accompanied by the following description:

> "Court Order censuring Defendants John Katsanos, Michael Zebro, Kenneth Coy, and Nicole Procida's attorney, New York Assistant Attorney General Michael Berg, for filing a false and misleading declaration in Defendants' Motion to Dismiss in the action pending in the Eastern District Court, Docket # 2024-civ-4779 before District Judge Ann M. Donnelly and Magistrate Judge Lois Bloom. "

(5) Pursuant to **FRCP 11(c)(4)**  award Plaintiff Etan Leibovitz  against Michael Berg and the New York State Attorney General's Office of $85,235.25 to deter repetition of the conduct or comparable conduct by others similarly situated;  and (6) imposing such other sanctions as this Court deems appropriate.

Respectfully submitted,

_____
Plaintiff Etan Leibovitz, pro se litigant

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X
                                                              )
                                                              )
ETAN LEIBOVITZ,                                               )
                          Plaintiff,                          )
                                                              )
             v.                                               )
                                                              )
                                                              )        24 CV 4779 (AMD)(LB)
NEW YORK ASSISTANT ATTORNEY GENERAL NICOLE                    )
PROCIDA; NEW YORK STATE COURT OFFICERS                        )
MICHAEL ZEBRO and KENNETH COY;  NEW YORK SRT                  )
COURT OFFICERS JOHN DOES 1-10; QUEENS ASSISTANT               )
DISTRICT ATTORNEYS PHYLLIS WEISS; NEW YORK                    )
STATE COURT JUDGE JOHN KATSANOS.                              )
                                                              )
                          Defendants                          )
                                                              )
-------------------------------------------------------------------------X

**DECLARATION OF PLAINTIFF ETAN LEIBOVITZ**

**PLAINTIFF ETAN LEIBOVITZ** declares under penalty of perjury and in accordance with 28 U.S.C. § 1746 as follows:

1. I am the plaintiff in the above caption and I am familiar with the facts and circumstances set forth herein, based on my own personal knowledge.

2. Attached as Exhibit A is a true and complete copy of the audio recording of a conversation held on July 31st, 2024, at 9:41 AM, between Michael Berg and I.

3. Attached as Exhibit B is a true and complete copy of the audio recording of a conversation held on July 31st, 2024, at 4:18 PM between Michael Berg and I after Michael Berg filed his letter motion for an enlargement of time (ECF #10).

4. Attached as Exhibit C is a true and complete copy of the audio recording of a conversation held on August 14th, 2024, at 5:01 PM between Michael Berg and I.

5. On November 15th, 2022, I utilized a recording application to capture events as they unfolded from 9:00 AM until the application ran out of memory in Queens Civil Court, Courtroom 302,

while I was in the hallways in Queens Civil Court being unlawfully arrested, inside the holding cell on the first floor in Queens Civil Court, being transferred by SRT Officers from Queens Civil Court to the 102nd Precinct, and inside the office of the 102nd Precinct. The recording application was in my computer bag.

6. Attached as Exhibit D is a true and complete copy of my audio recording capturing what happened to me on November 15th, 2022, in Queens Civil Court, courtroom 302, in the hallways, in the holding cell, being transferred to the 102nd Precinct, and inside the office at the 102nd Precinct.

7. I have preserved these recordings in their entirety and assert their accuracy in capturing the events and conversations as they occurred.

8. Attached hereto as Exhibit E is a true and complete copy of Plaintiff Etan Leibovitz's affidavit opposing the State of New York's Motion to Dismiss, Affirmation in Support executed by Defendant Nicole Procida, in connection with Claim # 139463,   Exhibit A incorporates Captain Charles Hollon's email dated November 15th, 2022.  This document was obtained during discovery in connection with my criminal matter stemming from my false arrest on November 15th, 2022, under docket number CR 028558-22QN.


I declare under penalty of perjury that the foregoing is true and correct.


Dated: New York, New York

December 22nd, 2024

_____

Etan Leibovitz, Pro Se

# Exhibit A

July 31st, 2024 9:41 AM Phone Call between Plaintiff Etan Leibovitz and Michael Berg

# Exhibit B

July 31st, 2024 4:18 PM Phone Call between
Plaintiff Etan Leibovitz and Michael Berg

# Exhibit C

August 14th, 2024 5:01 PM Phone Call between Plaintiff Etan Leibovitz and Michael Berg.

# Exhibit D

Etan Leibovitz's November 15th, 2022 Audio Recording

# Exhibit E

Plaintiff Etan Leibovitz's affidavit opposing the
State of New York's Motion to Dismiss,
Affirmation in Support executed by Defendant
Nicole Procida, in connection with Claim #
139463  Exhibit A incorporates
Captain Charles Hollon's email dated
November 15th, 2022