UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ETAN LEIBOVITZ,

                Plaintiff,

                v.

NEW YORK ASSISTANT ATTORNEY
GENERAL NICOLE PROCIDA; NEW YORK
STATE COURT OFFICERS MICHAEL
ZEBRO and KENNETH COY; NEW YORK
SRT COURT OFFICERS JOHN DOES 1-10;
QUEENS ASSISTANT DISTRICT
ATTORNEYS PHYLLIS WEISS; NEW YORK
STATE COURT JUDGE JOHN KATSANOS,

                Defendants

24 Civ. 4779 (AMD) (LB)

## REPLY MEMORANDUM OF LAW IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS

LETITIA JAMES
Attorney General
State of New York
*Attorney for State Defendants*
28 Liberty Street
New York, New York 10005
(212) 416-8651

MICHAEL A. BERG
Assistant Attorney General

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT .........................................................................................1

ARGUMENT .......................................................................................................................2

    I.    PLAINTIFF ADMITS THE 11th AMENDMENT PRECLUDES HIS OFFICIAL-CAPACITY CLAIMS ..................................................................................................2

    II.    PLAINTIFFS' ARGUMENTS AGAINST *RES JUDICATA* AND COLLATERAL ESTOPPEL ARE MERITLESS ...............................................................................2

    III.    ABSOLUTE JUDICIAL IMMUNITY BARS ALL CLAIMS AGAINST JUDGE KATSANOS AND COURT OFFICERS COY AND ZEBRO ........................................4

    IV.    PLAINTIFF FAILS TO SHOW THAT THE COMPLAINT STATES A CLAIM .........6

        A.    Plaintiff Has Waived And Abandoned Most Of His Claims .................................6

        B.    Plaintiff Cannot Salvage His False Arrest Claims ..................................................8

        C.    Probable Cause Is Irrelevant to Plaintiff's Malicious Prosecution Claims ........... 10

    V.    QUALIFIED IMMUNITY BARS PLAINTIFF'S CLAIMS .........................................10

CONCLUSION....................................................................................................................11

# **TABLE OF AUTHORITIES**

**Cases**                                                                          **Page(s)**

*Applewhite v. N.Y.C. Dep't of Educ.*,
  No. 21 Civ. 2928 (AMD), 2024 WL 3718675 (E.D.N.Y. Aug. 8, 2024) ................................. 7

*DePaula v. State of New York*,
  82 A.D.3d 827 918 N.Y.S.2d 206 (2d Dep't 2011) ................................................................. 5

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
  544 U.S. 280 (2005) ................................................................................................................ 3

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*,
  322 U.S. 238 (1944) ............................................................................................................ 2-3

*Huminski v. Corsones*,
  396 F.3d 53 (2d Cir. 2005) ..................................................................................................... 8

*Hunter v. McMahon*,
  75 F.4th 62 (2d Cir. 2023) ...................................................................................................... 3

*In re Lynch*,
  No. 19-2965, 2022 WL 16467 (2d Cir. Jan. 3, 2022) .............................................................. 7

*Jaegly v. Couch*,
  439 F.3d 149 (2d Cir. 2006) (Sotomayor, C.J.) ...................................................................... 9

*Jeffers v. City of N.Y.*,
  No. 14 Civ. 5659 (BMC), 2014 WL 6675676 (E.D.N.Y. Nov. 25, 2014) ............................. 7

*Kalina v. Fletcher*,
  522 U.S. 118 (1997) ................................................................................................................ 4

*Kee v. City of New York*,
  12 F.4th 150 (2d Cir. 2021) .................................................................................................... 9

*Leibovitz v. Barry*,
  No. 15 Civ. 1722 (KAM), 2016 WL 5107064 (E.D.N.Y. Sept. 20, 2016) ............................. 9

*Lisa C.-R. v. William R.*,
  166 Misc. 2d 817, 635 N.Y.S.2d 449 (Sup. Ct. N.Y. Cnty. 1995) ......................................... 8

*Marcavage v. City of New York*,
  689 F.3d 98, 109 (2d Cir. 2012) ............................................................................................. 9

