UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ETAN LEIBOVITZ,

                      Plaintiff,

   -against-

NEW YORK ASSISTANT ATTORNEY GENERAL
NICOLE PROCIDA, NEW YORK STATE COURT
OFFICERS MICHAEL ZEBRO, NEW YORK STATE
COURT OFFICERS KENNETH COY, NEW YORK
SRT COURT OFFICERS JOHN DOES 1-10, QUEENS
ASSISTANT DISTRICT ATTORNEYS PHYLLIS
WEISS, and NEW YORK STATE COURT JUDGE
JOHN KATSANOS,

                      Defendants.
-----------------------------------------------------------------X

**ORDER**
**24 CV 4779 (AMD)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff Etan Leibovitz brings this *pro se* action under 42 U.S.C. §§ 1983 and 1988, as well as other federal and New York state laws. ECF No. 1. Plaintiff presently moves for Rule 11 sanctions against Assistant Attorney General Michael Berg, counsel for the State Defendants,[1] for an allegedly "false and misleading" declaration by Mr. Berg on defendants' motion to dismiss. Pl. Mot., ECF No. 59; see also Berg Decl. ECF No. 24. For the reasons discussed herein, the motion is denied.[2]

"Rule 11 applies to both attorneys and pro se litigants in guarding against frivolous, vexatious, or scurrilous lawsuits." Murawski v. Pataki, 514 F. Supp. 2d 577, 590 (S.D.N.Y.

---

[1] The State Defendants include New York Assistant Attorney General Nicole Procida, New York State Court Judge John Katsanos, and New York State Court Officers Kenneth Coy and Michael Zebro.

[2] Plaintiff filed the instant action on July 10, 2024. ECF No. 1. The State Defendants, represented by Assistant Attorney General Michael Berg, moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on August 30, 2024. ECF No. 23. Subsequently, *pro se* plaintiff sought leave to amend his complaint, which the Court granted. See ECF No. 30; Order dated September 27, 2024. The Court granted plaintiff two extensions of time to move to amend and warned plaintiff that no further extensions would be granted. No amended complaint was filed by the December 5, 2024 deadline. See Order dated December 4, 2024; see also ECF Nos. 30–36; 38. The Court then reinstated the briefing schedule for defendants' motions to dismiss. The motions were fully briefed on January 31, 2025. ECF Nos. 23, 41, 56, 68, 71. Plaintiff now moves for sanctions against Assistant Attorney General Michael Berg, ECF No. 59, which defendants' counsel opposes, ECF No. 74.

1

2007) (citing Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989)).  A party can move for sanctions under Rule 11 if a pleading is presented for an improper purpose, not warranted by existing law, or lacking in evidentiary support. FED. R. CIV. R. 11(b); Thompson v. Steinberg, No. 21-2444-CV, 2023 WL 353359, at *3 (2d Cir. Jan. 23, 2023) (summary order).[3] However, the imposition of Rule 11 sanctions rests in the sound and cautious discretion of the court. Murawski, 514 F. Supp. 2d at 590 (citing Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004)); see also Knipe v. Skinner, 19 F.3d 72, 78 (2d Cir. 1994); Newman and Cahn, LLP. v. Sharp, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) ("Courts impose Rule 11 sanctions with discretion and caution.") (citations omitted).  Further, "in this Circuit, courts have held that 'sanctions may be imposed pursuant to § 1927 only when there is a finding of conduct constituting or akin to bad faith.'" Laface v. E. Suffolk BOCES, No. 2:18-CV-1314(ADS)(AKT), 2019 WL 4696434, at *4 (E.D.N.Y. Sept. 26, 2019) (cleaned up).

Plaintiff seeks Rule 11 sanctions against Michael Berg for his "false and misleading" declaration in support of defendants' motion to dismiss. Compare Pl. Mot. 1, ECF No. 59 with Berg Decl. ECF No. 24.[4]  Plaintiff argues that Mr. Berg's declaration contains "false and misleading statements," where Mr. Berg "admitted to listening to the two (2) For the Record audio recordings relevant to this matter" and still filed a motion to dismiss. Pl. Mot. 27–28, ECF No. 59.  Plaintiff argues the motion to dismiss was "improper" where there is purported "contradictory evidence" between the FTR recording and defendants' statements or judicial orders. Id.  Plaintiff further states that Assistant Attorney General Berg's motion to dismiss "constitutes an attempt to mislead the Court regarding the factual record." Pl. Mot. 27–31, ECF

---

[3] The Clerk of Court is respectfully directed to send plaintiff the attached copies of the unreported cases cited herein.
[4] Although plaintiff's motion is based on counsel's declaration in support of the State Defendants' motion to dismiss, dated August 30, 2024, ECF No. 24, plaintiff advised counsel of his "intention to move for sanctions on or about August 26, 2024," ECF No. 67, *before* counsel's declaration was filed.

No. 59. In the alternative, plaintiff seeks sanctions against Mr. Berg under the Court's inherent authority pursuant to 28 U.S.C. § 1927. ECF No. 26.

Plaintiff's motion is without merit.[5] Other than plaintiff's conclusory statement, there is nothing to show that Assistant Attorney General Berg's Declaration is false or misleading. <u>Compare</u> Pl. Mot., ECF No. 59 <u>with</u> Berg Decl., ECF No. 24. While plaintiff may disagree with Orders issued by the defendants that Mr. Berg represents, plaintiff provides no basis for his claim that Mr. Berg's declaration is false.

Accordingly, plaintiff's motion for sanctions is denied. The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff.

SO ORDERED.

Dated: April 7, 2025
      Brooklyn, New York

/S/
LOIS BLOOM
United States Magistrate Judge

---

[5] On February 24, 2025, plaintiff filed a second motion for sanctions regarding the identification of the court officers who responded to the underlying incident and/or transported plaintiff to the police station. ECF No. 77. On February 19, 2025, plaintiff informed counsel that he intends to file a third motion for sanctions. ECF No. 78-1. State Defendants shall respond to plaintiff's second motion for sanctions, ECF No. 77, by April 14, 2025.