UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ETAN LEIBOVITZ,

                          Plaintiff,

             v.

NEW YORK ASSISTANT ATTORNEY
GENERAL NICOLE PROCIDA; NEW YORK
STATE COURT OFFICERS MICHAEL
ZEBRO and KENNETH COY; NEW YORK
SRT COURT OFFICERS JOHN DOES 1-10;
QUEENS ASSISTANT DISTRICT
ATTORNEYS PHYLLIS WEISS; NEW YORK
STATE COURT JUDGE JOHN KATSANOS,

                          Defendants

24 Civ. 4779 (AMD) (LB)

**MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S SECOND MOTION FOR SANCTIONS**

LETITIA JAMES
Attorney General
State of New York
*Attorney for State Defendants*
28 Liberty Street
New York, New York 10005
(212) 416-8651

MICHAEL A. BERG
Assistant Attorney General

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................................................. i

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND............................................................ 2

    A. The Complaint and State Defendants' Motion to Dismiss.................................. 2

    B. The *Valentin* Order and OAG Response .......................................................... 3

    C. Plaintiffs Threatens And Files This Second Motion For Sanctions ..................... 4

    D. Plaintiff Cannot Explain His Purported "Evidence"........................................... 5

    E. OAG's Supplemental Letter................................................................................. 5

LEGAL STANDARDS .................................................................................................... 6

ARGUMENT .................................................................................................................... 8

    I. PLAINTIFF HAS NOT SHOWN THAT THE CHALLENGED STATEMENT IN THE OAG RESPONSE IS "FALSE AND MISLEADING" IN ANY RESPECT ...... 8

        A. The Documents Allegedly Prepared By Officer Zebro ...................................... 8

        B. Plaintiff's Previously Filed Declaration............................................................ 9

        C. Plaintiff's Surreptitious Audio Recording ....................................................... 10

    II. PLAINTIFF DOES NOT CITE ANY UNWARRANTED DENIALS OF FACT..... 11

    III. PLAINTIFF HAS NOT PROVED ANY IMPROPER PURPOSE ........................... 12

    IV. THE MOTION REFLECTS PLAINTIFF'S ANIMUS ............................................ 14

CONCLUSION................................................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Boelter v. Hearst Commc'ns, Inc.*,
    No. 15 Civ. 3934 (AT), 2016 WL 11898864 (S.D.N.Y. Dec. 16, 2016)..................12

*Foy v. New York State Unified Ct. Sys.*,
    740 F. Supp. 3d 136 (E.D.N.Y. 2024) ..................................................................12

*In re Lynch*,
    No. 19-2965, 2022 WL 16467 (2d Cir. Jan. 3, 2022) ...............................................6

*Ipcon Collections LLC v. Costco Wholesale Corp.*,
    698 F.3d 58 (2d Cir. 2012).................................................................................7, 15

*Jeffers v. City of N.Y.*,
    No. 14 Civ. 5659 (BMC), 2014 WL 6675676 (E.D.N.Y. Nov. 25, 2014) ...............6

*Leibovitz v. Barry*,
    No. 15 Civ. 1722 (KAM), 2016 WL 5107064 (E.D.N.Y. Sept. 20, 2016)...............3, 6, 14-15

*Leibovitz v. City of N.Y.*,
    No. 14 Civ. 3297 (RA) (JCF), 2017 WL 1314122 (SDNY Apr. 6, 2017)...................6, 14-15

*Leibovitz v. City of N.Y.*,
    No. 14 Civ. 7106 (KAM) (LB), 2018 WL 1157872 (E.D.N.Y. Mar. 2, 2018) .......14

*Leibovitz v. City of N.Y.*,
    No. 15 Civ. 546 (LGS) (HBP), 2019 WL 4307305 (Aug. 27, 2019) .................6, 14

*Leibovitz v. Scotto*,
    E.D.N.Y. No. 19 Civ. 842 (KAM) (LB) ................................................................15

*Lima v. Napoli*,
    No. 19 Civ. 1699 (JMA) (ST), 2023 WL 2429998 (E.D.N.Y. Feb. 10, 2023).......12

*O'Brien v. Alexander*,
    101 F.3d 1479 (2d Cir. 1996)...................................................................................7

*Omega SA v. 375 Canal, LLC*,
    324 F.R.D. 47 (S.D.N.Y. 2018) .............................................................................11

*Performance Elecs., LLC v. Tri Valley Recyclers, LLC*,
    No. 15 Civ. 710 (JFB) (SIL), 2016 WL 11339558 (E.D.N.Y. Apr. 4, 2016)...........7

*Sanderson v. Leg Apparel LLC*,
    No. 19 Civ. 8423 (GHW), 2024 WL 498094 (S.D.N.Y. Feb. 8, 2024) .................................... 7

*SFM Realty Corp. v. Lemanski*,
    No. 20 Civ. 209 (KPF), 2021 WL 21987 (S.D.N.Y. Jan. 4, 2021) ........................................ 11

