UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ETAN LEIBOVITZ,

                            Plaintiff,

   -against-

NEW YORK ASSISTANT ATTORNEY GENERAL
NICOLE PROCIDA, NEW YORK STATE COURT
OFFICERS MICHAEL ZEBRO, NEW YORK STATE
COURT OFFICERS KENNETH COY, NEW YORK
SRT COURT OFFICERS JOHN DOES 1-10, QUEENS
ASSISTANT DISTRICT ATTORNEYS PHYLLIS
WEISS, and NEW YORK STATE COURT JUDGE
JOHN KATSANOS,

                            Defendants.
----------------------------------------------------------------X

**ORDER**
**24 CV 4779 (AMD)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff Etan Leibovitz brings this *pro se* action under 42 U.S.C. § 1983, as well as under other federal and New York state laws. ECF No. 1. Plaintiff moves, for a second time, for Rule 11 sanctions against Assistant Attorney General ("AAG") Michael Berg, counsel for the State Defendants.[1] Plaintiff alleges Berg filed a false and misleading letter in response to the Court's December 19, 2024 Valentin Order. ECF No. 77.[2] Plaintiff also moves for an evidentiary hearing to address his motion for sanctions. ECF No. 87.[3] For the following reasons, plaintiff's motions are denied.[4]

---

[1] The State Defendants include New York Assistant Attorney General Nicole Procida, New York State Court Judge John Katsanos, and New York State Court Officers Kenneth Coy and Michael Zebro.

[2] Plaintiff seeks an order: (1) stating Mr. Berg made misleading statements; (2) "censur[ing] Michael Berg for his actions"; (3) striking the letter, ECF No. 69, from record; (4) posting the Court's Order on the Attorney General's website; (5) awarding plaintiff $170,470.50 pursuant to Fed. R. Civ. P. 11(c)(4) to "deter repetition of the conduct"; and (6) imposing other such sanctions as the Court deems appropriate. Mot. 2–3, ECF No. 77.

[3] The Court denied plaintiff's previous request for an evidentiary hearing on similar issues without prejudice. ECF Order dated February 26, 2025. Plaintiff filed a Rule 72(a) appeal, ECF No. 80, which the Honorable Ann M. Donnelly denied. ECF Order dated March 3, 2025 ("The plaintiff is not entitled to a hearing on any of these matters.")

[4] Plaintiff filed the instant action on July 10, 2024. ECF No. 1. The State Defendants, represented by Assistant Attorney General Michael Berg, moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on August 30, 2024. ECF No. 23. Plaintiff sought leave to amend his complaint, which the Court granted. See ECF No. 30; Order dated September 27, 2024. The Court granted plaintiff two extensions of time to move to

1

## STANDARD OF REVIEW

"Rule 11 applies to both attorneys and pro se litigants in guarding against frivolous, vexatious, or scurrilous lawsuits." Murawski v. Pataki, 514 F. Supp. 2d 577, 590 (S.D.N.Y. 2007) (citing Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989)). A party can move for sanctions under Rule 11 if a pleading is presented for an improper purpose, not warranted by existing law, or lacking in evidentiary support. FED. R. CIV. R. 11(b); Thompson v. Steinberg, No. 21-2444-CV, 2023 WL 353359, at *3 (2d Cir. Jan. 23, 2023) (summary order).[5] However, the imposition of Rule 11 sanctions rests in the sound and cautious discretion of the Court. Murawski, 514 F. Supp. 2d at 590 (citing Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004)); see also Knipe v. Skinner, 19 F.3d 72, 78 (2d Cir. 1994); Newman and Cahn, LLP. v. Sharp, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) ("Courts impose Rule 11 sanctions with discretion and caution.") (citations omitted). Where "a party seeks sanctions for an allegedly false or misleading statement, 'sanctions may not be imposed unless a particular allegation is utterly lacking in support.'" Ayazi v. New York City Bd. of Educ., No. 98-CV-7461 (MKB), 2013 WL 12366390, at *6 (E.D.N.Y. Feb. 4, 2013) (quoting Storey v. Cello Holdings, LLC, 347 F.3d 370, 388 (2d Cir. 2003)).

## DISCUSSION

Plaintiff seeks Rule 11 sanctions against AAG Michael Berg for his allegedly "false and misleading" letter to the Court on January 29, 2025. ECF No. 77. However, the record before the Court does not reflect that AAG Berg made any misrepresentation to the Court. On December 19, 2024, the Court granted plaintiff's request to order the Office of the Attorney

---

amend and warned plaintiff that no further extension would be granted. No amended complaint was filed by the December 5, 2024 deadline. See Order dated December 4, 2024; see also ECF Nos. 30–36; 38. The Court then reinstated the briefing schedule for defendants' motions to dismiss. The motions were fully briefed on January 31, 2025. ECF Nos. 23, 41, 56, 68, 71.

[5] The Clerk of Court is respectfully directed to send plaintiff the attached copies of the unreported cases cited herein.

General ("OAG"), pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), "to provide the full names and current service addresses for the John Doe defendants[6] who transported plaintiff to the [102nd] precinct by February 2, 2025." ECF Order dated December 19, 2024. On January 29, 2025, AAG Berg stated that based on the OAG's communications with the New York State Office of Court Administration, Counsel's Office, and the Special Response Team ("SRT"), "it is our understanding that no SRT court officers transported Plaintiff from the courthouse to the 102nd Precinct police station on November 15, 2022." ECF No. 69. Nevertheless, AAG Berg provided names and service addresses for eight SRT Court Officers who responded to the incident involving plaintiff at Queens Civil Court (but did not transport plaintiff to the precinct). Id.

