Etan Leibovitz
83-19 141st #207
Briarwood, NY 11435

*Rec 5/29/25 rg

May 28th, 2025

Honorable Judge Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Objection to Judge Bloom's May 15th, 2025 Decision Pursuant to Federal Rule of Civil Procedure 72 Case No. 2024-civ 4779 (AMD) (LB)**

Dear Judge Donnelly,

    I respectfully submit this objection pursuant to Federal Rule of Civil Procedure 72, opposing Magistrate Judge Lois Bloom's Order dated May 15th, 2025, which denied both my second motion for sanctions and my motion for an evidentiary hearing (ECF No. 88). The denial of these motions underscores the extent to which material misrepresentations made by New York Assistant Attorney General Michael Berg ("AAG Michael Berg") have misled this Court. In light of these developments, I respectfully assert that sanctions are both appropriate and necessary to remedy the prejudice caused and to deter further misconduct. This Court is aware, that on February 24th, 2025, I filed my second motion for sanctions pursuant to the safe harbor rule. This motion incorporates my memorandum of law, my declaration pertaining to this motion, and two exhibits: Defendant Michael Zebro's Complaint Information and his Online Booking System Arrest Worksheet. Both exhibits bear the name and signature of Sgt. Rojas (Tax Registry No. 943926, Command: 102nd Precinct in Queens) and are referenced as Exhibits A and B. Additionally, my second motion for sanctions incorporates **direct evidence**, the audio file from November 15th, 2022 (ECF #56-6, **only** timestamp: 2:15:03 – 3:38:29), and Etan Leibovitz's sworn Declaration

(ECF #54, Averments #83, #125-#151), which affirms the transport and involvement of the identified defendants. On February 10th, 2025, Michael Berg emailed me stating in part,

> "The Motion disputes the accuracy of my statement that based on information obtained from the New York State Office of Court Administration, Counsel's Office, and the Special Response Team, "it is our understanding that **no SRT court officers** transported Plaintiff from the courthouse to the 102nd Precinct police station on November 15, 2022." See, e.g., Motion, at PDF p. 14. The Motion states that the foregoing statement "is false and directly contradicted by objective evidence," i.e., the two documents attached to the Motion as Exhibits A and B, 28 paragraphs of your declaration opposing State Defendants' motion to dismiss, and an approximately 1-hour-23-minute segment of your audio recording of the day's events. I have reviewed the cited documents and audio, and I did not see or hear any evidence that one or more SRT court officers transported you from the courthouse to the precinct on the date of the incident. Please identify the specific portions of the cited documents and audio file that support your factual assertion that you were transported to the precinct by SRT officers, and that you contend contradict my letter to the Court on that topic. Your response will help us determine how to respond to your service of the Motion."

Why would my response be necessary for Michael Berg to determine how to respond to my second motion? If Michael Berg's assertions were accurate, "it is our understanding that **no SRT court officers transported Plaintiff from the courthouse to the 102nd Precinct police station on November 15, 2022**." he could simply submit declarations from each individual he consulted, including his clients, Defendants Michael Zebro and Kenneth Coy or **provide direct evidence like body camera footage**. Instead, in his February 26th, 2025 letter, Michael Berg has doubled down on his falsehoods to the Court, once again relying on the deliberately ambiguous phrase "who are believed."[1] This phrasing is a calculated hedge, allowing him to misrepresent facts while avoiding direct accountability.

Attached to this letter is Exhibit A, which contains my declaration. For the foregoing reasons, I respectfully request that this Court:

a. Reverse the portion of Magistrate Judge Bloom's May 15th, 2025 Order (ECF No. 88) that denied my second motion for sanctions, and **grant** the motion in its entirety;

---

[1] Nevertheless, the February 14 Letter identified two non-party court officers who are believed to have been in the vehicle that transported Plaintiff from the Queens Civil Court to the police station - Court Officers Sean O'Malley and Charles Beck.

b. **Grant** Plaintiff Etan Lebovitz's request for an evidentiary hearing to address the material deficiencies and misrepresentations made by the State Defendants in their responses to the Court's Valentin Order;
c. **Refer** this matter to the United States Department of Justice for criminal investigation and prosecution of AAG Michael Berg for perjury, in connection with knowingly false statements made to the Court.

Thank you for your time and attention to this matter.

Sincerely,

___/S/___
Etan Leibovitz

CC:
President Donald J. Trump
The White House
1600 Pennsylvania Avenue NW
Washington, D.C. 20500

United States Attorney General
Pam Bondi
950 Pennsylvania Avenue NW
Washington, D.C. 20530

FBI Director Kash Patel
Federal Bureau of Investigation Headquarters
935 Pennsylvania Avenue NW
Washington, DC 20535

FBI Special Agent
William Inzerillo
Email: winzerillo@fbi.gov