*McNair v. Ponte*,
   No. 16 Civ. 1722 (LAP), 2019 WL 1428349 (S.D.N.Y. Mar. 29, 2019) .............................. 6-7

*Provost v. City of Newburgh*,
   262 F.3d 146 (2d Cir. 2001) ....................................................................................................8

*Richmond Newspapers v. Va.*,
   448 U.S. 555 (1980) ................................................................................................................8

*Sealy v. State Univ. of N.Y. at Stony Brook*,
   408 F. Supp. 3d 218 (E.D.N.Y. 2019) .....................................................................................7

*Toussaint v. Cnty. of Westchester*,
   615 F. Supp. 3d 215 (S.D.N.Y. 2022) .....................................................................................9

*Tracy v. Freshwater*,
   623 F.3d 90 (2d Cir. 2010) ......................................................................................................7

*Turner v. Sidorowicz*,
   No. 12 Civ. 7048 (NSR), 2016 WL 3938344 (S.D.N.Y. July 18, 2016) .................................7

*Weyant v. Okst*,
   101 F.3d 845 (2d Cir. 1996) ....................................................................................................8

*Williams v. City of New York*,
   No. 20 Civ. 5113 (AMD) (LB), 2020 WL 6899995 (E.D.N.Y. Nov. 23, 2020) ......................9

*Zellner v. Summerlin*,
   494 F.3d 344 (2d Cir. 2007) ....................................................................................................9

**Federal Constitutional Provisions, Statutes, and Rules**

U.S. Const., amend. XI ................................................................................................................ 1-2

28 U.S.C. § 1257(a) .........................................................................................................................3

Fed. R. Civ. P. 12(b) ........................................................................................................................1
Fed. R. Civ. P. 12(b)(6) ....................................................................................................................6

**State Statutes**

N.Y. Judiciary Law
   § 4 ............................................................................................................................................8

N.Y. Penal Law
    § 195.05..................................................................................................................................8
    § 240.20..................................................................................................................................8
    § 215.50................................................................................................................................10
    § 240.20..................................................................................................................................8
    § 240.20[1].............................................................................................................................8
    § 240.20[2]............................................................................................................................ 8
    § 240.20[3].............................................................................................................................8
    § 240.26................................................................................................................................10

State Defendants respectfully submit this Reply Memorandum of Law in further support of their motion to dismiss the Complaint, filed August 30, 2024 (ECF Nos. 23-27).[1]

## PRELIMINARY STATEMENT

Plaintiff has failed to establish that any of his claims against State Defendants can survive scrutiny under Rule 12(b). He concedes that the Eleventh Amendment bars his official-capacity claims on jurisdictional grounds. *See* Point I, *infra*. His attempts to relitigate claims that were previously dismissed by the New York Court of Claims are contrary to law and logic. *See* Point II, *infra*. The same is true of Plaintiff's attempts to show that Judge Katsanos and Court Officers Coy and Zebro are not entitled to absolute immunity for restoring order after Plaintiff's profane and threatening outbursts during a state court hearing. *See* Point III, *infra*.

Moreover, Plaintiff makes no attempt to argue that his Complaint states a claim alleging a free speech violation, a fraud on the Court of Claims, assault and battery, excessive force, abuse of process, malicious prosecution, or a violation of due process or any other constitutional right. *See* Point IV, *infra*. His only substantive response is to argue that the arresting officers lacked probable cause to arrest him for disorderly conduct – an argument whose relevance is limited to his false arrest claims. But his argument fails because there was ample cause to arrest Plaintiff for disorderly conduct and on a separate charge of obstructing governmental administration, either of which bars his false arrest claims. *See id.* Finally, Plaintiff does not dispute that State Defendants are entitled to qualified immunity. *See* Point V, *infra*.

Accordingly, the Complaint should be dismissed with prejudice.

---

[1] Capitalized terms and abbreviations are defined in the Memorandum of Law in Support of State Defendants' Motion to Dismiss (ECF No. 25) ("State Mem."). Citations to Plaintiff's Response in Opposition, filed January 6, 2025 (ECF No. 56) ("Pl. Opp."), use the page numbers assigned by the Court's electronic filing system.