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*,
    682 F.3d 170 (2d Cir. 2012) .................................................................................................. 7

*Storey v. Cello Holdings, L.L.C.*,
    347 F.3d 370 (2d Cir. 2003) .................................................................................................. 7

*Tracy v. Freshwater*,
    623 F.3d 90 (2d Cir. 2010) .................................................................................................... 6

*Trs. of N.Y.S. Nurses Ass'n Pension Plan v. White Oak Glob. Advisors, LLC*,
    102 F.4th 572 (2d Cir. 2024) ................................................................................................ 7

*Usherson v. Bandshell Artist Mgmt.*,
    No. 19 Civ. 6368 (JMF), 2020 WL 3483661 (S.D.N.Y. June 26, 2020) ................................ 7

*Valentin v. Dinkins*,
    121 F.3d 72 (2d Cir. 1997) ............................................................................................ passim

**Federal Constitutional Provisions, Statutes, and Rules**

42 U.S.C. § 1983 ........................................................................................................................... 2

Fed. R. Civ. P.
    Rule 11 ......................................................................................................................... passim
    Rule 11(b)(1) ..................................................................................................................6, 12
    Rule 11(b)(3) .......................................................................................................................... 6
    Rule 11(b)(4) ................................................................................................................. 6, 11-12
    Rule 11(c)(1) .......................................................................................................................... 6
    Rule 11(c)(2) ......................................................................................................................7, 10
    Rule 11(b) ............................................................................................................................... 7
    Rule 12(b) ............................................................................................................................. 13

**State Constitutional Provisions, Statutes, and Rules**

N.Y. Jud. Law § 487 ..................................................................................................................... 2

Assistant Attorney General ("AAG") Nicole Procida, Court Officer Kenneth Coy, former Court Officer Michael Zebro, and Judge John C.V. Katsanos ("State Defendants") respectfully submit this Memorandum of Law in opposition to Plaintiff's Motion for Sanctions Regarding Submission of False and Misleading Letter by Defendants John Katsanos, Michael Zebro, Kenneth Coy and Nicole Procida's Attorney, Michael Berg, and the annexed proposed order, memorandum of law, declaration, and exhibits, filed on February 24, 2025 (collectively, the "Motion") (ECF No. 77). The Motion is cited by ECF page number.

## PRELIMINARY STATEMENT

The Motion is the latest salvo in Plaintiff's ongoing legal and verbal offensive against his perceived enemies, including attorneys who oppose his claims and judges who rule against him.[1] On April 7, 2025, the Court denied as "without merit" Plaintiff's first motion for sanctions in this action. That motion alleged, without evidentiary support, that a declaration submitted by AAG Michael A. Berg in support of State Defendants' motion to dismiss was "false and misleading."

Plaintiff now moves for sanctions, claiming a statement in AAG Berg's letter to the Court identifying eight "John Doe" defendants who were members of the court officers' Special Response Team ("SRT") was "false and misleading." Specifically, he disputes the statement in AAG Berg's January 29, 2025 letter to the Court that based on communications with court officials, "it is our understanding that no SRT court officers transported Plaintiff from the courthouse to the 102nd Precinct police station [the "Precinct"] on November 15, 2022." The letter nonetheless identified the SRT officers who responded to the incident, and the Office of the Attorney General ("OAG") subsequently identified two more court officers who were present. As such, the OAG fulfilled its obligation to identify the court officers who responded to the

---

[1]     *See generally* Memorandum of Law in Opposition to Plaintiff's [First] Motion for Sanctions at 1, 6-7, 17-20, Feb. 14, 2025 (ECF No. 74).

incident. To the extent that Plaintiff seeks additional facts concerning each court officer's actions and affiliation with the SRT, he may pursue those topics in discovery if the case survives State Defendants' pending motion to dismiss.

Moreover, Plaintiff cites no evidence that the challenged statement was inaccurate, and he could neither explain nor corroborate his accusation during Rule 11's "safe harbor" period. Nor can he show that the OAG lacked a good-faith basis to rely on the information provided by court officials. As such, the Motion is wholly meritless and unsupported. It should be denied so that the Court can proceed with the consideration of State Defendants' motion to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    <u>The Complaint and State Defendants' Motion to Dismiss</u>

The Verified Complaint, filed July 9, 2024 (ECF No. 1), asserts claims relating to Plaintiff's arrest in Queens County Civil Court on November 15, 2022, and his ensuing prosecution, which was dismissed "in furtherance of justice." Compl., Ex. B. Specifically, the Complaint asserts claims under 42 U.S.C. § 1983 and state law alleging false arrest, malicious prosecution, excessive force, assault and battery, and abuse of process. *Id*. at 80-95. Plaintiff brings these claims against Judge Katsanos, Court Officer Coy, and former Court Officer Zebro, except the judge is not named in the excessive force claim. *Id.* The Complaint also alleges that AAG Procida violated Plaintiff's free speech rights by purportedly "blocking" his phone calls to OAG, and that she committed "deceit" in violation of New York Judiciary Law § 487 while defending a prior action filed by Plaintiff in the New York Court of Claims. Compl. at 75-79.