As AAG Berg then reported on February 14, 2025, plaintiff "repeatedly questioned the accuracy" of AAG Berg's letter through "emails to the OAG, letters to the Court (ECF Nos. 70, 72, 73), and [the instant] motion for Rule 11 sanctions." ECF No. 75. In response, Berg "had further communications with OCA counsel and [defendant] officers Coy, and Zebro" to confirm that his response to the Court's Valentin Order was accurate. Id. Berg provided the names of two Court Officers[7] who were in the vehicle that transported plaintiff to the 102nd Precinct. Id.

Plaintiff argues that Mr. Berg's letter contradicts plaintiff's evidence, including audio recorded while plaintiff was transported to the 102nd Precinct. Mot. 2, ECF No. 77. Plaintiff claims that his audio recording contains a statement from defendant Officer Zebro at the 102nd Precinct that "we still have SRT with us." ECF No. 86 ¶7. Plaintiff argues that this "unmistakably confirms that multiple members of the [SRT] were present during my transport."

---

[6] Plaintiff's complaint names "New York SRT Court Officers John Does 1-10" as defendants, who plaintiff alleges transported him from the Queens County Civil Court to the police station on November 15, 2022. Compl., ECF No. 1 ¶¶ 37. "SRT" stands for Special Response Team.
[7] Berg explained that he did not include these Court Officers in his initial Valentin response because they were not members of the SRT team, and thus were not named as John Doe defendants.

Id. ¶8. However, Zebro's statement – contained within an audio recording of over 14 hours – establishes neither that SRT Court Officers transported him to the 102nd Precinct nor that AAG Berg's Valentin response was inaccurate.

The evidence submitted by plaintiff does not demonstrate that AAG Berg's statements were "utterly lacking in support." Kiobel v. Millson, 592 F.3d 78, 81 (2d Cir. 2010); see Ayazi v. New York City Bd. of Educ., No. 98-CV-7461 (MKB), 2013 WL 12366390, at *6 (E.D.N.Y. Feb. 4, 2013) (denying motions for sanctions for allegations of misrepresentations to the Court, where the moving party failed to identify any statement that suggested bad faith or misrepresentation); see also Marquess v. CardFlex, Inc., No. 19-CV-04790(ERK)(LGD), 2023 WL 3868768, at *10 (E.D.N.Y. Feb. 8, 2023), report and recommendation adopted, No. 2:19-CV-04790(ERK)(LGD), 2023 WL 3597601 (E.D.N.Y. May 23, 2023) (finding that a Rule 11 motion should have been brought in a "more good faith and courteous manner").

Moreover, AAG Berg has identified eight SRT Court Officers who responded to plaintiff's incident and two other Court Officers who transported him to the 102nd Precinct. AAG Berg identified these individuals based on multiple communications with the New York State Office of Court Administration, Counsel's Office, the Special Response Team, and defendant Officers Zebro and Coy. ECF Nos. 69, 75. This more than satisfies AAG Berg's obligations under the Court's Valentin Order. Under Valentin, the Court "may pursue any course that it deems appropriate to a further inquiry into the identity" of an unidentified defendant. Valentin, 121 F.3d at 76. Here, AAG Berg has made reasonable attempts to identify the John Doe defendants.

## CONCLUSION

Plaintiff's second motion for sanctions and plaintiff's motion for an evidentiary hearing are denied. Plaintiff's motion for sanctions itself "abuse[s] the judicial process." Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986); see Defs.' Mem. of Law, ECF No. 84 at 18–19 (describing plaintiff's history of moving for sanctions against opposing counsel). "Rule 11 is not a toy," and a Rule 11 motion that is "not well grounded in fact or law, or is filed for an improper purpose" may in itself lead to sanctions. Safe-Strap Co. v. Koala Corp., 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003) (citations omitted). Plaintiff is explicitly warned against filing any further sanction motion in this litigation.[8] If he does, he instead may be subject to sanctions, including dismissal of his case. The Court may also restrict his ability to file in any future case. See Safir, 792 F.2d at 24 (permitting courts to restrict "future access to the courts" for a "litigant who has a history of vexatious litigation [and] is likely to continue to abuse the judicial process and harass other parties"); Safe-Strap Co., 270 F. Supp. 2d at 417-18 ("[A] court has the discretion to dismiss an action with prejudice as a sanction pursuant to Rule 11 . . . ."). Plaintiff should focus on the merits of his case, including if he wishes to do so, seeking leave to amend his complaint to name the additional officers who AAG Berg identified as defendants. The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff.

SO ORDERED.

Dated: May 15, 2025  
      Brooklyn, New York

/S/  
LOIS BLOOM  
United States Magistrate Judge

---

[8] Plaintiff states that he intends to file a third motion for sanctions relating to defendants' motion to dismiss, which argues that defendants had probable cause to arrest plaintiff. ECF No. 87. Plaintiff appears to question whether AAG Berg adequately investigated defendants' probable cause assertion. Id. This is not a proper basis for a motion for sanctions. See ED Cap., LLC v. Bloomfield Inv. Res. Corp., 316 F.R.D. 77, 81 (S.D.N.Y. 2016) (denying motion for sanctions relating to allegedly "frivolous argument").