# ARGUMENT

## I. PLAINTIFF ADMITS THE 11th AMENDMENT PRECLUDES HIS OFFICIAL-CAPACITY CLAIMS

Plaintiff expressly concedes that the Eleventh Amendment bars his official-capacity claims against Judge Katsanos, Coy, and Zebro. Pl. Opp. at 5. He does not oppose the dismissal of his official-capacity claims against Procida. *See* Pl. Opp., *passim*. Thus, all claims against State Defendants in their official capacity should be dismissed. *See* State Mem. at 8-10.

## II. PLAINTIFFS' ARGUMENTS AGAINST *RES JUDICATA* AND COLLATERAL ESTOPPEL ARE MERITLESS

State Defendants demonstrated that *res judicata* bars Plaintiff's claims against Judge Katsanos, Coy, and Zebro in their entirety, as those claims were either dismissed in the Claims Action or arose out of the same events as the dismissed claims. State Mem. at 10-12 (citing Berg Decl., Ex. 5 (ECF No. 24-5)). State Defendants also established that collateral estoppel bars Plaintiff from relitigating the Court of Claims' holdings that (i) Judge Katsanos, Coy, and Zebro are entitled to absolute immunity; (ii) probable cause existed to arrest and prosecute Plaintiff, foreclosing his false arrest and malicious prosecution claims; and (iii) any force employed in arresting Plaintiff "was clearly privileged under State law," precluding his assault and battery and excessive force claims. *Id.* at 13-14 (quoting Berg Decl., Ex. 5, at 13).

Plaintiff opposes the application of these preclusion doctrines, claiming the Court should not recognize the Court of Claims' decision as binding because it purportedly was obtained by "fraud." Pl. Opp. at 7-9. Plaintiff's position is legally, factually, and conceptually misguided.

Relying solely on *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), Plaintiff argues that courts have the "inherent equitable power to correct judgments obtained by fraud." Pl. Opp. at 8. *Hazel-Atlas Glass* is easily distinguishable. There, the Supreme Court

2

affirmed "the power of a Circuit Court of Appeals, upon proof that fraud was perpetrated on it by a successful litigant, to vacate its own judgment entered at a prior term." *Hazel-Atlas Glass*, 322 U.S. 239. But *Hazel-Atlas Glass* arose out of a patent dispute that was litigated in U.S. District Court and appealed through the federal court system. *See id*. It did not establish that federal district courts have any authority to disregard or re-examine determinations made in state court.

To the contrary, it is well established that district courts are prohibited from sitting in review of state court judgments. *See, e.g., Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (holding that district courts are not "authorize[d] … to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to [the Supreme] Court, *see* § 1257(a)."); *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (same). Thus, this Court has no authority to second-guess the Court of Claims' determinations. Rather, the Court is bound to give those holdings preclusive effect. *See* State Mem. at 10, 12-23.

Moreover, Plaintiff's allegation that the Court of Claims' decision was based on a fraud has no basis in fact. Plaintiff's Opposition recites a laundry list of purported misdeeds by Procida in her defense of the Claims Action, none of which remotely suggest that she misled the state court. *See* Pl. Opp. at 8-9. For example, Plaintiff asserts that Procida failed to investigate certain matters, obtain testimony from Judge Katsanos (which would have been inadmissible on the State's motion to dismiss the Claims Action), or submit the audio recordings of the Civil Court hearing as exhibits. *See id*. None of these assertions presents a legal or logical basis to believe that Procida made any false statement to the Court of Claims, much less that the court was duped into dismissing the Claims Action on false pretenses. In addition, Plaintiff's Opposition (like the Complaint) faults Procida for "selectively" quoting Judge Katsanos's alleged witness statement in her affirmation to the Court of Claims. Pl. Opp. at 9. But Plaintiff's theory is that Procida

3

***omitted*** the inaccurate portion of Judge Katsanos's statement, and thus did not submit it to the court. *See id.* As previously explained (and unrebutted by Plaintiff), it makes no sense to argue that Procida committed a fraud by ***not filing*** an inaccurate statement. State Mem. at 19.