On August 30, 2024, State Defendants moved to dismiss the Complaint on several grounds. (ECF Nos. 23-27.) Plaintiff opposed the motion on January 6, 2024 (ECF Nos. 54-56), and State Defendants filed their reply brief on January 31, 2025 (ECF No. 71).

On January 14, 2025, Plaintiff filed his first motion for sanctions against AAG Berg in this action,[2] alleging his declaration in support of State Defendants' motion to dismiss contained "false and misleading" statements, but identifying none (ECF Nos. 59-66). State Defendants opposed the motion (ECF No. 74), and on April 7, 2025, the Court denied it, holding that "[o]ther than plaintiff's conclusory statement, there is nothing to show that Assistant Attorney General Berg's Declaration is false or misleading." (ECF No. 82.)

**B.    The *Valentin* Order and OAG Response**

By letter dated December 5, 2024 (ECF No. 39), Plaintiff requested an order pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), directing AAG Berg to "ascertain the full names of the unidentified John Doe defendants." The Complaint refers to these individuals as "NEW YORK SRT COURT OFFICERS JOHN DOES 1-10," and alleges that they "were SRT court officers" who "arrived at the Queens Civil Court with the directive to transport Plaintiff … to the police precinct" on November 15, 2022. Compl. at 1; *id.* ¶ 37.

By letter dated December 9, 2024, AAG Berg advised the Court that "OAG does not currently represent any parties other than State Defendants," but that "we stand ready to work with the New York State Unified Court System to respond to any *Valentin* order the Court may issue." (ECF No. 40.) Ten days later, the Court "direct[ed] the State Defendants' counsel to provide the full names and current service addresses for the John Doe defendants who transported plaintiff to the precinct by February 2, 2025." Dkt. Entry, Dec. 19, 2024 (the "*Valentin* Order").

On January 29, 2025, AAG Berg responded to the *Valentin* Order (ECF No. 69) (the

---

[2]    In a prior action arising out of Plaintiff's arrest in Civil Court on April 16, 2014, Magistrate Judge Bloom denied Plaintiff's motion for sanctions against AAG Berg. *See Leibovitz v. Barry*, No. 15 Civ. 1722 (KAM) (LB), Order, July 8, 2016 (ECF No. 42). The Court subsequently dismissed that action on multiple grounds. *Id.*, 2016 WL 5107064, at *8 (E.D.N.Y. Sept. 20, 2016).

"OAG Response"). The OAG Response identified eight SRT court officers who responded to the incident in Civil Court involving Plaintiff on November 15, 2022. *Id.* The OAG Response made clear that it was identifying these John Doe defendants even though, based on communications with counsel for the State Office of Court Administration ("OCA") and the SRT, "it is our understanding that no SRT court officers transported Plaintiff from the courthouse to the 102nd Precinct police station on November 15, 2022." *Id.* at 2.

C.    **Plaintiffs Threatens And Files This Second Motion For Sanctions**

On January 29, 2025, Plaintiff filed a letter stating that he intended to file a second motion for sanctions against AAG Berg based on the OAG Response (ECF No. 70). He served the Motion on January 31, 2025, and filed it on February 24, 2025 (ECF No. 77). The Motion focuses on (and repeatedly quotes) the following statement in the OAG Response:

> Pursuant to the *Valentin* Order, OAG communicated with the New York State Office of Court Administration, Counsel's Office, and the [SRT]. Based on those communications, it is our understanding that no SRT court officers transported Plaintiff from the courthouse to the 102nd Precinct police station on November 15, 2022.

Mot. at 1, 5, 9, *id.*, 14, 16, 18 (quoting ECF No. 69 at 1-2).

The Motion asserts that "[t]his statement is false and directly contradicted by objective evidence." *Id.* at 14. Plaintiff cites four purported items of evidence: a Complaint Information and On Line Booking System Arrest Worksheet allegedly prepared by Officer Zebro (Mot., Ex. A (ECF No. 77-2) & Ex. B (ECF No. 77-3[3])); portions of Plaintiff's declaration opposing State Defendants' motion to dismiss (ECF No. 54 ¶¶ 83, 125-151)); and a 1-hour, 23-minute segment of Plaintiff's covertly recorded audio of the day's events (ECF No. 56-6, timestamped 2:15:03 – 3:38:29). This alleged evidence is discussed below. *See* Point I.

---

[3]    On its face, the On Line Booking System Arrest Worksheet appears to have been signed by Officer Coy, not Officer Zebro. (ECF No. 77-3, at 1.)