In sum, Plaintiff has failed to rebut State Defendants' argument that under principles of *res judicata*, the decision dismissing the Claims Action bars his claims against Judge Katsanos, Coy, and Zebro in their entirety. He also has failed to refute State Defendants' argument that principles of collateral estoppel bar Plaintiff from relitigating the Court of Claims' holdings that Judge Katsanos, Coy, and Zebro are absolutely immune from suit; there was probable cause to arrest and prosecute Plaintiff; and any force employed in arresting Plaintiff was privileged.

Accordingly, the claims that Plaintiff seeks to relitigate (Claims IV, V, VI, VII, VIII, IX, X, and XIII) must be dismissed. *See* State Mem., Appendix (ECF p. 41).

### III. ABSOLUTE JUDICIAL IMMUNITY BARS ALL CLAIMS AGAINST JUDGE KATSANOS AND COURT OFFICERS COY AND ZEBRO

Even if the Court of Claims' holding on absolute immunity were not preclusive, established law clearly holds that the immunity applies to Plaintiff's claims against Judge Katsanos, Coy, and Zebro. *See* State Mem. at 15-17. Plaintiff's attempts to argue otherwise are unavailing. Pl. Opp. at 10-16.

Plaintiff makes no effort to disavow his own statements in open court that it is "incontrovertible" that Judge Katsanos has "absolute immunity." State Mem. at 16 (citing 2 Audio 3:33-35; *id.* 3:46-3:50). Plaintiff also makes no attempt to distinguish the cases cited by State Defendants holding that judicial immunity extends to a judge's issuance of arrest warrants, ***even when allegedly based on erroneous information***. *Id.* (citing cases). The only case cited by Plaintiff on this point is easily distinguishable, as it involved a claim of prosecutorial, rather than judicial, immunity. *See Kalina v. Fletcher*, 522 U.S. 118 (1997), *cited in* Pl. Opp. at 10-11.

4

Moreover, Plaintiff argues that Judge Katsanos was not acting as a judge, but as a complaining witness, when he signed a "supporting deposition" on December 2, 2022. *See* Pl. Opp. at 10 (citing Leibovitz Decl., Jan. 6, 2025, Ex. N (ECF No. 54-8)). Plaintiff's theory is that Judge Katsanos is not immune from suit for any false statement in that document. *See id*. But as noted above, State Defendants' cases establish that Judge Katsanos is immune from suit for any purported misstatement in his supporting deposition. Additionally, Plaintiff has not identified any purported false statement in the supporting deposition that, under his mistaken view of the law, might vitiate Judge Katsanos's absolute judicial immunity. *See id.*

In the supporting deposition, Judge Katsanos merely attested to the truth of the statements attributed to him in the annexed accusatory instrument, i.e., that Plaintiff "began yelling at him during a court proceeding," "threw a compact disc at and in his direction," and "caused him annoyance and alarm." Leibovitz Decl., Ex. N. Plaintiff does dispute the first or third statement. And while he claims he did not throw the CD at Judge Katsanos, he does not cite that factual disagreement as a basis to deprive Judge Katsanos of judicial immunity. Pl. Opp. at 10-11.[2]

State Defendants also established that the doctrine of "quasi-judicial immunity" bars Plaintiff's claims against Coy and Zebro. State Mem. at 16-17. Plaintiff asserts the opposite in a subject heading, Pl. Opp. at 11, but does not support his view with any pertinent argument. *See id.* at 12-16. In fact, that section of Plaintiff's Opposition contains no reference to absolute, judicial, or quasi-judicial immunity. *See id.* Moreover, the only case cited by Plaintiff on this point, *DePaula v. State of New York*, 82 A.D.3d 827 918 N.Y.S.2d 206 (2d Dep't 2011), is

---

[2] By contrast, Plaintiff has repeatedly challenged the accuracy of a separate statement attributed to Judge Katsanos, to the effect that the Civil Court made only one audio recording of the November 15, 2022, hearing. *See, e.g.*, Compl. ¶ 34; ECF No. 21, ¶ 6; ECF No. 46, at 4; ECF No. 59, at 5. But the accusatory instrument does not refer to that alleged statement, nor does Plaintiff cite it in his argument opposing Judge Katsanos's claim of absolute judicial immunity. *See* Pl. Opp. 10-11; Leibovitz Decl., Ex. N.