### D.    Plaintiff Cannot Explain His Purported "Evidence"

On February 6 and 7, 2025, after reviewing the Motion, AAG Berg listened to the audio segment cited by Plaintiff. Declaration of Michael A. Berg, ¶¶ 5, 7, Apr. 28, 2025 ("Berg Decl."). "Much of the audio was inaudible," *id.* ¶ 6, and AAG Berg could not "discern the names, ranks, or affiliations of the individuals with whom Plaintiff spoke or interacted. [He] did not hear any person identified by name or as a court officer or SRT member." *Id.* ¶ 7.

A few days later, AAG Berg emailed Plaintiff to request that he specify the factual basis for the proposed Motion. *See* Berg Decl. ¶ 8 & Ex. 1. His first email, dated February 10, 2025, stated that he had "reviewed the cited documents and audio, and I did not see or hear any evidence that one or more SRT court officers transported you from the courthouse to the precinct on the date of the incident." *Id.*, Ex. 1, at 3. AAG Berg asked Plaintiff to "identify the specific portions of the cited documents and audio file that support your factual assertion that you were transported to the precinct by SRT officers, and that you contend contradict my letter to the Court on that topic." *Id.* In a follow-up email on February 11, 2025, AAG Berg repeated his request that Plaintiff identify any "evidence that [he was] transported from the courthouse to the 102nd precinct station by [SRT] officers.'" *Id.* at 1. Plaintiff replied to both emails but did not provide responsive information. *Id.*, Ex. 1 at 1, 2.

### E.    OAG's Supplemental Letter

By letter dated February 14, 2025 (ECF No. 75) (the "OAG Supplement"), AAG Berg disclosed the identities of two additional court officers, who were in the vehicle that transported Plaintiff from the courthouse to the Precinct. *See also* Berg Decl. ¶ 9. Based on information provided by OCA Counsel and the SRT, these individuals were not members of the SRT. *Id.* Accordingly, the OAG Supplement set forth the OAG's understanding that they "were not members of the [SRT]," and thus "are not among the 'John Doe' defendants referenced in the

Complaint." (ECF No. 75, at 2.)

The OAG nonetheless provided the two additional officers' "identities and business addresses in response to Plaintiff's continuing demands," and in an unsuccessful effort "to avoid an ancillary dispute that would impede or delay the resolution of this action." *See id.*

## LEGAL STANDARDS

Courts are "ordinarily obligated to afford a special solicitude to *pro se* litigants," but that indulgence is reduced, and may be withdrawn entirely, "where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." *Tracy v. Freshwater*, 623 F.3d 90, 101-102 (2d Cir. 2010).[4] *See also In re Lynch*, No. 19-2965, 2022 WL 16467, at *2 (2d Cir. Jan. 3, 2022); *Jeffers v. City of N.Y.*, No. 14 Civ. 5659 (BMC), 2014 WL 6675676, at *1 (E.D.N.Y. Nov. 25, 2014). Plaintiff has extensive experience representing himself in federal civil actions asserting claims including false arrest, malicious prosecution, excessive force, and free speech violations.[5] As such, he is entitled to little, if any, deference.

Plaintiff moves for sanctions under Federal Rule of Civil Procedure 11(b)(1), (3) & (4). Mot. at 2. Those provisions authorize, but do not require, *see* Fed. R. Civ. P. 11(c)(1), district courts to impose sanctions upon a finding that an attorney or party has submitted a pleading or other paper for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," *id.* 11(b)(1); whose "factual contentions" lack "evidentiary support," *id.* 11(b)(3); or whose "denials of factual contentions" are not "warranted on the

---

[4]     Unless otherwise indicated, all internal quotation marks, alterations, emphases, footnotes, ellipses, and internal citations are omitted from case citations.

[5]     *See, e.g., Leibovitz v. City of N.Y.*, No. 15 Civ. 546 (LGS) (HBP), 2019 WL 4307305, at *1 (Aug. 27, 2019), *report and recommendation adopted*, 2019 WL 4303343 (S.D.N.Y. Sept. 11, 2019); *Leibovitz v. City of N.Y.*, No. 14 Civ. 3297 (RA) (JCF), 2017 WL 1314122, at *1 (Apr. 6, 2017), *report and recommendation adopted*, 2017 WL 3433608 (S.D.N.Y. Aug. 10, 2017); *Leibovitz v. Barry*, No. 15 Civ. 1722 (KAM), 2016 WL 5107064 (E.D.N.Y. Sept. 20, 2016).

evidence." *Id.* 11(b)(4). Any such motion "must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). *See also Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,* 682 F.3d 170, 175 (2d Cir. 2012) (holding that "the specific conduct or omission" at issue must be identified).