5

irrelevant, as it did not address any claim of immunity. Pl. Opp. at 12-13. Most of Plaintiff's discussion purports to describe a conversation between Plaintiff and Coy before the November 15, 2022, court hearing, and surreptitiously recorded discussions between Coy, Zebro, and a police officer after Plaintiff's arrest. Pl. Opp. at 13-16. Plaintiff makes no showing that this narrative undermines, or relates in any way, to Coy's and Zebro's claim of immunity.

For the unrebutted reasons set forth in the State Memorandum, all claims against Coy and Zebro are subject to dismissal on grounds of absolute quasi-judicial immunity.

### IV.  PLAINTIFF FAILS TO SHOW THAT THE COMPLAINT STATES A CLAIM

State Defendants moved to dismiss every claim asserted against them under Rule 12(b)(6) for failure to state a claim. *See* State Mem. at 17-27. Plaintiff purports to oppose that branch of the motion in Point IV of his brief. *See* Pl. Opp. at 16 (asserting, in subject heading, that the Complaint "doesn't fail to state a claim"). But the ensuing discussion consists entirely of an argument that the arresting officers lacked probable cause to arrest Plaintiff on a charge of disorderly conduct. *See id.* Plaintiff's argument has no conceivable bearing on the vast majority of his claims. *See* Point A, *infra*. At best, Plaintiff's probable cause argument is responsive to State Defendants' motion to dismiss his false arrest claims (Claims IV, IX). But even with respect to those claims, the argument is factually and legally baseless. *See* Point B, *infra*.

#### A.  Plaintiff Has Waived And Abandoned Most Of His Claims

Initially, "a court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *McNair v. Ponte*, No. 16 Civ. 1722 (LAP), 2019 WL 1428349, at *6 (S.D.N.Y. Mar. 29, 2019). Courts have "deemed claims abandoned even in cases where the plaintiff was proceeding *pro se*." *Id.* For example, this Court recently held that two *pro se* plaintiffs waived a claim by failing to respond to the

6

defendants' argument for its dismissal. *Applewhite v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 2928 (AMD), 2024 WL 3718675, at *12 (E.D.N.Y. Aug. 8, 2024) (citing *Sealy v. State Univ. of N.Y. at Stony Brook*, 408 F. Supp. 3d 218, 225 (E.D.N.Y. 2019); *McNair*, 2019 WL 1428349, at *6, *21). *See also Turner v. Sidorowicz*, No. 12 Civ. 7048 (NSR), 2016 WL 3938344, at *4 (S.D.N.Y. July 18, 2016) (holding that *pro se* plaintiff abandoned claim by not responding to argument for dismissal, despite having shown that he was "capable of opposing motions, submitting evidence, and communicating issues with the Court").

Plaintiff makes no attempt to argue that the Complaint adequately alleges a free speech violation (Claims I, II), fraud (Claim III), assault and battery (Claim VII), excessive force (Claim XIII), abuse of process (Claim X), or a violation of due process or any other constitutional right (Claims V, VIII). Plaintiff's argument regarding probable cause has nothing to do with the grounds for dismissing these claims. Pl. Opp. at 16. That is because the absence of probable cause is not an element of the claims, and State Defendants did not move to dismiss the claims on the ground that probable cause existed. Thus, Claims I, II, III, V, VII, VIII, and X should be dismissed as abandoned. That is especially true because Plaintiff has shown himself "capable of opposing motions, submitting evidence, and communicating issues with the Court," *Turner*, 2016 WL 3938344, at *4. Moreover, he is entitled to "less deference than most *pro se* litigants because of [his] extensive litigation history." *See* State Mem. at 6, n.2. *See also In re Lynch*, No. 19-2965, 2022 WL 16467, at *2 (2d Cir. Jan. 3, 2022) (citing *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010); *Jeffers v. City of N.Y.*, No. 14 Civ. 5659 (BMC), 2014 WL 6675676, at *1 (E.D.N.Y. Nov. 25, 2014)).