"To grant a motion for sanctions under Rule 11(c)(2), the Court must find … that the complained of conduct was 'objectively unreasonable.'" *Sanderson v. Leg Apparel LLC*, No. 19 Civ. 8423 (GHW), 2024 WL 498094, at *2 (S.D.N.Y. Feb. 8, 2024) (quoting *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003)). *Accord Performance Elecs., LLC v. Tri Valley Recyclers, LLC*, No. 15 Civ. 710 (JFB) (SIL), 2016 WL 11339558, at *1 (E.D.N.Y. Apr. 4, 2016). Regarding factual contentions, "sanctions may not be imposed unless a particular allegation is utterly lacking in support." *Storey*, 347 F.3d at 388 (citing *O'Brien v. Alexander,* 101 F.3d 1479, 1489 (2d Cir. 1996)). Even when a violation is found, sanctions are discretionary. *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63-64 (2d Cir. 2012).

Plaintiff also seeks sanctions under the Court's inherent authority. Mot. at 2. "A court may impose sanctions under its inherent authority if it finds, by clear and convincing evidence, that the party or attorney knowingly submitted a materially false or misleading pleading, or knowingly failed to correct false statements, as part of a deliberate and unconscionable scheme to interfere with the Court's ability to adjudicate the case fairly." *Usherson v. Bandshell Artist Mgmt.*, No. 19 Civ. 6368 (JMF), 2020 WL 3483661, at *9 (S.D.N.Y. June 26, 2020), *aff'd in part sub nom. Liebowitz v. Bandshell Artist Mgmt.*, 858 F. App'x 457 (2d Cir. 2021), *aff'd*, 6 F.4th 267 (2d Cir. 2021). *See also Trs. of N.Y.S. Nurses Ass'n Pension Plan v. White Oak Glob. Advisors, LLC*, 102 F.4th 572, 614 (2d Cir. 2024).

**ARGUMENT**

**I.     PLAINTIFF HAS NOT SHOWN THAT THE CHALLENGED STATEMENT
IN THE OAG RESPONSE IS "FALSE AND MISLEADING" IN ANY RESPECT**

The Motion focuses on the following statement in the OAG Response:

> Pursuant to the *Valentin* Order, OAG communicated with the New
> York State Office of Court Administration, Counsel's Office, and the
> [SRT]. Based on those communications, it is our understanding that no
> SRT court officers transported Plaintiff from the courthouse to the
> 102nd Precinct police station on November 15, 2022.

Mot. at 1, 5, 9, 9, 14, 16, 18 (quoting ECF No. 69 at 1-2). Specifically, the Motion challenges, as

purportedly "false and misleading" (*id., passim*), the assertion that "no SRT court officers

transported Plaintiff" from the Civil Court to the Precinct. *Id.* at 2.

In doing so, Plaintiff omits the context clearly set forth in the quoted passage, i.e., that the

challenged factual assertion was based on communications with OCA counsel and the SRT.

Plaintiff does not dispute that OAG obtained that information from court officials, or that it

provided a reasonable basis for OAG's "understanding" that no SRT court officers transported

Plaintiff to the Precinct. On that basis alone, the Motion should be denied.

In addition, none of the evidence cited by Plaintiff establishes that SRT court officers

transported him from Civil Court to the Precinct on the day of the incident. As such, Plaintiff

provides no facts that contradict the challenged statement in the OAG Response.

**A.     <u>The Documents Allegedly Prepared By Officer Zebro</u>**

The first two items Plaintiff cites are a Complaint Information and On Line Booking

System Arrest Worksheet that Officer Zebro allegedly prepared on the day of the incident. Mot.

at 3, Ex. A (ECF No. 77-2), Ex. B. (ECF No. 77-3). Plaintiff notes that these documents were

signed by a Sergeant Rojas of the New York City Police Department, who listed his command as

8

the 102nd Precinct. Mot. at 2, 10-11, 14, 17, 19, 23-24. Plaintiff does not explain the relevance of these documents or how they purportedly contradict the OAG Response.

Liberally construed, the Motion seemingly cites the Complaint Information and On Line Booking System Arrest Worksheet as proof that Plaintiff was present at the Precinct after his arrest in Civil Court on November 15, 2022. State Defendants have not disputed that fact, and the OAG Response does not deny it. Rather, the issue framed by Plaintiff is whether any SRT court officers transported him from Civil Court to the Precinct. The Complaint Information and On Line Booking System Arrest Worksheet are silent on that question. Indeed, neither document identifies the individuals who transported Plaintiff, or states that they were SRT officers. Thus, the documents cannot refute the statement in the OAG Response that (based on communications with OCA counsel and the SRT), "no SRT court officers transported Plaintiff from the courthouse to the 102nd Precinct police station on November 15, 2022."

**B.      Plaintiff's Previously Filed Declaration**

Plaintiff next cites portions of his own declaration, filed on January 6, 2025, in opposition to State Defendants' motion to dismiss (ECF No. 54 ¶¶ 83, 125-151) ("Pl.'s Decl.").