Alternatively, these claims must be dismissed for the substantive reasons set forth by State Defendants. State Mem. at 17-19, 23-27.

7

### B.     Plaintiff Cannot Salvage His False Arrest Claims

State Defendants move to dismiss Plaintiff's false arrest claims (Claims IV, IX) because there was probable cause to arrest him for disorderly conduct or obstructing governmental administration ("OGA"). State Mem. at 20-21 (citing N.Y. Penal Law §§ 195.05, 240.20). Plaintiff does not specifically address his false arrest claims (Pl. Opp. at 16), but it is well established that "[t]he existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996), *quoted in* State Mem. at 20. Thus, his discussion of probable cause may be liberally construed as an argument against the dismissal of his federal and state false arrest claims. *See* Pl. Opp. at 16.

That argument is both incorrect and immaterial.

*First*, Plaintiff asserts that disorderly conduct can only occur in a "public place," and that "no members of the public were present in the courtroom" when he threatened, cursed, and yelled at Judge Katsanos during a hearing in a civil case.[3] *Id.*

The argument fails because it is well established that a courtroom is a public place. *See, e.g.*, N.Y. Judiciary Law § 4 (declaring, with exceptions not relevant here, that "[t]he sittings of every court within this state shall be public, and every citizen may freely attend the same"); *Lisa C.-R. v. William R.*, 166 Misc. 2d 817, 821, 635 N.Y.S.2d 449, 452 (Sup. Ct. N.Y. Cnty. 1995) ("Public access to courtroom proceedings is strongly favored[.]") (citing *Richmond Newspapers v. Va.*, 448 U.S. 555 (1980)); *Huminski v. Corsones*, 396 F.3d 53, 82 (2d Cir. 2005) (holding that "a presumption of openness inheres in the very nature of a ... trial under our system of justice")

---

[3]     Disorderly conduct has "three elements: (i) the defendant's conduct must be 'public' in nature, (ii) it must be done with 'intent to cause public inconvenience, annoyance or alarm' or with recklessness as to 'a risk thereof,' and (iii) it must match at least one of the descriptions set forth in the statute." *Provost v. City of Newburgh*, 262 F.3d 146, 157 (2d Cir. 2001) (quoting N.Y. Penal Law § 240.20). Proscribed conduct includes "engag[ing] in fighting or in violent, tumultuous or threatening behavior"; "mak[ing] unreasonable noise"; or "us[ing] abusive or obscene language" "in a public place." N.Y. Penal Law § 240.20[1], [2], [3].

8

(citation omitted). Plaintiff cites no case law suggesting that the absence of spectators converts a court hearing that is open to the public, in a state courthouse, presided over by a state judge and policed by state officers, into a purely private affair.

Moreover, Plaintiff's argument has no factual basis. The Complaint does not allege that no onlookers were present during Plaintiff's outburst, nor does Plaintiff make any such claim in the 64-page, 271-paragraph declaration that he submitted in response to State Defendants' motion (ECF No. 54). Thus, Plaintiff has no legal or factual grounds to argue that the arresting officers lacked probable cause to believe he committed disorderly conduct in open court.

***Second***, it is well settled that a false arrest claim "turns on whether probable cause existed to arrest for any crime, not whether probable cause existed with respect to each individual charge." *Marcavage v. City of New York*, 689 F.3d 98, 109 (2d Cir. 2012), *quoted in Leibovitz v. Barry*, No. 15 Civ. 1722 (KAM), 2016 WL 5107064, at *9 (E.D.N.Y. Sept. 20, 2016). *Accord Williams v. City of New York*, No. 20 Civ. 5113 (AMD) (LB), 2020 WL 6899995, at *2 (E.D.N.Y. Nov. 23, 2020) (citing *Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007). *See also Kee v. City of New York*, 12 F.4th 150, 159 (2d Cir. 2021); *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) (Sotomayor, C.J.); *Toussaint v. Cnty. of Westchester*, 615 F. Supp. 3d 215, 225 (S.D.N.Y. 2022).