Plaintiff's Declaration states that he was escorted from Civil Court to a "waiting New York State Court vehicle parked right outside the courthouse," with Officers Coy, Zebro, and John Does 1-8 "at his side." Pl.'s Decl. ¶¶ 125-26. Plaintiff next states that Officers Coy and Zebro sat with him in the back seat of the vehicle. *Id.* ¶ 127. Notably, Plaintiff's Declaration does not state that John Does 1-8, or any other SRT officers, entered the vehicle or transported him to the Precinct. Plaintiff's assertion that John Does 1-8 were "at his side" when he was escorted to the vehicle is not evidence that they took him to the Precinct in the vehicle.

Plaintiff's Declaration also states that when he arrived at the Precinct, John Doe 2 opened

the vehicle's back door and spoke to him. *Id.* ¶ 130. Plaintiff further states that Officers Coy, Zebro, and John Does 1-6 escorted him from the vehicle into Precinct. *Id.* ¶ 131. These assertions suggest that several John Doe court officers were present outside the Precinct when Plaintiff arrived there, but do not state how they got there. Plaintiff's Declaration does not suggest that any John Doe officers transported him to the Precinct or were ever in the vehicle with him.

The remaining paragraphs of Plaintiffs' Declaration cited in the Motion have no bearing on whether SRT officers transported Plaintiff to the Precinct. *See, e.g.*, Pl.'s Decl. ¶¶ 132-151 (describing events that allegedly occurred in the Precinct after Plaintiff's arrival). In sum, nothing in Plaintiff's Declaration contradicts the challenged statement in the OAG Response.

### C.    Plaintiff's Surreptitious Audio Recording

Finally, Plaintiff cites a lengthy portion of his covertly recorded audio of the events of November 15, 2022. *See* Mot. at 14 (citing ECF No. 56-6, timestamped 2:15:03 – 3:38:29). He asserts that this 1-hour, 23-minute audio segment "captures his transfer by Defendants John Does #1-8, as well as Defendants Kenneth Coy and Michael Zebro[.]" *Id.* at 14. But a review of the audio does not support that assertion, and Plaintiff has been unable or unwilling to explain or corroborate it. Berg Decl. ¶¶ 8, 10.

On February 6 and 7, 2025, AAG Berg listened to the audio segment cited by Plaintiff. *Id.* ¶¶ 5, 7. Much of the recording was "inaudible," but AAG Berg "heard what appeared to be Plaintiff conversing with one or more other persons," as well as "the sounds of a vehicle's engine running, a radio playing, and intermittent sirens." *Id.* ¶¶ 6-7. AAG Berg concluded:

> Based on my review of the audio on February 6-7, 2025, I was unable to discern the names, ranks, or affiliations of the individuals with whom Plaintiff spoke or interacted. I did not hear any person identified by name or as a court officer or SRT member.

*Id.* ¶ 7.

On February 10-11, 2025, during the "safe harbor" period established under Fed. R. Civ. P. Rule 11(c)(2), AAG Berg emailed Plaintiff twice to request that he specify the factual basis for his proposed Motion. *Id.* ¶ 8 & Ex. 1. AAG Berg requested that Plaintiff "identify the specific portions of the cited documents and audio file that support your factual assertion that you were transported to the precinct by SRT officers, and that you contend contradict my letter to the Court on that topic." *Id.*, Ex. 1, at 3; *see also id.* at 1. Plaintiff answered AAG Berg's emails but did not identify any such evidence. *Id.* ¶ 8 & Ex. 1, 2. Thus, neither a review of the audio nor Plaintiff's responses to OAG's inquiries provide the slightest basis to conclude that he was transported from the courthouse to the Precinct by members of the SRT.

\* \* \*

In sum, the four pieces of evidence cited in the Motion do not establish that any of the John Doe SRT court officers transported Plaintiff from Civil Court to the Precinct. As such, he has failed to show that the challenged statement in the OAG Response was inaccurate, much less that it was intentionally false and misleading. *See SFM Realty Corp. v. Lemanski*, No. 20 Civ. 209 (KPF), 2021 WL 21987, at \*7 (S.D.N.Y. Jan. 4, 2021) (denying Rule 11 sanctions because evidence did not show "any intentional effort by Plaintiff's counsel to make false representations to the Court") (citing *Omega SA v. 375 Canal, LLC*, 324 F.R.D. 47, 55 (S.D.N.Y. 2018)).

## II.     PLAINTIFF DOES NOT CITE ANY UNWARRANTED DENIALS OF FACT

Plaintiff alleges that the OAG Response violates Rule 11(b)(4), which generally requires that a party's "denials of factual contentions [must be] warranted on the evidence." *See* Mot. at 2, 18. But Plaintiff cites no alleged facts or legal authorities in support of that claim.