Plaintiff does not dispute that there was probable cause to arrest him on a charge of OGA. *See* State Mem. at 21; Pl. Opp. at 16. Both the Complaint and the audio recordings demonstrate that Plaintiff yelled and cursed at Judge Katsanos in open court, and intentionally obstructed and impaired the administration of law by means of intimidation, as demonstrated by his repeated warnings to Judge Katsanos to "tread very fucking lightly." Compl. ¶¶ 152, 155, 158-60, 166; 2 Audio 2:32-33, 2:48 – 5:22. Thus, the record establishes that there was probable cause to arrest

9

Plaintiff on a charge of OGA, despite his contention that there was no basis to arrest him for disorderly conduct. That constitutes an absolute defense to Plaintiff's false arrest claims.

### C. Probable Cause Is Irrelevant to Plaintiff's Malicious Prosecution Claims

State Defendants also moved to dismiss Plaintiff's malicious prosecution claims (Claims V, VI), in part on the ground that there was probable cause to charge him with OGA, criminal contempt in the second degree, N.Y. Penal Law § 215.50[1], and harassment in the second degree, N.Y. Penal Law § 240.26. *See* State Mem. at 22. Plaintiff makes no attempt to oppose the dismissal of these claims. Moreover, his discussion of probable cause to arrest him for disorderly conduct is irrelevant, as Plaintiff was not charged with disorderly conduct. *See* Compl. ¶ 7 (listing charges). Accordingly, Claims V and VI should be dismissed as abandoned, or for the reasons set forth by State Defendants. State Mem. at 22.[4]

### V. QUALIFIED IMMUNITY BARS PLAINTIFF'S CLAIMS

Plaintiff concedes that court officers and government officials are entitled to qualified immunity in circumstances set forth in the case law. Pl. Opp. at 12 (citations omitted). He does not respond to State Defendants' argument that "qualified immunity bars Plaintiff's claims in their entirety against State Defendants." *Compare* State Mem. at 27-28 *with* Pl. Opp. at 16.

Accordingly, it is undisputed that qualified immunity provides a separate and independent basis to dismiss this action.

---

[4] Additionally, Plaintiff does not contend the Complaint alleges the element of "actual malice," or that Officer Zebro was personally involved in his prosecution. *See* State Mem. at 23. Those defects provide separate and additional grounds to dismiss his malicious prosecution claims.

## CONCLUSION

For the foregoing reasons and those set forth in the State Memorandum, State Defendants respectfully request that the Court grant their motion to dismiss the action, with prejudice, and for such other relief as the Court deems proper.

Dated:  New York, New York  
        January 31, 2025

LETITIA JAMES  
Attorney General  
State of New York

By: *Michael A. Berg*

Michael A. Berg  
Assistant Attorney General  
28 Liberty Street  
New York, New York 10005  
(212) 416-8651  
michael.berg@ag.ny.gov

11

### CERTIFICATION PURSUANT TO CIVIL RULE 7.1(c) OF THE JOINT LOCAL RULES OF THE UNITED STATES DISTRICT COURTS FOR THE SOUTHERN AND EASTERN DISTRICTS OF NEW YORK

The undersigned certifies that, using the Microsoft Word feature called "Word Count" and excluding the cover page, captions and signature block, the Reply Memorandum of Law in Support of the State Defendants' Motion to Dismiss, dated January 31, 2025, contains 3,411 words, less than the 3,500 word limit.

Dated: New York, New York  
January 31, 2025

LETITIA JAMES  
Attorney General  
State of New York

By: *Michael A. Berg*

Michael A. Berg  
Assistant Attorney General  
28 Liberty Street  
New York, New York 10005  
(212) 416-8651  
michael.berg@ag.ny.gov

12