Plaintiff's discussion of this point (Mot. at 18-19) does not, and could not possibly, cite a single "denial of factual contentions" by State Defendants or AAG Berg. State Defendants have

moved to dismiss this action, and thus have not been required to answer Plaintiff's factual allegations. Thus, neither State Defendants nor their attorney has had occasion to admit or deny any factual contentions by Plaintiff. As such, Plaintiff's reliance on Rule 11(b)(4) is misplaced. *Cf. Foy v. New York State Unified Ct. Sys.*, 740 F. Supp. 3d 136, 156 (E.D.N.Y. 2024) (noting that frivolously denying "the existence or authenticity of a material document" would violate Rule 11(b)(4)); *Lima v. Napoli*, No. 19 Civ. 1699 (JMA) (ST), 2023 WL 2429998, at *3 (E.D.N.Y. Feb. 10, 2023) (Rule 11(b)(4) motion based on allegedly unwarranted denial of counterclaims), *report and recommendation adopted*, 2023 WL 2731689 (E.D.N.Y. Mar. 31, 2023), *appeal withdrawn*, No. 23-744, 2023 WL 7286592 (2d Cir. Aug. 7, 2023); *Boelter v. Hearst Commc'ns, Inc.*, No. 15 Civ. 3934 (AT) (JLC), 2016 WL 11898864, at *1 (S.D.N.Y. Dec. 16, 2016) (Rule 11(b)(4) motion based on allegedly false denials of complaint's allegations).

Moreover, even if Rule 11(b)(4) applied here, Plaintiff's reliance on that rule is unavailing. Plaintiff claims the "denial" in the OAG Response that SRT officers transported him to the Precinct was not "warranted on the evidence." Fed. R. Civ. P. 11(b)(4). But that statement was reasonably based on information provided by OCA Counsel and the SRT, and Plaintiff's purported contrary evidence is unavailing. *See* Point I, *supra*.

## III.  PLAINTIFF HAS NOT PROVED ANY IMPROPER PURPOSE

Plaintiff alleges the OAG Response violates Rule 11(b)(1), which prohibits filing court papers "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Mot. at 2, 14-16. That claim is untenable, especially in light of Plaintiff's own litigation history in this case and others.

The self-evident purpose of the OAG Response was to identify the SRT court officers who responded to the incident – and whom Plaintiff may have sought to substitute as defendants

– regardless of whether they transported Plaintiff to the Precinct. Moreover, the OAG Supplement identified two additional non-party court officers. These submissions demonstrate full compliance with the *Valentin* Order. Plaintiff cites no evidence, and no plausible theory, in support of his accusation that the OAG Response was submitted for an improper purpose.

In Plaintiff's formulation, AAG Berg "continues to deny basic facts, demonstrating that [the OAG Response] was filed in bad faith." Mot. at 15. But as demonstrated in Point I, *supra*, there is no evidence at all that the challenged statement in the OAG Response was inaccurate. Thus, the claim that AAG Berg acted in bad faith by denying a purported "fact" is groundless.

Plaintiff next asserts that AAG Berg did not respond to the substance of his telephone calls and emails on January 29, 2025, purportedly evincing an "improper purpose" to delay resolution of a purported "material factual dispute." Mot. at 15. But there is no "material factual dispute" of fact that is ripe for resolution by the Court. Moreover, the OAG fully complied with the *Valentin* Order by identifying eight SRT officers responded to the incident, and also identified two non-SRT officers. All this was done in good faith and in an unsuccessful attempt to avoid a time-consuming ancillary dispute with Plaintiff over the *Valentin* Order. (ECF No. 75, at 2). To the extent that Plaintiff seeks further information regarding each officer's involvement and whether he was a member of the SRT, he may pursue the matter in discovery if the Complaint withstands State Defendants' Rule 12(b) motion.

Nor has Plaintiff shown that State Defendants or their counsel needlessly delayed his action. The docket shows that State Defendants sought modest extensions of time to respond to the Complaint and file motion papers. (ECF Nos. 14, 67, 83.) By contrast, Plaintiff has repeatedly requested indefinite extensions of time to file papers that he ultimately did not submit at all (ECF Nos. 30, 33, 35; *see also* ECF Nos. 38, 44, 46, 51); burdened the Court with wasteful

and vexatious filings (ECF Nos. 21, 30, 33, 35, 37, 39, 46, 53, 58, 72); and made repeated unauthorized calls to chambers (Dkt. Entries Oct. 30, 2024, Jan. 21, 2025).

Plaintiff has not shown that any extensions sought by State Defendants were unreasonable, much less that they were intended to delay the litigation or increase its costs.

## IV.  THE MOTION REFLECTS PLAINTIFF'S ANIMUS

In more than a decade as a *pro se* litigant, Plaintiff has repeatedly moved for sanctions against opposing counsel, sued them (as he has sued AAG Procida here), and threatened to do so. Apart from the Motion's defects set forth above, it should be denied because it is rooted in Plaintiff's self-evident animus toward AAG Berg,[6] rather than the facts and the law.

Plaintiff has a history of filing meritless civil actions against state judges, court officers, attorneys, clerks, prosecutors, and others, including actions alleging false arrest, malicious prosecution, excessive force, and free speech violations. *See, e.g., Leibovitz v. City of N.Y.*, No. 15 Civ. 546 (LGS) (HBP), 2019 WL 4307305, at *1 (S.D.N.Y. Aug. 27, 2019) (recommending dismissal as sanction for Plaintiff's "prolonged and unjustified failure to comply with [court] Orders … and his crude and inappropriate language in his communications with defense counsel, after being admonished to cease such behavior"), *report and recommendation adopted*, 2019 WL 4303343 (S.D.N.Y. Sept. 11, 2019); *Leibovitz v. City of N.Y.*, No. 14 Civ. 3297 (RA) (JCF), 2017 WL 1314122, at *1 (S.D.N.Y. Apr. 6, 2017) (recommending dismissal as sanction for Plaintiff's willful violations of discovery orders), *report and recommendation adopted*, 2017 WL 3433608 (S.D.N.Y. Aug. 10, 2017); *Leibovitz v. City of N.Y.*, No. 14 Civ. 7106 (KAM) (LB), 2018 WL 1157872, at *1 (E.D.N.Y. Mar. 2, 2018) (dismissing action); *Leibovitz v. Barry*, No. 15 Civ.

---

[6]    *See* First Motion for Sanctions at 12 (ECF No. 59) (citing a "tense" telephone conversation in which Plaintiff accused AAG Berg of "dishonesty and systemic bias" and "took a firm stance" against "civility"); *id.* at 13-15 (threatening to sue if AAG Berg were to "use perjury" or "lie and misrepresent the facts"); *id*. at 16-18 (attempting to cross-examine AAG Berg and accusing him of trying to maintain "plausible deniability").

1722 (KAM) (LB), 2016 WL 5107064 (E.D.N.Y. Sept. 20, 2016) (dismissing, for lack of subject matter jurisdiction and failure to state a claim, civil action arising out of Plaintiff's arrest in 2014 in Civil Court). *See also Leibovitz v. Scotto*, E.D.N.Y. No. 19 Civ. 842 (KAM) (LB), Mem. & Order, Apr. 19, 2020 (ECF No. 14) (denying, as "procedurally barred and entirely without merit," habeas corpus petition challenging disorderly conduct conviction stemming from Plaintiff's April 16, 2014, arrest in Queens County Civil Court).

In two of these cases, AAG Berg and a colleague represented the state officials and employees named as defendants. *See Leibovitz v. City of N.Y.*, S.D.N.Y. No. 14 Civ. 3297 (RA) (JCF)[7]; *Leibovitz v. Barry*, No. 15 Civ. 1722 (KAM) (LB). In *Leibovitz v. Barry*, Plaintiff moved for Rule 11 sanctions, claiming a letter from AAG Berg to the court contained statements that were "***knowingly*** and ***willfully***" "**completely false**" (ECF No. 40, at 1-2 (emphasis in original.)) The court denied the motion, holding that the letter contained an "inadvertent" "mistake that had no effect on this litigation." (ECF No. 42, at 2).

Plaintiff's history of filing meritless motions for sanctions against AAG Berg and his evident frustration with the judicial process suggest that the Motion is rooted in ill will, rather than any objective evidence of a Rule 11 violation. The Motion should be denied for these additional reasons. *See Ipcon Collections*, 698 F.3d at 63.

Finally, the Motion does not make the showing required for the Court to consider imposing sanctions under its inherent authority. For the reasons set forth above, Plaintiff has failed to show that the OAG Response was inaccurate, much less that it lacked a colorable basis or was asserted in bad faith.

---

[7] The ECF docket identifies this case by its original caption, *Leibovitz v. Ferrara*.

**CONCLUSION**

For the foregoing reasons, State Defendants respectfully request that the Court deny

Plaintiff's second motion for sanctions, proceed to consider the merits of their motion to dismiss,

and grant such other relief as the Court deems proper.

Dated:  New York, New York
         April 28, 2025

LETITIA JAMES
Attorney General
State of New York

By:    *Michael A. Berg*
        Michael A. Berg
        Assistant Attorney General
        28 Liberty Street
        New York, New York  10005
        (212) 416-8651
        michael.berg@ag.ny.gov

**CERTIFICATION PURSUANT TO CIVIL RULE 7.1(c) OF THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

I certify that, using the Microsoft Word feature called "Word Count" and excluding the cover page, caption and signature block, the Memorandum of Law in Opposition to Plaintiff's Second Motion for Sanctions, dated April 28, 2025, contains 5,038 words, fewer than the 8,750 word limit.

Dated:  New York, New York
       April 28, 2025

LETITIA JAMES
Attorney General
State of New York

By:    *Michael A. Berg*

Michael A. Berg
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8651
michael.berg@ag.ny.gov